JILL WILLIAMS (SBN 221793)
JOHN J. STUMREITER (SBN 58415)
CARPENTER, ROTHANS & DUMONT
500 South Grand Avenue, 19th Floor
Los Angeles, California 90071
Tel.: (213) 228-0400
Fax: (213) 228-0401
Email:   jwilliams@crdlaw.com
          jstumreiter@crdlaw.com

Attorneys for Defendant/Respondent
COUNTY OF LOS ANGELES

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIA MILDENBERGER, in her individual capacity and in her capacity as CEO of SOUTHERN CALIFORNIA CAT ADOPTION TAILS; a California nonprofit corporation, | Case No. _____ |
| Plaintiff/Petitioner, | **EXHIBITS TO NOTICE OF REMOVAL VOLUME 1 OF 2 VOLUMES** |
| vs. | |
| COUNTY OF LOS ANGELES; and DOES 1 through 50, inclusive | |
| Defendants/Respondents. | |

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

Attached hereto are the following exhibits, comprised of documents filed with the state court or emanating from it:

| Exh. | Description | Filed | Vol. | Page |
|------|-------------|-------|------|------|
| A | Petition | 12/01/2022 | 1 | 3 |
| B | Civil Case Cover Sheet | 12/01/2022 | 1 | 79 |
| C | Civil Case Cover Sheet Addendum | 12/01/2022 | 1 | 82 |
| D | Summons | Served 12/06/2022 | 1 | 88 |
| E | Request for Judicial Notice | 12/01/2022 | 1 | 90 |
| F | Notice of Case Assignment | 12/01/2022 | 1 | 104 |
| G | Notice of Trial Setting Conference | 12/01/2022 | 1 | 107 |
| H | Ex Parte Application for TRO | 12/07/2022 | 1 | 109 |
| I | Proof of Personal Service | 12/07/2022 | 2 | 143 |
| J | Memorandum of Points and Auth. | 12/07/2022 | 2 | 146 |
| K | Minute Order | 12/07/2022 | 2 | 186 |
| L | Amended Petition | 12/08/2022 | 2 | 188 |
| M | Proof of Service by Mail | 12/08/2022 | 2 | 261 |

DATED:  January 5, 2023          CARPENTER, ROTHANS & DUMONT, LLP

/s/  John J. Stumreiter

By:_____
Jill Williams
John J. Stumreiter
Attorneys for Defendant/Respondent
COUNTY OF LOS ANGELES

# Exhibit A

Electronically FILED by Superior Court of California, County of Los Angeles on 12/01/2022 02:58 PM Sherri R. Carter, Executive Officer/Clerk of Court, by R. Perez, Deputy Clerk
22STCP04242

MARLA TAUSCHER, SBN 259630
225 S. Lake Ave., Ste. 300
Pasadena, California 91101
Phone: (626) 345-5777
Fax: (760) 444-2742
e-mail: marla@attymat.com

Attorney for Petitioner/Plaintiff
JULIA MILDENBERGER

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**
**COUNTY OF LOS ANGELES**
**STANLEY MOSK COURTHOUSE**

| | |
|---|---|
| JULIA MILDENBERGER, in her individual capacity and in her capacity as CEO of SOUTHERN CALIFORNIA CAT ADOPTION TAILS; a California nonprofit corporation, <br><br> Petitioner/Plaintiff <br><br> vs. <br><br> COUNTY OF LOS ANGELES; and DOES 1 through 50, inclusive, <br><br> Respondents/Defendants | Case No.:  22STCP04242 <br><br> 1. VERIFIED PETITION FOR WRIT OF MANDATE; <br> 2. VIOLATION OF CALIFORNIA CONSTITUTION, ART 1, §§7 & 13; <br> 3. COMPLAINT FOR DAMAGES PURSUANT TO 42 U.S.C. §1983; <br> 4. REQUEST FOR INJUNCTIVE RELIEF PURSUANT TO CCP §526 <br><br> [Request for Judicial Notice; Declaration of Marla Tauscher; Declaration of Julia Mildenberger; and *Ex Parte* Application for Temporary Restraining Order filed concurrently] <br><br> Dept.: <br> Judge: <br> Hearing Date: <br> Hearing Time: |

Petitioner/Plaintiff Julia Mildenberger (hereinafter "Petitioner/Plaintiff"), by and through her undersigned counsel, brings this action for a writ of mandate pursuant to *California Code of Civil Procedure section 1085, et. seq.,* Violation of California Constitution, Art. 1, sections 7 and 13, Complaint for damages pursuant to *42 U.S.C. §1983*, and for injunctive relief pursuant to *California Code of Civil Procedure section 526,* alleging as follows against Respondents/Defendants County of Los Angeles and DOES 1 through 50, inclusive:

## I.  JURISDICTION AND VENUE

1.    The Court has jurisdiction over this action pursuant to *California Code of Civil Procedure §1085; 42 U.S.C. §1983*; and California Constitution Article 6 §10.

2.    This Court further has jurisdiction over Defendant because the County of Los Angeles is liable for public employees and private contractors pursuant to *California Government Code §815.2 and 815.4.*

3.    Venue is proper in this Court pursuant to California Code of Civil Procedure Sections 393 and 394 because Defendants are located in and/or conducting business in the County of Los Angeles, California.

## II.  PARTIES

4.    Petitioner/Plaintiff is, and at all times mentioned herein, residing in Littlerock, Los Angeles County in the State of California.

5.    Petitioner/Plaintiff is the founder and CEO of a California nonprofit animal rescue organization with tax exempt status under §501(c)(3) of the Internal Revenue Code.

6.    Defendant County of Los Angeles is a political subdivision of the State of California duly organized and existing under the laws of the State of California.  Defendant is liable for the conduct of its personnel, including the Los Angeles County Department of Animal Control (hereinafter "LADAC").

7.    Defendants DOES 1 to 50, inclusive, are sued herein under fictitious names. Their true names and capacities are not currently known to Petitioner/Plaintiff.  When their true names and capacities are ascertained, Petitioner/Plaintiff will amend this complaint by inserting their true names and capacities.

8.      Petitioner/Plaintiff is informed and believes and herein alleges that each of the fictitiously named defendants is responsible for the harm set forth herein and that Petitioner/Plaintiff's damages as herein alleged were caused by those defendants.

9.      Petitioner/Plaintiff is informed and believes, and based thereon alleges, that at all times relevant hereto, each of the Respondents was the agent, servant, representative, joint venturer or employee of each of the remaining Respondents and in doing the things hereinafter alleged, each Respondent was acting within the course and scope of said agency, servitude, representation, joint venture, or employment, with the advance knowledge, permission, consent, acquiescence, authorization, direction or subsequent ratification of each and every remaining Respondent.

**III.     PETITIONER/PLAINTIFF HAS A BENEFICIAL INTEREST IN THE ANIMALS THAT ARE THE SUBJECT OF THIS LITIGATION**

10.     Petitioner/Plaintiff has a beneficial interest in the animals that were seized from her property on October 26, 2022 as the CEO of a rescue organization that maintains the animals.

**IV.     STATEMENT OF THE CASE**

10.     Petitioner/Plaintiff runs a non-profit animal rescue called Southern California Cat Adoption Tails (hereinafter "SCCAT") from her property in Littlerock, California.

11.     Petitioner/Plaintiff has saved the lives of thousands of cats, kittens, and dogs since the rescue's inception in 2006.

12.     Petitioner/Plaintiff has held animal facility licenses (hereinafter "kennel permits") for both cats and dogs issued by LADAC since 2011 when she moved to Littlerock, California.  Attached hereto as Exhibit 1 are true and correct copies of the kennel permits issued by LADAC in September 2021 valid through September 2, 2022.

13.     Petitioner/Plaintiff has several volunteers who help her to feed the animals, clean the facilities, and provide care and comfort for the rescue animals on a daily basis.

14.     Per the terms of the kennel permits, Petitioner/Plaintiff is allowed to house 115 cats and 30 dogs on her property.

15.     Petitioner/Plaintiff's property is inspected by LADAC every year as a condition of renewal of the kennel permit.

16.     Every year, Petitioner/Plaintiff has received a grade of "A" based on inspections by LADAC personnel.  Attached hereto as Exhibit 2 are true and correct copies of the inspection reports, from 2016-2022, indicating Petitioner/Plaintiff's "A" rating from LADAC personnel. The inspection reports from previous years are missing and were likely taken by LADAC in their "box of Misc. documents".

17.     Since the beginning of the COVID-19 pandemic, in approximately March 2020, LADAC (and many other Southern California animal control agencies, including Los Angeles Animal Services – City animal control) have refused to take in cats or kittens despite the fact that taking in abandoned and stray animals is quite literally *their job*.

18.     Since early 2020, LADAC personnel have routinely been telling animal rescue organizations and individuals to just dump stray and abandoned animals where they found them, on the streets, in fields, or somewhere else.

19.     As a result of LADAC's unofficial policy of refusing to take in animals, Petitioner/Plaintiff has had litters of kittens and puppies dumped just outside the gate of her facility for over two years.

20.     In just the six weeks leading up to the raid on her property alone, 5 or 6 litters of kittens (about 30 kittens in total) were dumped outside Petitioner/Plaintiff's property.

21.     Similarly, a litter of 8 puppies was abandoned just outside Petitioner/Plaintiff's gate a week before the raid on October 26, 2022.  Was Petitioner/Plaintiff supposed to turn her back on those kittens and puppies and abandon them to fend for themselves in the high desert?

22.     In mid-August 2022, Petitioner/Plaintiff submitted the required paperwork and payment for the renewal of her kennel permit which was set to expire on September 2, 2022 and has been waiting for LADAC to conduct its annual inspection.

23.     To that end, on October 18, 2022, Petitioner/Plaintiff's counsel contacted LADAC personnel in charge of licensing, Lisa Eldridge (hereinafter "Eldridge") to inquire about the status of the inspection.

24.     Eldridge responded to counsel that day by falsely stating, "…our business license inspectors are backlogged and *we don't anticipate being out for several weeks*." Attached hereto as Exhibit 3 is a true and correct copy of the October 18, 2022 email exchange between Eldridge and Petitioner/Plaintiff's counsel.

25.     At the time she responded, Eldridge had no intention of conducting an inspection and was already well into the planning of her raid on Petitioner/Plaintiff's property a week later.

26.     Instead of conducting an inspection, Eldridge showed up at Petitioner/Plaintiff's property early on the morning of October 26, 2022 with approximately 12 LADAC personnel and an additional 12 Los Angeles County Sheriff Department deputies (hereinafter "LASD").

27.     Petitioner/Plaintiff had taken several cats to the LADAC Palmdale facility early on the morning of October 26, 2022 to have them spayed and neutered.

28.     When she arrived home, after entering the property, Petitioner/Plaintiff went to close the gates to the property and was accosted by a dozen LASD personnel in full riot gear with guns drawn – for a raid on a cat rescue!

29.     LADAC personnel who take part in such raids are, at least theoretically, qualified to serve search warrants and make arrests without law enforcement personnel if they have taken the required courses under *California Penal Code §832* (hereinafter "PC"), but they routinely bring in police for theater.

30.     There are no allegations in the search warrant of potential violence, dangerous suspects, weapons, drugs, or anything that would necessitate an armed response by police in full riot gear.

31.     LASD deputies' role during the raid appears to have been to intimidate Petitioner/Plaintiff and to provide dramatic effect.

32.     LASD deputies ordered Petitioner/Plaintiff to exit the property, held her hands behind her back, and locked her in the back seat of a Sheriff car for more than an hour and a half, while refusing to tell Petitioner/Plaintiff why they were there.

33.     Petitioner/Plaintiff's granddaughter, Angel, was similarly locked in a different LASD vehicle, for nearly two hours.

34. During the raid, another of the volunteers who helps care for the rescue animals overheard some LASD deputies quite happily discussing the fact that they were being paid time and a half to participate in the LADAC raid, despite the fact that they were primarily present for intimidation not function.

35. LASD deputies stood around, watching, while LADAC personnel ransacked the animal kennel areas, outbuildings, and Petitioner/Plaintiff's residence, removing animals and whatever else they decided to take.

36. Only when Petitioner/Plaintiff was released from the sheriff car, was she told that the reason they were there was to seize all of the animals on the property.

37. Petitioner/Plaintiff was not informed of the existence of a search warrant until LADAC and LASD personnel were leaving her property, at approximately 4:00 p.m., when someone handed Petitioner/Plaintiff a copy of the search warrant – without the statement/affidavit of probable cause – as they were exiting her property. Attached hereto as Exhibit 4 is a true and correct copy of the search warrant as it was provided to Petitioner/Plaintiff *after* LADAC had removed the animals from her property.

38. According to a list of items scrawled on a piece of paper and appended to the end of the search warrant, LADAC seized *approximately* 199 live cats, *approximately* 35 dogs, 2 tortoises, 1 chinchilla, and *approximately* 7 animal carcasses that had been placed in a freezer pending proper disposal. The list also included 1 box of miscellaneous paperwork. In other words, LADAC does not know what it seized.

39. Had anyone bothered to ask Petitioner/Plaintiff about the deceased animals in the freezer, they would have learned that one animal was going to be taken to a lab for a necropsy, two of them were going to be taken for cremation, one was a stillborn puppy, one was a feral kitten that died shortly after birth and the other was a very old hamster that was being cared for by Petitioner/Plaintiff for a friend who has terminal cancer.

40. But, no one asked Petitioner/Plaintiff about those animals because the truth does not support LADAC's narrative or the raid on Petitioner/Plaintiff's property.

41.     Among the animals seized were 3 kittens who are very sick and were under veterinary care at a cost of over $2,000 for each kitten to date.

42.     Those kittens require medication that is very expensive and is very difficult to source.

43.     Furthermore, those kittens had already been adopted by third parties and must be given to their new owners without delay.

44.     Since seizing Petitioner/Plaintiff's animals, LADAC has ignored all of the statutory requirements that govern such endeavors, namely several provisions of *California Penal Code (hereinafter "PC") §597.1*, which governs the seizure of animals in cases of suspected neglect/abuse.

45.     *PC §597.1* is a complex statute, with 13 subsections, many of which are intended to safeguard animal owners' Constitutional right to due process.

46.     Petitioner/Plaintiff was not arrested and no charges have been filed against her.

47.     According to a press release issued by LADAC on Monday, October 31, 2022, LADAC has admitted that it had no justification to seek a search warrant, especially where the affiant claimed that there is evidence that "tends to show that a felony has been committed". Attached hereto as Exhibit 5 is a true and correct copy of the press release issued and sent by email to hundreds, if not thousands, of people, including media.

48.     If LADAC personnel had even a basic understanding of the laws they are paid to enforce, they would know that the allegations in their press release, if proven, are misdemeanors – not felonies or do not constitute crimes at all.

49.     For example, in the press release, LADAC alleged "failure to provide proper medical care for animals." That is an allegation of animal neglect which, if proven, would be a violation of *PC §597.1*, which is a ***misdemeanor***, by statute.

50.     LADAC further claims that they found evidence of the practice of veterinary medicine without a license.

51.     However, there is no law that prohibits a person from treating their own animals. *California Business and Professions Code §4827* provides, in relevant part:

1    "(a) Nothing in this chapter prohibits any person from:

2        (1) Practicing veterinary medicine as a bona fide owner of one's animals.

3        This exemption applies to the following:

4            A. The owner's bona fide employees;

5            B. Any person assisting the owner; provided that the practice is performed

6            gratuitously." *See* Petitioner/Plaintiff's Request for Judicial Notice.

7    52.    In short, *treating one's own animals is not a crime.*

8    53.    LADAC personnel should at least be aware of the laws they are paid to enforce,

9    but clearly, they are not.

10    54.    If LADAC personnel did know the applicable laws, they would also know that

11    they could not possibly have had a good faith belief that Petitioner/Plaintiff had engaged in

12    behavior that could be charged as a felony.

13    **V.    DUE PROCESS AND CALIFORNIA LAW REQUIRE A HEARING**

14    *PRIOR TO THE SEIZURE* **OF PROPERTY (INCLUDING ANIMALS) BY THE**

15    **GOVERNMENT**

16    55.    Where a person's property is taken by the government, the due process clause of

17    the Fourteenth Amendment requires some form of notice and a hearing. *Beaudreau v. Superior*

18    *Court (1975) 14 Cal.3d 448, 458*; *Mathews v. Eldridge (1976) 424 U.S. 319.*

19    56.    "Absent extraordinary circumstances justifying resort to summary procedures, the

20    hearing must take place *before* the property is taken." As explained in *Fuentes v. Shevin (1972)*

21    *407 U.S. 67, 81-82.* "If the right to notice and a hearing is to serve its full purpose, then, it is

22    clear that it must be granted at a time when the deprivation can still be prevented." In other

23    words, before the deprivation of property.

24    57.    Indeed, *California Penal Code §597.1, the only statute that provides for the*

25    *seizure of the animals in this case*, sets forth specific procedures for hearings related to the

26    seizure of animals in cases of suspected neglect.

27    58.    PC §597.1 contains pre- and post-seizure hearing provisions in subsections (f)

28    and (g) that were added to PC §597.1 in 1990 by AB35, which recognized the need for *due*

---

*process* with respect to the seizure of animals.  Attached hereto as Exhibit 6 is a true and correct copy of the relevant portion of the Legislative History of AB35.  *See also* Petitioner/Plaintiff's Request for Judicial Notice.

59.     Subsection (g) requires a ***pre-seizure hearing*** where there is no need for an immediate seizure of animals.

60.     LADAC made no attempt whatsoever to comply with the pre-seizure hearing requirements of *PC §597.1*, because they were intent on seizing animals regardless of the facts.

61.     *PC §597.1(f)* permits the seizure of animals prior to a hearing only where there is a "reasonable belief that prompt action is required to protect the health or safety of the animal or the health or safety of others."

62.     There are no facts cited in the search warrant that could have led to a reasonable belief that an immediate seizure of the animals was necessary or justified.

63.     Interestingly, there are no facts alleged in the subsequent press release issued by LADAC that would constitute exigent circumstances.

64.     *PC §597.1(f)* sets forth the **requirements** and procedures for a "***post-seizure hearing to determine the validity of the seizure or the impoundment or both***", all of which have been ignored by LADAC.  *See* Petitioner/Plaintiff's Request for Judicial Notice.

65.     The seizing agency is **required** to post or personally serve the owner or custodian of the animals with notice that he/she is entitled to a hearing to challenge the validity of the seizure or impoundment.

66.     That notice is **required** to be personally served or posted at the property from which the animals were seized ***within 48 hours of the seizure,*** excluding weekends and holidays.  *PC §597.1(f)(1)*.

67.     In this case, LADAC was required to post notice of the seizure and Petitioner/Plaintiff's right to a post-seizure hearing by end of day Friday, October 28, 2022.

68.     As of this writing, 9 days after the seizure of the animals, LADAC has failed to post notice of a post-seizure hearing, in violation of State law and Petitioner/Plaintiff's Constitutional right to due process.

69.     LADAC has also failed to provide any information about the disposition of the animals and LADAC's fees for holding the animals, among other things, despite written requests from Petitioner/Plaintiff's counsel.

**VI.     THERE WERE NO EXIGENT CIRCUMSTANCES CITED THAT WOULD JUSTIFY SEIZURE OF ANIMALS WITHOUT A *PRE-SEIZURE HEARING***

70.     There is very little published, citable case law related to *PC §597.1*. However, there is one case that sets the standard for seizure of animals without a *pre-seizure hearing*.

71.     The language of *PC §597.1* that authorizes animal control to immediately seize animals, without a pre-seizure hearing, "is the ***equivalent of the exigent circumstances*** exception familiar to search and seizure law." *Broden v. Marin Humane Society* (1999) 70 Cal. App. 4th 1212, 1220-1221.

72.     In *Broden*, the owner of an exotic pet shop had abandoned the store and left the animals inside. After getting a report of a very strong odor emanating from the pet store, an employee of Marin Humane Society (hereinafter "MHS") went to the store.

73.     From outside the store, the MHS employee smelled the stench of rotting animal carcasses.

74.     The doors were locked and the blinds were closed, but she could see a lot of flies inside the store and flies trying to get into the store.

75.     She tried multiple times to contact the store owner, Steve Broden, on three different phone numbers, but got no answer.

76.     The court reasoned that MHS's entry and seizure of animals, without a pre-seizure hearing, was warranted based on the overwhelming smell of decaying dead animals.

77.     The facts of this case are nothing like those in *Broden*. In fact, Petitioner/Plaintiff has received an "A" grade every year from LADAC's own inspectors.

78.     LADAC did not cite any facts or evidence in the search warrant that constitute *exigent circumstances* such that convening a pre-seizure hearing  would have caused harm to any of the animals.

79.     Even after the raid, LADAC has not cited any facts or evidence, in their press release, that would rise to the level of *exigent circumstances*.

80.     Had LADAC personnel been sufficiently familiar with applicable laws, they would have known that the proper procedure, **in the absence of exigent circumstances** is that which is outlined in *PC §597.1(g):*

> "Where the ***need for immediate seizure is not present*** and before the commencement of any criminal proceedings authorized by this section, the agency shall provide the owner or keeper of the animal, if known or ascertainable after reasonable investigation, with the ***opportunity for a hearing before any seizure or impoundment of the animal***. The owner shall produce the animal at the time of the hearing unless, before the hearing, the owner has made arrangements with the agency to view the animal upon request of the agency, or unless the owner can provide verification that the animal was humanely euthanized." [emphasis added].

81.     Pursuant to the pre-seizure notice and hearing requirements, if LADAC personnel had credible evidence of animal neglect, they were required to post notice at Petitioner/Plaintiff's property or personally serve her with notice that she was entitled to a hearing prior to the seizure of the animals at which Petitioner/Plaintiff could have brought in the animals in question and/or records or other evidence to show that the animals were not in fact neglected.

82.     A pre-seizure hearing would have been convened within 48 hours of the request for such a hearing.  *PC §597.1(g)(2).*

83.     As such, unless LADAC had evidence, ***before the seizure of the animals*** that there were animals in imminent danger of dying, and that would have been dead or seriously harmed if they had waited 48 hours and held a pre-seizure hearing, there were no exigent circumstances that would justify the seizure of animals without a pre-seizure hearing.

**VII.    A SEARCH WARRANT IS NOT A SUBSTITUTE FOR DUE PROCESS AND DOES NOT NEGATE THE PRE-SEIZURE OR POST-SEIZURE HEARING *REQUIREMENTS* UNDER *PC 597.1***

84.     There is a common misconception among animal control personnel and their attorneys that where animals are seized pursuant to a search warrant, they are not required to convene a pre-seizure hearing.

85.     There is nothing in *PC §597.1* that supports that contention.   That position appears to be a misinterpretation of the law or just plain wishful thinking.

86.     The purpose of a pre-seizure hearing is to provide the animal owner notice of the allegations and an opportunity to be heard ***prior to the deprivation of their property*** (animals) by a government entity.

87.     Seizing animals, without a pre-seizure hearing does not provide an opportunity to be heard, which is expressly provided for in *PC §597.1(g)*.

88.     A post-seizure hearing is the only opportunity for animal owners to challenge the validity of the seizure of their animals prior to the filing of criminal charges.

89.     Animal control agencies routinely wait months to file criminal charges, while arbitrarily assessing outrageous fees, and demanding payment of those fees as a condition of maintaining ownership of the seized animals.

90.     Allowing animal control agencies to do an end-run around justice by obtaining a search warrant, while ignoring statutory safeguards, frustrates the purpose of the due process clauses of the California and United States Constitutions.

**VIII.   LADAC HAS IGNORED ALL APPLICABLE LAW AND HAS FAILED TO PROVIDE FOR A POST-SEIZURE HEARING AS *REQUIRED* BY STATUTE**

91.     LADAC is completely ignoring applicable law in this case.   Even if LADAC personnel believed they were justified in seizing the animals without a pre-seizure hearing, there is still a ***requirement*** of a post-seizure hearing.   *PC §597.1(f)*.

92.     LADAC was required to either personally serve Petitioner/Plaintiff, or post at her property, ***within 48 hours of the seizure***, a notice of her right to a post-seizure hearing.   *PC §597.1(f)(1)*.

93.     Petitioner/Plaintiff would have 10 days from receipt of the notice to request a hearing, which is required to be convened within 48 hours of receiving the request for a hearing.

94. LADAC has done *none* of those things. As of this writing, 9 days after the seizure, LADAC has not served notice of a post-seizure hearing on Petitioner/Plaintiff or her counsel.

**IX.    LADAC HAS *FORFEITED* ITS ONLY OPPORTUNITY TO DEEM THE SEIZURE OF PETITIONER/PLAINTIFF'S ANIMALS VALID AND CANNOT IMPOSE FEES FOR THE SEIZURE OR IMPOUNDMENT OF THE ANIMALS**

95. The purpose of a post-seizure hearing is explicitly set forth in *PC§597.1(f)*, "to *determine the validity of the seizure* or impoundment, or both."

96. Because LADAC has failed to adhere to any of the requirements of the law governing the seizure of animals, it has forfeited jurisdiction and its only opportunity to deem its seizure of the animals valid and to charge fees for impoundment or storage of the animals.

97. Pursuant to *PC §597.1(f)(2)*, "Failure of the owner or keeper, or of their agent, to request or to attend a scheduled hearing shall result in a forfeiture of any right to a postseizure [sic] hearing or right to challenge their liability for costs incurred."

98. If an animal owner forfeits his or her right to a post-seizure hearing by failing to request a hearing, it stands to reason that an animal control agency's right to deem an animal seizure valid is forfeited when it fails to even mention a post-seizure hearing much less convene one.

99. Similarly, if an animal owner who fails to request a post-seizure hearing forfeits the right to contest the amount of fees imposed, an animal control agency must be prevented from imposing fees at all, where it has forfeited its one and only opportunity to deem the seizure valid by ignoring all applicable law.

100. "The agency, department, or society employing the person who directed the seizure shall be responsible for the costs incurred for caring and treating the animal, if it is determined in the postseizure [sic] hearing that the seizing officer did not have reasonable grounds to believe very prompt action, including seizure of the animal, was required to protect the health or safety of the animal or the health or safety of others."

101.    Where there was no post-seizure hearing at all, LADAC has no legal grounds for assessing fees against Petitioner/Plaintiff for the impoundment or storage of her animals.

## X.    REVENUE, NOT JUSTICE, COMPELS LADAC TO KEEP THE ANIMALS AS THEY CHARGE SUBSTANTIAL DAILY IMPOUND FEES FOR EACH ANIMAL

102.    The daily "boarding" rate that LADAC charges for impounded animals is unknown because they refuse to answer a direct question about their fees, despite the fact that such information should be readily available to them given that they have been seizing and impounding animals for decades.

103.    The daily "boarding" rates charged by animal control agencies in such cases vary, but are typically in the range of $30-50 per day per dog.

104.    Those rates are arbitrary and capricious and are completely unrelated to the actual cost of care of the animals.

105.    It is more likely than not that LADAC will similarly cite extortionate rates for "boarding".

106.    As a matter of basic fairness, *to avoid the incurrence of unnecessary expenses* animal owners and custodians are *entitled to a hearing before their animals are seized or*, if the circumstances justify a seizure without notice and a hearing, they are entitled to a prompt hearing after the animals are seized. *Carrera v. Bertaini* (1976) 63 Cal. App. 3rd 721, 729.

107.    The whole point of adding pre- and post-seizure hearing provisions to *PC §597.1* in 1990 was to provide an opportunity for due process, something for which LADAC has no regard.

108.    In fact, LADAC appears to be more interested in profiting from the continued impound of the dogs and bragging about it publicly than in complying with laws that prohibit them from doing just that. LADAC will charge daily rates over and above their actual costs.

109.    They will also likely tack on ridiculous, arbitrary, charges for veterinary exams and staff time despite the fact that LADAC employs its own veterinarians in-house and staff is present whether these animals are impounded or not.

110.    LADAC has a powerful profit motive for disregarding the provisions of *PC §597.1* that require them to respect the due process rights of animal owners and custodians.

111.    The longer LADAC holds the animals, the more money they will charge Petitioner/Plaintiff, ***without any opportunity to contest the amount they demand for impound and "boarding" fees.***

112.    Permitting LADAC to retain custody of animals for profit does not serve justice nor does it serve any legal purpose as the dogs are of zero evidentiary value.  It only serves to enrich the County of Los Angeles at the expense of Petitioner/Plaintiff.

113.    Allowing LADAC to retain custody of the animals they seized has additional deadly consequences for other animals.

114.    Because the seized animals are taking up space at LADAC facilities, other dogs and cats that are impounded, or were previously impounded, will be killed due to a lack of kennel space.

**XI.     THE AFFIANT COULD NOT HAVE HAD A *GOOD FAITH BELIEF* THAT ANY ALLEGATIONS IN THE SEARCH WARRANT CONSTITUTE A FELONY**

115.    There are no allegations of felonious conduct in the search warrant.

116.    In its October 31, 2022 press release, bragging about the raid, LADAC claims that Petitioner/Plaintiff's rescue organization failed to provide proper medical care of the animals and exceeded animal limitation requirements.

117.    The animal neglect issue has been discussed at length here and is, by statute, a *misdemeanor*, subject to proof at trial.

118.    As far as whether Petitioner/Plaintiff was "exceeding animal limits", that is related to the kennel permits that Petitioner/Plaintiff has for 115 cats and 30 dogs and is not even criminal, much less felonious.

119.    Issues related to alleged violations of licenses and permits are strictly administrative, not criminal.

120.    In fact, on March 23, 2022, a LADAC employee, Tony Apodaca (hereinafter "Apodaca") issued a *Notice to Comply* to Petitioner/Plaintiff, in which he ordered her to reduce

the number of cats on her property from 115 to 75 within a month, without any citation to law or any reason.

121. In keeping with LADAC employees' ignorance of the law and procedures, particularly those related to due process, Apodaca disregarded the entire *administrative* process for amending permits already issued by LADAC.

122. In response to that *Notice to Comply,* Petitioner/Plaintiff's counsel contacted Lisa Eldridge (hereinafter "Eldridge"), Apodaca's boss, to inform her that LADAC could not arbitrarily order Petitioner/Plaintiff to do reduce the number of cats, which is a modification of her kennel permit, without an administrative hearing.

123. A meeting was convened with Eldridge, a member of LADAC administration, Petitioner/Plaintiff, and her counsel, on April 26, 2022, during which Eldridge was forced to concede that LADAC could not modify Petitioner/Plaintiff's permit without a hearing and the order to reduce the number of cats was subsequently vacated. Attached hereto as Exhibit 7 is a true and correct copy of a May 3, 2022 email exchange between Eldridge and Petitioner/Plaintiff's counsel confirming that the order to reduce the number was vacated.

124. The raid on Petitioner/Plaintiff's property appears to be motivated, at least in part, by a personal grudge held by Eldridge because she could not get away with arbitrary and capricious orders for Petitioner/Plaintiff to reduce the number of cats at her facility.

125. Common sense dictates that a violation of a permit law would not constitute a felony.

126. Most jurisdictions have administrative procedures for matters related to permits.

127. Had anyone from LADAC bothered to spend five minutes on the internet, they could have easily found the applicable laws, but they would have found that they were not entitled to get a search warrant or to seize Petitioner/Plaintiff's animals under the circumstances.

**XII.   ANIMALS CANNOT TESTIFY AND ARE NOT EVIDENCE OR WITNESSES**

128.   "Evidence" is defined as testimony, writings, material objects, or other things presented to the senses that are offered to prove the existence or nonexistence of a fact." *California Evidence Code §140.*

129.   What possible value could these animals have as evidence?   The animals themselves are not evidence of anything other than the fact that they exist.

130.   If the allegation is that Petitioner/Plaintiff was not providing care for the animals, beyond examining the animals and recording information about the animals and documents that were seized, there is nothing the animals themselves can add to that evidence.

131.   If LADAC alleges that the animals were mistreated by Petitioner/Plaintiff, the animals should have immediately been examined by a licensed veterinarian.

132.   The results of a veterinary exam may constitute evidence, but the animals themselves are of no evidentiary value to LADAC, yet they are being treated like criminals.

133.   Dogs and cats cannot appear as witnesses in legal proceedings, and even if they could, our legal system does not allow for the pre-trial detention of potential witnesses, but that is effectively what LADAC is doing.

134.   The evidence needed to support claims of animal neglect could have been, and should have been, gathered immediately upon impound.

135.   Continued detention of the animals is cruel and inhumane and is not justified by applicable laws. It also has deadly consequences for other animals with the misfortune of ending up at any LADAC facility who will be killed to make space for the seized animals.  It is a lose-lose situation for all animals involved.

**XIII.   THE LAW DOES NOT CONTEMPLATE *PERMANENT* DEPRIVATION OF ANIMALS IN CASES OF ALLEGED NEGLECT NOR DOES IT APPLY TO ANIMALS LIVING ON AN OWNER'S PROPERTY**

136.   PC §597.1(a)(1) specifically references *"stray or abandoned animals"*.   The Legislature has clearly limited the seizure of animals in cases of alleged neglect to those animals that are found *without their owners*:

- Any peace officer, humane society officer, or animal control officer shall take possession of the *stray or abandoned animal* and shall provide care and treatment for the animal until the animal is deemed to be in suitable condition *to be returned to the owner*. PC §597.1(a)(1).

137.   PC §597.1 further contains multiple provisions that specifically provide for the return of seized animals when the animals are fit to be returned and when the owner demonstrates that he/she can provide the necessary care for her animals:

- Any peace officer, humane society officer, or animal control officer shall take possession of the stray or abandoned animal and shall provide care and treatment for the animal until the animal is deemed to be in suitable condition to be *returned to the owner*. PC §597.1(a)(1);

- The animal shall not be *returned to its owner* until the charges are paid and the owner demonstrates to the satisfaction of the seizing agency or the hearing officer that the owner can and will provide the necessary care for the animal.   *PC §597.1(f)(4)*.

- If the charges are not paid within 14 days of the seizure, or if the owner, within 14 days of *notice of availability of the animal to be returned*, fails to pay charges permitted under this section and take possession of the animal, the animal shall be deemed to have been abandoned and may be disposed of by the seizing agency PC §597.1(h);

- If the animal requires veterinary care and the humane society or public agency is not assured, within 14 days of the seizure of the animal, that the owner will provide the necessary care, the animals shall not be *returned to its owner*.   PC §597.1(i);

- No animal properly seized under this section or pursuant to a search warrant shall be ***returned to its owner*** until the owner can demonstrate to the satisfaction of the seizing agency or hearing officer that the owner can and will provide the necessary care for the animal. *PC §597.1(j)*.

138.   LADAC has not even provided notices or hearings as required by law, nor have they provided basic information about the disposition of the animals or the amount of money they intend to charge Petitioner/Plaintiff, much less any indication of when the animals will be available for return to Petitioner/Plaintiff.

139.   It is more likely than not that LADAC personnel are not even aware of the provisions of *PC §597.1* that clearly provide for the return of animals to their owners when they are deemed suitable for return.

140.   Despite the fact that the law clearly contemplates return of animals to their owners, many animal control agencies have adopted an unofficial, and unlawful, practice of extorting money from animal owners by demanding payment for "boarding" of animals every two weeks.

141.   If an owner does not pay whatever amount is demanded, biweekly, without any breakdown of fees, or any indication of what the payment is for, animal control agencies will deem the animals abandoned and either kill them or give them to third parties.

142.   There is ***nothing*** in the law that permits such a practice, but it is widespread, standard operating procedure, among animal control agencies.

143.   Animal owners are forced to pay arbitrary amounts of money for months to maintain their ownership rights in their animals, with no opportunity to contest the dollar amounts.

144.   Because animal control agencies have up to a year to file misdemeanor charges against an owner, they often wait months to file charges, if ever, providing themselves an opportunity to extort exorbitant amounts of money from owners who are desperate not to lose ownership of their animals.

145. If the due process clauses of the Constitutions of California and the United States, the seizure of these animals must be invalidated and the animals returned to Petitioner/Plaintiff immediately, without payment to LADAC.

146. Animals four months and younger are not counted for the purposes of animal limits. Approximately 60 of the cats seized were kittens, under the age of four months. At least 8 of the seized dogs were puppies that were younger than four months.

147. If the number of animals returned exceeds the number of animals permitted by Petitioner/Plaintiff's kennel permits, those animals will be housed with fosters or in boarding facilities until they can be adopted by third parties.

**XIV. THE SEARCH WARRANT OBTAINED BY LADAC IS ABSURDLY BROAD IN SCOPE**

148. Based on the language of the search warrant, it appears that the person who drafted it is entirely unfamiliar with criminal law, specifically the purpose and scope of warrants, and likely cut and pasted the contents of a search warrant from the internet or some other source. *See* Exhibit 4.

149. For example, the search warrant authorizes the seizure of documents and things related to the ownership and maintenance of Petitioner/Plaintiff's real property and her person, including mortgage statements, lease agreements, utility bills, mail, prescription medications, photographs, clothing, government issued IDs (Social Security card and driver's license).

150. The search warrant further authorizes the seizure of all computer hardware and electronic equipment, including motherboards, hard drives, laptop computers, digital storage devices, and computer software.

151. Also included in the search warrant is a demand for all computer passwords and other "data security devices designed to restrict access to or hide computer software, documentation, or data…"

152. Petitioner/Plaintiff operates a nonprofit animal rescue organization, not a Ponzi scheme! There is no justification whatsoever for LADAC to demand such personal and private documentation and other things.

153.    There are no allegations of financial misconduct, so there is no reason whatsoever for the inclusion of any financial information or any documentation related the ownership of the real property, computer information, or any of the other things related to money or property other than animals.

### FIRST CAUSE OF ACTION/CLAIM FOR RELIEF

#### Petition for Writ of Mandate

154.    Petitioner/Plaintiff repeats, realleges, and incorporates by reference all of the allegations in paragraphs 10 through 153 as if fully set forth herein.

155.    Respondents/Defendants have violated *PC §597.1* and California Constitution, Art. 1, sections 7 and 13, by failing to comply with any of the provisions of statutory law in the seizure of Petitioner/Plaintiff's animals.

156.    Unless Respondents/Defendants and their agents and assigns are prevented and enjoined from continued possession of Petitioner/Plaintiff's animals, she will continue to suffer irreparable harm.

157.    Petitioner/Plaintiff has no feasible administrative remedy and no plain, speedy and adequate remedy in the ordinary course of law for the redress of her injury, particularly where LADAC has not filed criminal charges (preventing a motion in criminal court for the return of property) and categorically refuses to provide any information regarding Petitioner/Plaintiff's animals or to hold *required hearings* in connection with the seizure of the animals.

158.    Animals are unlike other types of property, and cannot be warehoused in cold, isolated, concrete cells without any human or animal interaction, yet that is precisely what LADAC is doing to them.

159.    Petitioner/Plaintiff has devoted decades of her life rescuing and providing quality care for unwanted and abandoned animals.  Simply put, rescuing animals is her life's mission.

160.    Continued impound of Petitioner/Plaintiff is causing irreparable harm to Petitioner/Plaintiff as she has spent countless hours caring for them and finding homes for them.

161.    The injunctive relief sought in this Petition/Complaint is the sole remedy to redress Petitioner's ongoing injury.

### SECOND CAUSE OF ACTION/CLAIM FOR RELIEF

### Violation of California Constitution Art. 1, Sections 7 and 13

162.    Petitioner/Plaintiff repeats, realleges, and incorporates by reference all of the allegations in paragraphs 10 through 153 as if fully set forth herein.

163.    The California Constitution, in section 7 of Article 1, prohibits the deprivation of life, liberty, or property by State actors, without due process.

164.    The California Constitution, in section 13 of Article 1, prohibits unreasonable search and seizure of property without a search warrant.

165.    Respondent/Defendant County of Los Angeles, through LADAC, has deprived Plaintiff/Petitioner of her property conducting an unreasonable search and seizure of Plaintiff/Petitioner's property without even a pretense of due process, ignoring all laws that were specifically enacted to provide due process to animal owners in cases involving the seizure of animals by a government entity like LADAC.

### THIRD CAUSE OF ACTION/CLAIM FOR RELIEF

### Violation of 42 U.S.C. §1983

### (Fourteenth Amendment to the United States Constitution)

166.    Petitioner/Plaintiff repeats, realleges, and incorporates by reference all of the allegations in paragraphs 10 through 153 as if fully set forth herein.

167.    The Fourteenth Amendment to the United States Constitution guarantees the right of any person not to be deprived of life, liberty, or property by the State without due process of law.

168.    LADAC and LASD personnel were acting under color of State law when they seized Petitioner/Plaintiff's animals.

169.    Despite the fact that LADAC obtained a search warrant, by disregarding applicable law, failing to convene either a pre-seizure or post-seizure hearing, they have violated

1  Petitioner/Plaintiff's right to due process and continue to do so by retaining possession of her
2  animals.

**FOURTH CAUSE OF ACTION/CLAIM FOR RELIEF**

**Claim for Injunctive Relief Pursuant to Cal. Code of Civ. Proc. §526**

5      170.    Petitioner/Plaintiff repeats, realleges, and incorporates by reference all of the
6  allegations in paragraphs 10 through 153 as if fully set forth herein.

7      171.    Respondent/Defendant County of Los Angeles has a clear and present ministerial
8  duty to comply with *all of the provision of PC §597.1.*

9      172.    Petitioner/Plaintiff has no feasible administrative remedy and no plain, speedy
10 and adequate remedy in the ordinary course of law.  The injunctive relief sought in this Petition
11 for Writ of Mandate and Complaint for damages pursuant to *42 U.S.C. §1983* and accompanying
12 *ex parte* application for a temporary restraining order is the only relief available to
13 Petitioner/Plaintiff.

14     173.    Petitioner will suffer irreparable harm if the requested relief is not granted, as she
15 will be permanently deprived of possession and ownership of her animals, as LADAC will kill
16 them and/or transfer them to third parties.

17     174.    LADAC must not be permitted to seize animals, disregard applicable laws, refuse
18 to convene any hearings to contest the seizure, and charge money for the storage of the seized
19 animals.

21 WHEREFORE, Petitioner/Plaintiff requests:

22     1.  Issuance of an order to immediately release all of the seized animals to
23        Petitioner/Plaintiff and/or her designated agents; or

24     2.  Issuance of an order prohibiting LADAC (or its agents) from making any disposition
25        of the seized animals adverse to the interests of Petitioner/Plaintiff pending the
26        resolution of this matter in its entirety; and

3. Issuance of an order prohibiting LADAC from demanding any payment as a condition or prerequisite for retaining ownership of the seized animals pending the resolution of this matter in its entirety; and

4. Actual damages, statutory damages, punitive damages, and such other relief as provided by applicable statutes; and

5. The costs of bringing this suit, including attorneys' fees pursuant to 42 U.S.C. §1988 or other statute; and

6. Such other relief as this Court deems just, proper, and equitable.

Dated:        November 3, 2022

Respectfully Submitted,

By: _____

Marla Tauscher
*Attorney for Petitioner/Plaintiff*
*Julia Mildenberger*

<div align="center">VERIFICATION</div>

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

    I, Julia Mildenberger, Petitioner/Plaintiff in this matter, have read the foregoing Verified Petition for Writ of Mandate and Complaint for Damages pursuant to 42 U.S.C §1983 and I am familiar with its contents.

    The matters stated in the foregoing document are true of my own knowledge except as to those matters which are stated on information and belief, and as to those matters, I believe them to be true.

    I declare under penalty of perjury, under the laws of the State of California, that the foregoing is true and correct.

    Executed on November 3, 2022 at Littlerock, California.


_____
Julia Mildenberger

# EXHIBIT 1

This license must be clearly visible to the general public and to patrons entering the facility
as defined in Los Angeles County Code Title 10 Section 10.28.280

## COUNTY LICENSE

No. _____ B21-2167DK

COUNTY OF LOS ANGELES – STATE OF CALIFORNIA

THE LICENSEE NAMED HEREON HAS PAID TO THE UNDERSIGNED TAX COLLECTOR THE AMOUNT SHOWN AND IS HEREBY LICENSED, UNDER PROVISIONS OF TITLE 10, FOR THE PERIOD EXPIRING ON THE DATE SHOWN TO CARRY ON BUSINESS OR OCCUPATION OR MAINTAIN THE ANIMAL SPECIFIED, AT THE LOCATION SHOWN. THIS LICENSE IS SUBJECT TO ANY SPECIAL CONDITIONS SHOWN AND IS VALID ONLY IN THE UNINCORPORATED TERRITORY, OR IN CONTRACTING CITIES OF LOS ANGELES COUNTY.

| LICENSE FEE | $ 175.00 | TOTAL | $ 175.00 | DATE OF ISSUE | 9/2/2021 | DATE OF EXPIRATION | 9/2/2022 |

HUMANE ORGANIZATION
CONDITION/LIMITATION APPLY

SOUTHERN CALIFORNIA CAT ADOPTION
JULIA MILDENBERGER
35762 80TH EAST ST
LITTLEROCK, CA  93543

COUNTY TAX COLLECTOR
and Ex-officio County License Collector

MARCIA MAYEDA
DIRECTOR OF ANIMAL CONTROL

Facility inspection grade:        A

A4751942                        By _____ JAIME PALAFOX

LICENSEE LOCATION – BUSINESS OR TYPE ANIMAL

Rev. A – 05/03/10                THIS LICENSE IS NOT TRANSFERABLE

This license must be clearly visible to the general public and to patrons entering the facility as defined in Los Angeles County Code Title 10 Section 10.28.280

## COUNTY LICENSE

No. B21-2167CK

COUNTY OF LOS ANGELES -- STATE OF CALIFORNIA

THE LICENSEE NAMED HEREON HAS PAID TO THE UNDERSIGNED TAX COLLECTOR THE AMOUNT SHOWN AND IS HEREBY LICENSED, UNDER PROVISIONS OF TITLE 10, FOR THE PERIOD EXPIRING ON THE DATE SHOWN TO CARRY ON BUSINESS OR OCCUPATION OR MAINTAIN THE ANIMAL SPECIFIED, AT THE LOCATION SHOWN. THIS LICENSE IS SUBJECT TO ANY SPECIAL CONDITIONS SHOWN AND IS VALID ONLY IN THE UNINCORPORATED TERRITORY OR IN CONTRACTING CITIES OF LOS ANGELES COUNTY.

| LICENSE FEE | $ 175.00 | TOTAL | $ 175.00 | DATE OF ISSUE | 9/2/2021 | DATE OF EXPIRATION | 9/2/2022 |

HUMANE ORGANIZATION
CONDITION/LIMITATION APPLY

SOUTHERN CALIFORNIA CAT ADOPTION
JULIA MILDENBERGER
35762 80TH EAST ST
LITTLEROCK, CA  93543

Facility Inspection grade:     A

COUNTY TAX COLLECTOR
and Ex-officio County License Collector

MARCIA MAYEDA
DIRECTOR OF ANIMAL CONTROL

A4751940

By _____ JAIME PALAFOX

LICENSEE LOCATION – BUSINESS OR TYPE ANIMAL

Rev. A – 05/03/10

THIS LICENSE IS NOT TRANSFERABLE

# EXHIBIT 2




**COUNTY OF LOS ANGELES**
**DEPARTMENT OF ANIMAL CARE AND CONTROL**
# ANIMAL FACILITY INSPECTION REPORT

| Date Violations Corrected |
|---|
| 10/25/16 |

See attached pages for documentation as to the exact nature of the violation(s) observed at the time of inspection.

☐ No violations observed at the time of inspection.      ☐ Complaint allegations not observed at the time of inspection.

| Score | Grade |
|---|---|
| 94 | A |

DATE OF INSPECTION: 10/21/16
INSPECTION NO: 1 ② 3 One: 2167 CK
LICENSE NO:
COMPLIANCE DATE:
EMAIL ADDRESS:
PHONE: 661-526-1300   FAX:
ZIP: 93551
GRADE CARD ISSUED? ☒ Yes ☐ No
RECEIPT #:

FACILITY NAME: Southern California Cat Adoption
FACILITY ADDRESS: 35762 90th East St   CITY: Littlerock
FACILITY OWNERS: Julia Mildenberger   OWNER PHONE:
FACILITY VETERINARIAN: Mission Animal Hospital
VETERINARIAN ADDRESS: 845 W Palmdale   CITY: Palmdale
TYPE OF FACILITY: First Kennel Fence
LOCATION OF GRADE CARD: BO BD PS GP MG MA AE AD WA

## SECTION I

| | POINT VALUE: 11 POINTS FOR VIOLATIONS IN EACH CATEGORY | Points Deducted |
|---|---|---|
| | Violations in this category pose an immediate threat to the health and safety of the animals. | 0 |

| | Housing Facilities | | Medical Care and Health of the Animals |
|---|---|---|---|
| 1. | Incompatible animals housed together or in direct proximity. | 17. | Isolation-sick/injured animals housed with healthy animals |
| 2. | Housing facilities in disrepair - Immediate risk | 18. | Animals with irremediable/serious suffering |
| 3. | Facility seriously overcrowded - needs immediate correction | 19. | Animals with zoonotic diseases/public contact |
| 4. | Ventilation/air quality - causes breathing difficulties | 20. | Untreated illness/injury |
| 5. | Ambient temperature - excessive heat or cold causing risk | 21. | Seriously underweight animals |
| 6. | Primary enclosures insufficient for normal posture | 22. | Animals inadequately groomed - causing severe injury |
| 7. | Lack of shelter - high risk | 23. | Causing unfit animals to work |
| 8. | Lighting insufficient to properly clean/inspect | | Sanitation |
| | Food | 24. | Filthy - immediate risk |
| 9. | No food available | 25. | No cleaning supplies and/or materials |
| 10. | Food is spoiled | 26. | Waste disposal system absent or broken |
| 11. | Perishable food improperly stored - high risk | 27. | Excessive vermin infestation - immediate risk |
| | Water | 28. | Excessive clutter - impossible to sanitize |
| 12. | No water available | | Safety and Security |
| 13. | Water is contaminated | 29. | Dangerous animals at risk of escape |
| | Animal Safety | 30. | Dangerous animals available for public contact |
| 14. | Animal injured or died due to act or omission | 31. | Lack of or insufficient fire suppression system |
| 15. | Hazardous environment/equipment - high risk | 32. | Predatory animals can readily gain access to animals |
| | Euthanasia Practices | 33. | Lack of Rabies Certificates - multiple violations |
| 16. | Use of non-approved methods of euthanasia | 34. | Lack of Distemper vaccinations - multiple (guard dogs) |

## SECTION II

| | POINT VALUE: 6 POINTS FOR VIOLATIONS IN EACH CATEGORY | Points Deducted |
|---|---|---|
| | | 6 |

| | Housing Facilities | | Sanitation |
|---|---|---|---|
| 35. | Housing facilities are in disrepair - moderate risk | 58. | Animal housing cannot be readily sterilized |
| 36. | Facility is overcrowded - moderate risk | 59. | Greater than 24-hour accumulation of feces/waste |
| 37. | Ventilation is stagnant - moderate risk | 60. | Dirty - moderate risk |
| 38. | Ambient temperature - moderate risk | 61. | Bowls/tools/equipment/materials and supplies not sanitized |
| 39. | Insufficient shelter - moderate risk | 62. | Waste disposal system insufficient |
| 40. | Crates stacked in violation of Los Angeles County Code Section 10.40.010M | 63. | Moderate vermin infestation |
| | | 64. | Moderate clutter - impeding sanitation |
| 41. | Lighting poor - difficult to properly clean/inspect | | Safety and Security |
| 42. | Housed primarily on wire floor (H&S §122065.5) | 65. | Non-dangerous animals at risk of escape |
| 43. | Kennel runs - inappropriate surfacing | 66. | Lack of emergency evacuation plan |
| | Food | 67. | Predatory animals can gain access to animals - moderate risk |
| 44. | Not nutritionally sufficient for age, species or other condition | 68. | Failure to provide proper notification by traveling circus/carnival (H&S §25989.1) |
| 45. | Perishable food improperly stored - moderate risk | | |
| | Water | | Exercise and Socialization |
| 46. | Large number of animals without water | 69. | Animals housed 24 hours/day and not exercised daily |
| 47. | Water in danger of contamination | 70. | Primary enclosure insufficient for daily housing |
| 48. | Water receptacles damaged/incapable of proper disinfection | 71. | Display of stereotypical cage stress behavior |
| 49. | No warm water available (grooming parlors) | 72. | Adequate socialization (H&S §122065(a)) |
| 50. | Ill and/or injured animals without treatment - moderate risk | | Presence of Illegal Animals |
| 51. | Isolation facilities inadequate - moderate risk | 73. | Turtles with a carapace length of less than four (4) inches (CCR §5061.2.1 |
| 52. | Moderately underweight animals | | |
| 53. | Animals inadequately groomed - causing minor injury or moderate risk of injury [X] | 74. | Sale or gift of live chicks, rabbits, ducklings or other fowl (PC §599) |
| 54. | Animals with zoonotic disease/staff access | 75. | Dyed live chicks, rabbits, ducklings, other fowl (PC §599) |
| 55. | Lack of access to veterinarian with species specific training | 76. | Dogs under 8 weeks old (H&S §122155(b)) |
| 56. | Hazardous environment/equipment - moderate risk | 77. | Animals prohibited by F&W, USFWS, USDA, etc. |
| | Permits and Documentation | 78. | Unweaned birds w/o trained staff - H&S §122321 |
| 57. | Lack of required permits and documentation | | |

## SECTION III

| | POINT VALUE: 4 POINTS FOR VIOLATIONS IN EACH CATEGORY | Points Deducted |
|---|---|---|
| | | 0 |

| | Housing Facilities | | Medical Care and Health of the Animals |
|---|---|---|---|
| 79. | Some disrepair - low risk | 85. | Ectoparasites/Endoparasites |
| 80. | Poor ambient temperature - low risk | 86. | Slightly underweight animals |
| 81. | Insufficient shelter - low risk | 87. | Ill animals, minor injuries - low risk |
| 82. | Lack of resting boards (H&S §122065(d)) | 88. | Failure to have present or on-call veterinarian - rodeos (PC §598.7b) |
| | Food and Water | | |
| 83. | Uncovered food receptacles | 89. | Failure to have conveyance available for injured animals |
| 84. | Several animals without water and displaying thirst | 90. | Cobwebs |
| | | 91. | Some vermin infestation - low |

DACC 14 - Revised 08/29/16 -PB

33

License No.: 2167CK

**SECTION IV**

**POINT VALUE: 2 POINTS FOR VIOLATIONS IN EACH CATEGORY**

Points Deducted: 2

| | Consumer Protection (Retail Pet Sales) | | Consumer Protection (Dog Breeders) |
|---|---|---|---|
| 92. | Dog/Cat Source, Age and Health Information Statement (H&S §122140) | 102. | Disclosure to Purchaser (H&S §122050) |
| 93. | Written Notice of Purchaser's Rights (H&S §122190) | 103. | Records on Health, Status and Disposition of Dogs (H&S §122055) |
| 94. | Written Records – Dog and Cat (H&S §122145) | 104. | Written Notice of Purchasers Rights (H&S §122100) |
| 95. | Disclosure on Cage (H&S §122215) | | **Required Postings and Information** |
| 96. | Information Available for Prospective Purchaser of Dogs (H&S §122220) | 105. | Posting of emergency contact information (Los Angeles County Code Sec. 10.40.010E) |
| 97. | Posting of Notice – Registration (H&S §122305, 122310) | 106. | Required rodeo reporting information (Los Angeles County Code Sec. 10.39.010) |
| 98. | Turtles – posted sign (CCR §2612.1) | | **Misc. Violations of Law** |
| 99. | Turtles – sales slip (CCR §2612.1) | 107. | Misc. violation of law – high risk (2 pts. deducted per violation of each law): |
| | **Medical Care and Health of the Animals** | | |
| 100. | Lack of rabies certificates – 3 or less dogs | | |
| 101. | Lack of distemper vaccination – 3 or less dogs (guard dogs) | 108. | Misc. violation of law – low risk (2 pts. deducted per law violated): |

APPROVED (Y) N
INSPECTING OFFICER: ANDREA
MODEL#: 87
SUPERVISOR:
DATE: 11-10-16
RESOLUTION/APPROVED (Y)

**SCORE AND GRADING**

| Deductions | | Scoring | | Grade Earned | |
|---|---|---|---|---|---|
| Section I: | 0 | 100 | Points possible | X A | (90 -100 points) |
| Section II: | 6 | – 6 | Deductions | B | (80-89 points) |
| Section III: | 0 | 94 | Final Score | C | (70-79 points) |
| Section IV: | 0 | | | - | (less than 70 points) |
| Total Deductions: | 6 | | | | |

**ORDERS TO COMPLY AND FOLLOW UP**

| OTC Issued: | X Y | ☐ N | OTC Number: | | ReInspection Date: |
|---|---|---|---|---|---|

Comments:

DIS DOG NAMED "MISTY" WAS MATTED, ISSUED ORDER TO Comply
to HAVE MISTY GROOMED TO AVOID FURTHER MATTED FUR.

10/25/16
MISTY WAS SHAVED BY MISSION ANIMAL HOSPITAL ON 10/24/16
INV # 156723 PHOTO + INVOICE ATTACHED TO FILE.

DACC 14 – Revised 05/29/16 -PB



**COUNTY OF LOS ANGELES**
**DEPARTMENT OF ANIMAL CARE AND CONTROL**
# ANIMAL FACILITY INSPECTION REPORT



See attached pages for documentation as to the exact nature of the violation(s) observed at the time of inspection.

☐ No violations observed at the time of inspection      ☐ Complaint allegations not observed at the time of inspection.

| Score | Grade |
|-------|-------|
| 100 | A |

Left margin (vertical): Date Violations Corrected · DATE OF INSPECTION 10/21/16 · COMPLIANCE DATE · INSPECTOR No. 1 2 3 CIRC. · LICENSE No. 2167DK · PHONE (061) 526-1300 · FAX · EMAIL ADRESS · ZIP 93551 · GRADE CARD ISSUED ☐Yes ☐No · RECEIPT

Left margin (vertical): FACILITY NAME Southern Calif. Canine Ctr Rescue · FACILITY ADDRESS 35762 88th East St · CITY Littlerock · FACILITY OWNER Tulla Mildenberger · OWNER · VETERINARIAN Mission Animal Hospital · CITY Palmdale · VETERINARIAN ADDRESS 845 N. Palmdale · LOCATION OF GRADE CARD Front Kennel Fence · TYPE OF FACILITY BO BD PS GP MG AM AE AD WA

## SECTION I

| Violations in this category pose an immediate threat to the health and safety of the animals. POINT VALUE: 11 POINTS FOR VIOLATIONS IN EACH CATEGORY | Points Deducted 0 |
|---|---|

**Housing Facilities**

| | | | |
|---|---|---|---|
| 1. | Incompatible animals housed together or in direct proximity. | | **Medical Care and Health of the Animals** |
| 2. | Housing facilities in disrepair - immediate risk | 17. | Isolation-sick/injured animals housed with healthy animals |
| 3. | Facility seriously overcrowded – needs immediate correction | 18. | Animals with irremediable/serious suffering |
| 4. | Ventilation/Air quality – causes breathing difficulties | 19. | Animals with zoonotic diseases/public contact |
| 5. | Ambient temperature – excessive heat or cold causing risk | 20. | Untreated illness/injury |
| 6. | Primary enclosures insufficient for normal posture | 21. | Seriously underweight animals |
| 7. | Lack of shelter – high risk | 22. | Animals inadequately groomed – causing severe injury |
| 8. | Lighting insufficient to properly clean/inspect | 23. | Causing unfit animals to work |
| **Food** | | **Sanitation** | |
| 9. | No food available | 24. | Filthy-immediate risk |
| 10. | Food is spoiled | 25. | No cleaning supplies and/or materials |
| 11. | Perishable food improperly stored – high risk | 26. | Waste disposal system absent or broken |
| **Water** | | 27. | Excessive vermin infestation – immediate risk |
| 12. | No water available | 28. | Excessive clutter – impossible to sanitize |
| 13. | Water is contaminated | **Safety and Security** | |
| **Animal Safety** | | 29. | Dangerous animals at risk of escape |
| 14. | Animal injured or died due to act or omission | 30. | Dangerous animals available for public contact |
| 15. | Hazardous environment/equipment – high risk | 31. | Lack of or insufficient fire suppression system |
| **Euthanasia Practices** | | 32. | Predatory animals can readily gain access to animals |
| 16. | Use of non-approved methods of euthanasia | 33. | Lack of Rabies Certificates- multiple violations |
| | | 34. | Lack of Distemper vaccinations – multiple (guard dogs) |

## SECTION II

| POINT VALUE: 6 POINTS FOR VIOLATIONS IN EACH CATEGORY | Points Deducted 0 |
|---|---|

| | | | |
|---|---|---|---|
| **Housing Facilities** | | **Sanitation** | |
| 35. | Housing facilities are in disrepair-moderate risk | 58. | Animal housing cannot be readily sterilized |
| 36. | Facility is overcrowded – moderate risk | 59. | Greater than 24-hour accumulation of feces/waste |
| 37. | Ventilation is stagnant – moderate risk | 60. | Dirty- moderate risk |
| 38. | Ambient temperature – moderate risk | 61. | Bowls/tools/equipment/materials and supplies not sanitized |
| 39. | Insufficient shelter – moderate risk | 62. | Waste disposal system insufficient |
| 40. | Crates stacked in violation of Los Angeles County Code Section 10.40.010M | 63. | Moderate vermin infestation |
| | | 64. | Moderate clutter – impeding sanitation |
| 41. | Lighting poor – difficult to properly clean/inspect | **Safety and Security** | |
| 42. | Housed primarily on wire floor (H&S §122065.5) | 65. | Non-dangerous animals at risk of escape |
| 43. | Kennel runs – inappropriate surfacing | 66. | Lack of emergency evacuation plan |
| **Food** | | 67. | Predatory animals can gain access to animals – moderate risk |
| 44. | Not nutritionally sufficient for age, species or other condition | | |
| 45. | Perishable food improperly stored – moderate risk | 68. | Failure to provide proper notification by traveling circus/carnival (H&S §25989.1) |
| **Water** | | | |
| 46. | Large number of animals without water | **Exercise and Socialization** | |
| 47. | Water in danger of contamination | 69. | Animals housed 24 hours/ day and not exercised daily |
| 48. | Water receptacles damaged/incapable of proper disinfection | 70. | Primary enclosure insufficient for daily housing |
| 49. | No warm water available (grooming parlors) | 71. | Display of stereotypical cage stress behavior |
| **Animal Safety** | | 72. | Adequate socialization (H&S §122065(a)) |
| 50. | Ill and/or injured animals without treatment – moderate risk | **Presence of Illegal Animals** | |
| 51. | Isolation facilities inadequate – moderate risk | 73. | Turtles with a carapace length of less than four (4) inches (CCR §2612.1 |
| 52. | Moderately underweight animals | | |
| 53. | Animals inadequately groomed – causing minor injury or moderate risk of injury | 74. | Sale or gift of live chicks, rabbits, ducklings or other fowl (PC §599) |
| 54. | Animals with zoonotic disease/staff access | 75. | Dyed live chicks, rabbits, ducklings, other fowl (PC §599) |
| 55. | Lack of access to veterinarian with species specific training | 76. | Dogs under 8 weeks old (H&S §122155(b)) |
| 56. | Hazardous environment/equipment – moderate risk | 77. | Animals prohibited by F&W, USFWS, USDA, etc. |
| **Permits and Documentation** | | 78. | Unweaned birds w/o trained staff – H&S §122321 |
| 57. | Lack of required permits and documentation | | |

## SECTION III

| POINT VALUE: 4 POINTS FOR VIOLATIONS IN EACH CATEGORY | Points Deducted 0 |
|---|---|

| | | | |
|---|---|---|---|
| **Housing Facilities** | | **Medical Care and Health of the Animals** | |
| 79. | Some disrepair – low risk | 85. | Ectoparasites/Endoparasites |
| 80. | Poor ambient temperature – low risk | 86. | Slightly underweight animals |
| 81. | Insufficient shelter – low risk | 87. | Ill animals, minor injuries – low risk |
| 82. | Lack of resting boards (H&S §122065(d)) | 88. | Failure to have present or on-call veterinarian – rodeos (PC §596.7b) |
| **Food and Water** | | | |
| 83. | Uncovered food receptacles | 89. | Failure to have conveyance available for injured animals |
| 84. | Several animals without water and displaying thirst | 90. | Cobwebs |
| | | 91. | Some vermin infestation - low |

DACC 14 – Revised 08/29/16 -PB

35

License No.: 2167DK

| | SECTION IV | | Points Deducted |
|---|---|---|---|
| | POINT VALUE: 2 POINTS FOR VIOLATIONS IN EACH CATEGORY | | |

| Consumer Protection (Retail Pet Sales) | | Consumer Protection (Dog Breeders) | |
|---|---|---|---|
| 92. | Dog/Cat Source, Age and Health Information Statement (H&S §122140) | 102. | Disclosure to Purchaser (H&S §122050) |
| 93. | Written Notice of Purchaser's Rights (H&S §122190) | 103. | Records on Health, Status and Disposition of Dogs (H&S §122055) |
| 94. | Written Records – Dog and Cat (H&S §122145) | 104. | Written Notice of Purchasers Rights (H&S §122100) |
| 95. | Disclosure on Cage (H&S §122215) | Required Postings and Information | |
| 96. | Information Available for Prospective Purchaser of Dogs (H&S §122220) | 105. | Posting of emergency contact information (Los Angeles County Code Sec. 10.40.010E) |
| 97. | Posting of Notice – Registration (H&S §122305, 122310) | 106. | Required rodeo reporting information (Los Angeles County Code Sec. 10.39.010) |
| 98. | Turtles – posted sign (CCR §2612.1) | Misc. Violations of Law | |
| 99. | Turtles – sales slip (CCR §2612.1) | 107. | Misc. violation of law – high risk (2 pts. deducted per violation of each law): |
| Medical Care and Health of the Animals | | | |
| 100. | Lack of rabies certificates – 3 or less dogs | | |
| 101. | Lack of distemper vaccination – 3 or less dogs (guard dogs) | 108. | Misc. violation of law – low risk (2 pts. deducted per law violated): |

APPROVED: N (Y) ☐
INSPECTING OFFICER: Andrea 87
BADGE NO: 87
SUPERVISOR:
DATE:
REGULATIONS PROVIDED? N (Y)

## SCORE AND GRADING

| Deductions | | Scoring | | Grade Earned | | |
|---|---|---|---|---|---|---|
| Section I: | 0 | 100 | Points possible | ✗ | A | (90 -100 points) |
| Section II: | 0 | - 0 | Deductions | | B | (80-89 points) |
| Section III: | 0 | 100 | Final Score | | C | (70-79 points) |
| Section IV: | 0 | | | | - | (less than 70 points) |
| Total Deductions: | 0 | | | | | |

## ORDERS TO COMPLY AND FOLLOW UP

| OTC Issued: ☐ Y ☒ N | OTC Number: | Reinspection Date: |
|---|---|---|

Comments:



**COUNTY OF LOS ANGELES**
**DEPARTMENT OF ANIMAL CARE AND CONTROL**

# ANIMAL FACILITY INSPECTION REPORT



Date Violations Corrected

See attached pages for documentation as to the exact nature of the violation(s) observed at the time of inspection.

☑ No violations observed at the time of inspection.   ☐ Complaint allegations not observed at the time of inspection.

| Score | Grade |
|-------|-------|
| 100 | A |

DATE OF INSPECTION: 11/21/1
COMPLIANCE DATE:
INSPECTION NO: 1 ☑ 2 ☐ 3 ☐ Other:
LICENSE NO: 2670K
EMAIL ADDRESS: SQDDDQdinkhotmail.com
PHONE: 661-526-1320
FAX:
GRADE CARD ISSUED? ☑ Yes ☐ No
ID: 9355/
RECEIPT:

FACILITY NAME: Southern California Cat Adoption
FACILITY ADDRESS: 3742 80th East St
CITY: Littlerock
FACILITY OWNER: Tina Milberberger
OWNER PHONE:
FACILITY/VETERINARIAN: Mission Animal Hospital
PHONE:
VETERINARIAN ADDRESS: 845 W. Palmdale
CITY: Palmdale
GRADE CARD ISSUED: Orchard Kennel Way
LOCATION OF GRADE CARD: Entrance
TYPE OF FACILITY: 170 BO ☐ BD ☐ PS ☐ GP ☐ MG ☐ AM ☐ AD ☐ WA ☐

## SECTION I

**Violations in this category pose an immediate threat to the health and safety of the animals.**
**POINT VALUE: 11 POINTS FOR VIOLATIONS IN EACH CATEGORY**

Points Deducted: 0

| | Housing Facilities | | Medical Care and Health of the Animals |
|---|---|---|---|
| 1. | Incompatible animals housed together or in direct proximity. | 17. | Isolation-sick/injured animals housed with healthy animals |
| 2. | Housing facilities in disrepair- immediate risk | 18. | Animals with immediate/serious suffering |
| 3. | Facility seriously overcrowded – needs immediate correction | 19. | Animals with zoonotic disease/public contact |
| 4. | Ventilation/Air quality – causes breathing difficulties | 20. | Untreated illness/injury |
| 5. | Ambient temperature – excessive heat or cold causing risk | 21. | Seriously underweight animals |
| 6. | Primary enclosure insufficient for normal posture | 22. | Animals inadequately groomed – causing severe injury |
| 7. | Lack of shelter – high risk | 23. | Causing unfit animals to work |
| 8. | Lighting insufficient to properly clean/inspect | | Sanitation |
| | Food | 24. | Filthy-immediate risk |
| 9. | No food available | 25. | No cleaning supplies and/or materials |
| 10. | Food is spoiled | 26. | Waste disposal system absent or broken |
| 11. | Perishable food improperly stored – high risk | 27. | Excessive vermin infestation – immediate risk |
| | Water | 28. | Excessive clutter – impossible to sanitize |
| 12. | No water available | | Safety and Security |
| 13. | Water is contaminated | 29. | Dangerous animals at risk of escape |
| | Animal Safety | 30. | Dangerous animals available for public contact |
| 14. | Animal injured or died due to act or omission | 31. | Lack of or insufficient fire suppression system |
| 15. | Hazardous environment/equipment – high risk | 32. | Predatory animals can readily gain access to animals |
| | Euthanasia Practices | 33. | Lack of Rabies Certificates- multiple violations |
| 16. | Use of non-approved methods of euthanasia | 34. | Lack of Distemper vaccinations – multiple (guard dogs) |

## SECTION II

**POINT VALUE: 6 POINTS FOR VIOLATIONS IN EACH CATEGORY**

Points Deducted: 0

| | Housing Facilities | | Sanitation |
|---|---|---|---|
| 35. | Housing facilities are in disrepair-moderate risk | 58. | Animal housing cannot be readily sterilized |
| 36. | Facility is overcrowded – moderate risk | 59. | Greater than 24-hour accumulation of feces/waste |
| 37. | Ventilation is stagnant – moderate risk | 60. | Dirty- moderate risk |
| 38. | Ambient temperature – moderate risk | 61. | Bowls/locks/equipment/materials and supplies not sanitized |
| 39. | Insufficient shelter – moderate risk | 62. | Waste disposal system insufficient |
| 40. | Crates stacked in violation of Los Angeles County Code Section 10.40.010M | 63. | Moderate vermin infestation |
| | | 64. | Moderate clutter – impeding sanitation |
| 41. | Lighting poor – difficult to properly clean/inspect | | Safety and Security |
| 42. | Housed primarily on wire floor (H&S §122065.5) | 65. | Non-dangerous animals at risk of escape |
| 43. | Kennel runs – inappropriate surfacing | 66. | Lack of emergency evacuation plan |
| | Food | 67. | Predatory animals can gain access to animals – moderate risk |
| 44. | Not nutritionally sufficient for age, species or other condition | | |
| 45. | Perishable food improperly stored – moderate risk | 68. | Failure to provide proper notification by traveling circus/carnival (H&S §25989.1) |
| | Water | | Exercise and Socialization |
| 46. | Large number of animals without water | 69. | Animals housed 24 hours/ day and not exercised daily |
| 47. | Water in danger of contamination | 70. | Primary enclosure insufficient for daily housing |
| 48. | Water receptacles damaged/incapable of proper disinfection | 71. | Display of stereotypical cage stress behavior |
| 49. | No warm water available (grooming parlors) | 72. | Adequate socialization (H&S §122065(e)) |
| | Animal Safety | | Presence of Illegal Animals |
| 50. | Ill and/or injured animals without treatment – moderate risk | 73. | Turtles with a carapace length of less than four (4) inches (CCR §2612.1) |
| 51. | Isolation facilities inadequate – moderate risk | | |
| 52. | Moderately underweight animals | 74. | Sale or gift of live chicks, rabbits, ducklings or other fowl (PC §599) |
| 53. | Animals inadequately groomed – causing minor injury or moderate risk of injury | | |
| 54. | Animals with zoonotic disease/staff access | 75. | Dyed live chicks, rabbits, ducklings, other fowl (PC §599) |
| 55. | Lack of access to veterinarian with species specific training | 76. | Dogs under 8 weeks old (H&S §122155(b)) |
| 56. | Hazardous environment/equipment – moderate risk | 77. | Animals prohibited by F&W, USFWS, USDA, etc. |
| | Permits and Documentation | 78. | Unweaned birds w/o trained staff – H&S §122321 |
| 57. | Lack of required permits and documentation | | |

## SECTION III

**POINT VALUE: 4 POINTS FOR VIOLATIONS IN EACH CATEGORY**

Points Deducted: 0

| | Housing Facilities | | Medical Care and Health of the Animals |
|---|---|---|---|
| 79. | Some disrepair – low risk | 85. | Ectoparasites/Endoparasites |
| 80. | Poor ambient temperature – low risk | 86. | Slightly underweight animals |
| 81. | Insufficient shelter – low risk | 87. | Ill animals, minor injuries – low risk |
| 82. | Lack of resting boards (H&S §122065(d)) | 88. | Failure to have present or on-call veterinarian – rodeos (PC §596.7b) |
| | Food and Water | | |
| 83. | Uncovered food receptacles | 89. | Failure to have conveyance available for injured animals |
| 84. | Several animals without water and displaying thirst | 90. | Cobwebs |
| | | 91. | Some vermin infestation - low |

DACC 14 – Revised 05/29/18 -PB

37

License No. 2670K

| | SECTION IV | | | Points Deducted |
|---|---|---|---|---|
| | POINT VALUE: 2 POINTS FOR VIOLATIONS IN EACH CATEGORY | | | |

| | Consumer Protection (Retail Pet Sales) | | Consumer Protection (Dog Breeders) |
|---|---|---|---|
| 92. | Dog/Cat Source, Age and Health Information Statement (H&S §122140) | 102. | Disclosure to Purchaser (H&S §122050) |
| 93. | Written Notice of Purchaser's Rights (H&S §122190) | 103. | Records on Health, Status and Disposition of Dogs (H&S §122055) |
| 94. | Written Records – Dog and Cat (H&S §122145) | 104. | Written Notice of Purchasers Rights (H&S §122100) |
| 95. | Disclosure on Cage (H&S §122215) | | Required Postings and Information |
| 96. | Information Available for Prospective Purchaser of Dogs (H&S §122220) | 105. | Posting of emergency contact information (Los Angeles County Code Sec. 10.40.010E) |
| 97. | Posting of Notice – Registration (H&S §122305, 122310) | 106. | Required rodeo reporting information (Los Angeles County Code Sec. 10.39.010) |
| 98. | Turtles – posted sign (CCR §2612.1) | | Misc. Violations of Law |
| 99. | Turtles – sales slip (CCR §2612.1) | 107. | Misc. violation of law – high risk (2 pts. deducted per violation of each law): |
| | Medical Care and Health of the Animals | | |
| 100. | Lack of rabies certificate – 3 or less dogs | | |
| 101. | Lack of distemper vaccination – 3 or less dogs (guard dogs) | 108. | Misc. violation of law – low risk (2 pts. deducted per law violated): |

**SCORE AND GRADING**

| Deductions | | Scoring | | Grade Earned | |
|---|---|---|---|---|---|
| Section I: | 0 | 100 | Points possible | A | (90 -100 points) |
| Section II: | 0 | - 0 | Deductions | B | (80-89 points) |
| Section III: | 0 | 100 | Final Score | C | (70-79 points) |
| Section IV: | 0 | | | - | (less than 70 points) |
| Total Deductions: | 0 | | | | |

**ORDERS TO COMPLY AND FOLLOW UP**

| OTC Issued: | ☐ Y | ☑ N | OTC Number: | | Reinspection Date: |
|---|---|---|---|---|---|

Comments:

DACC 14 - Revised 05/26/16 -PS




**COUNTY OF LOS ANGELES**
**DEPARTMENT OF ANIMAL CARE AND CONTROL**

# ANIMAL FACILITY INSPECTION REPORT

Date Violations Corrected

See attached pages for documentation as to the exact nature of the violation(s) observed at the time of inspection.

☒ No violations observed at the time of inspection.    ☐ Complaint allegations not observed at the time of inspection.

| Score | Grade |
|---|---|
| 100 | A |

DATE OF INSPECTOR: 11/21/17
COMPLIANCE DATE:
INSPECTOR: ☐ 1 Other:
LICENSE NO.: 2167CK
FAX:
PHONE: 661-526-1300
ID: 9355/
GRADE CARD ISSUED ☐ Yes ☒ No
RECEIPT #:
EMAIL: MILDERTHTPETS@AOL.COM

FACILITY NAME: SOUTHERN CALIFORNIA CAT CENTER
FACILITY PHONE NAME:
FACILITY ADDRESS: 3572 80TH EAST ST
CITY: LITTLEROCK
FACILITY OWNER/S: JULIA MILDERBERGER
OWNER PHONE:
FACILITY VETERINARIAN: MISSION ANIMAL HOSPITAL
VETERINARIAN ADDRESS: 845 N. PALMDALE
CITY: PALMDALE
TYPE OF FACILITY: ☒ BO ☐ BD ☐ PB ☐ GP ☐ MO ☐ AM ☐ AE ☐ WA
LOCATION OF ISSUE CARD: ENTRANCE KENNEL WALL

**SECTION I**

Violations in this category pose an immediate threat to the health and safety of the animals. | Points Deducted
**POINT VALUE: 11 POINTS FOR VIOLATIONS IN EACH CATEGORY** | 0

| Housing Facilities | | Medical Care and Health of the Animals | |
|---|---|---|---|
| 1. | Incompatible animals housed together or in direct proximity. | 17. | Isolation-sick/injured animals housed with healthy animals |
| 2. | Housing facilities in disrepair - immediate risk | 18. | Animals with irremediable/serious suffering |
| 3. | Facility seriously overcrowded - needs immediate correction | 19. | Animals with zoonotic diseases/public contact |
| 4. | Ventilation/Air quality - causes breathing difficulties | 20. | Untreated illness/injury |
| 5. | Ambient temperature - excessive heat or cold causing risk | 21. | Seriously underweight animals |
| 6. | Primary enclosures insufficient for normal posture | 22. | Animals inadequately groomed - causing severe injury |
| 7. | Lack of shelter - high risk | 23. | Causing until animals to work |
| 8. | Lighting insufficient to property clean/inspect | **Sanitation** | |
| **Food** | | 24. | Filthy- immediate risk |
| 9. | No food available | 25. | No cleaning supplies and/or materials |
| 10. | Food is spoiled | 26. | Waste disposal system absent or broken |
| 11. | Perishable food improperly stored - high risk | 27. | Excessive vermin infestation - immediate risk |
| **Water** | | 28. | Excessive clutter - impossible to sanitize |
| 12. | No water available | **Safety and Security** | |
| 13. | Water is contaminated | 29. | Dangerous animals at risk of escape |
| **Animal Safety** | | 30. | Dangerous animals available for public contact |
| 14. | Animal injured or died due to act or omission | 31. | Lack of or insufficient fire suppression system |
| 15. | Hazardous environment/equipment - high risk | 32. | Predatory animals can readily gain access to animals |
| **Euthanasia Practices** | | 33. | Lack of Rabies Certificates- multiple violations |
| 16. | Use of non-approved methods of euthanasia | 34. | Lack of Distemper vaccinations - multiple (guard dogs) |

**SECTION II**

**POINT VALUE: 6 POINTS FOR VIOLATIONS IN EACH CATEGORY** | Points Deducted 0

| Housing Facilities | | Sanitation | |
|---|---|---|---|
| 35. | Housing facilities are in disrepair - moderate risk | 58. | Animal housing cannot be readily sterilized |
| 36. | Facility is overcrowded - moderate risk | 59. | Greater than 24-hour accumulation of feces/waste |
| 37. | Ventilation is stagnant - moderate risk | 60. | Dirty- moderate risk |
| 38. | Ambient temperature - moderate risk | 61. | Bowls/tools/equipment/materials and supplies not sanitized |
| 39. | Insufficient shelter - moderate risk | 62. | Waste disposal system insufficient |
| 40. | Crates stacked in violation of Los Angeles County Code Section 10.40.010M | 63. | Moderate vermin infestation |
| | | 64. | Moderate clutter - impeding sanitation |
| 41. | Lighting poor - difficult to property clean/inspect | **Safety and Security** | |
| 42. | Housed primarily on wire floor (H&S § 122065.5) | 65. | Non-dangerous animals at risk of escape |
| 43. | Kennel runs - inappropriate surfacing | 66. | Lack of emergency evacuation plan |
| **Food** | | 67. | Predatory animals can gain access to animals - moderate risk |
| 44. | Not nutritionally sufficient for age, species or other condition | | |
| 45. | Perishable food improperly stored - moderate risk | 68. | Failure to provide proper notification by traveling circus/carnival (H&S §25989.1) |
| **Water** | | | |
| 46. | Large number of animals without water | **Exercise and Socialization** | |
| 47. | Water in danger of contamination | 69. | Animals housed 24 hours/ day and not exercised daily |
| 48. | Water receptacles damaged/incapable of proper disinfection | 70. | Primary enclosure insufficient for daily housing |
| 49. | No warm water available (grooming parlors) | 71. | Display of stereotypical cage stress behavior |
| **Animal Safety** | | 72. | Adequate socialization (H&S § 122065(e)) |
| 50. | Ill and/or injured animals without treatment - moderate risk | **Presence of Illegal Animals** | |
| 51. | Isolation facilities inadequate - moderate risk | 73. | Turtles with a carapace length of less than four (4) inches (CCR §2612.1 |
| 52. | Moderately underweight animals | | |
| 53. | Animals inadequately groomed - causing minor injury or moderate risk of injury | 74. | Sale or gift of live chicks, rabbits, ducklings or other fowl (PC. §599) |
| 54. | Animals with zoonotic disease/staff access | 75. | Dyed live chicks, ducklings, other fowl (PC §599) |
| 55. | Lack of access to veterinarian with species specific training | 76. | Dogs under 8 weeks old (H&S § 122155(b)) |
| 56. | Hazardous environment/equipment - moderate risk | 77. | Animals prohibited by F&W, USFWS, USDA, etc. |
| **Permits and Documentation** | | 78. | Unweaned birds w/o trained staff - H&S § 122321 |
| 57. | Lack of required permits and documentation | | |

**SECTION III**

**POINT VALUE: 4 POINTS FOR VIOLATIONS IN EACH CATEGORY** | Points Deducted 0

| Housing Facilities | | Medical Care and Health of the Animals | |
|---|---|---|---|
| 79. | Some disrepair - low risk | 85. | Ectoparasites/Endoparasites |
| 80. | Poor ambient temperature - low risk | 86. | Slightly underweight animals |
| 81. | Insufficient shelter - low risk | 87. | Ill animals, minor injuries - low risk |
| 82. | Lack of resting boards (H&S § 122065(d)) | 88. | Failure to have present or on call veterinarian - rodeos (PC §596.7b) |
| **Food and Water** | | | |
| 83. | Uncovered food receptacles | 89. | Failure to have conveyance available for injured animals |
| 84. | Several animals without water and displaying thirst | 90. | Cobwebs |
| | | 91. | Some vermin infestation - low |

DACO 14 - Revised 05/20/16 -PB

Date Violations Corrected



# COUNTY OF LOS ANGELES
## DEPARTMENT OF ANIMAL CARE AND CONTROL
# ANIMAL FACILITY INSPECTION REPORT

See attached pages for documentation as to the exact nature of the violation(s) observed at the time of inspection.

☒ No violations observed at the time of inspection            ☐ Complaint allegations not observed at the time of inspection.

**Score** /100     **Grade** A

DATE OF INSPECTION 10-18-18
INSPECTION ☒ 1 ☐ 2 ☐ 3 Other:
LICENSE NO: 247 CK
COMPLIANCE DATE:
E-MAIL ADDRESS:
PHONE:
ID: 9355
RECEIPT #:
GRADE CARD ISSUED? ☒ Yes ☐ No
FAIR

FACILITY NAME: Southern California Dog Adoption
FACILITY ADDRESS: 35762 80th East ST
FACILITY OWNER(S): Julie Mildenberger
FACILITY VETERINARIAN: Mission Animal Hospital
VETERINARIAN ADDRESS: 8145 West Avondale Blvd
TYPE OF FACILITY: Front Kennel Gate
CITY: Lancaster
OWNER PHONE:
CITY: Avondale
LOCATION OF GRADE CARD:
☐ SD ☐ BD ☐ PS ☐ GR ☐ MG ☐ AM ☐ AE ☐ AD ☐ WA

## SECTION I

| | Violations in this category pose an immediate threat to the health and safety of the animals. POINT VALUE: 11 POINTS FOR VIOLATIONS IN EACH CATEGORY | | Points Deducted 0 | | |
|---|---|---|---|---|---|
| **Housing Facilities** | | | **Medical Care and Health of the Animals** | | |
| 1. | Incompatible animals housed together or in direct proximity. | | 17. | Isolation-sick/injured animals housed with healthy animals | |
| 2. | Housing facilities in disrepair- immediate risk | | 18. | Animals with irremediable/serious suffering | |
| 3. | Facility seriously overcrowded – needs immediate correction | | 19. | Animals with zoonotic diseases/public contact | |
| 4. | Ventilation/Air quality – causes breathing difficulties | | 20. | Untreated illness/injury | |
| 5. | Ambient temperature – excessive heat or cold causing risk | | 21. | Seriously underweight animals | |
| 6. | Primary enclosures insufficient for normal posture | | 22. | Animals inadequately groomed – causing severe injury | |
| 7. | Lack of shelter – high risk | | 23. | Causing unfit animals to work | |
| 8. | Lighting insufficient to properly clean/inspect | | **Sanitation** | | |
| **Food** | | | 24. | Filthy-immediate risk | |
| 9. | No food available | | 25. | No cleaning supplies and/or materials | |
| 10. | Food is spoiled | | 26. | Waste disposal system absent or broken | |
| 11. | Perishable food improperly stored – high risk | | 27. | Excessive vermin infestation – immediate risk | |
| **Water** | | | 28. | Excessive clutter – impossible to sanitize | |
| 12. | No water available | | **Safety and Security** | | |
| 13. | Water is contaminated | | 29. | Dangerous animals at risk of escape | |
| **Animal Safety** | | | 30. | Dangerous animals available for public contact | |
| 14. | Animal injured or died due to act or omission | | 31. | Lack of or insufficient fire suppression system | |
| 15. | Hazardous environment/equipment – high risk | | 32. | Predatory animals can readily gain access to animals | |
| **Euthanasia Practices** | | | 33. | Lack of Rabies Certificates- multiple violations | |
| 16. | Use of non-approved methods of euthanasia | | 34. | Lack of Distemper vaccinations – multiple (guard dogs) | |

## SECTION II

| | POINT VALUE: 6 POINTS FOR VIOLATIONS IN EACH CATEGORY | | Points Deducted 0 | | |
|---|---|---|---|---|---|
| **Housing Facilities** | | | **Sanitation** | | |
| 35. | Housing facilities are in disrepair-moderate risk | | 58. | Animal housing cannot be readily sterilized | |
| 36. | Facility is overcrowded – moderate risk | | 59. | Greater than 24-hour accumulation of feces/waste | |
| 37. | Ventilation is stagnant – moderate risk | | 60. | Dirty- moderate risk | |
| 38. | Ambient temperature – moderate risk | | 61. | Bowls/tools/equipment/materials and supplies not sanitized | |
| 39. | Insufficient shelter – moderate risk | | 62. | Waste disposal system insufficient | |
| 40. | Crates stacked in violation of Los Angeles County Code Section 10.40.010M | | 63. | Moderate vermin infestation | |
| | | | 64. | Moderate clutter – impeding sanitation | |
| 41. | Lighting poor – difficult to properly clean/inspect | | **Safety and Security** | | |
| 42. | Housed primarily on wire floor (H&S §122065.5) | | 65. | Non-dangerous animals at risk of escape | |
| 43. | Kennel runs – inappropriate surfacing | | 66. | Lack of emergency evacuation plan | |
| **Food** | | | 67. | Predatory animals can gain access to animals – moderate risk | |
| 44. | Not nutritionally sufficient for age, species or other condition | | 68. | Failure to provide proper notification by traveling circus/carnival (H&S §25989.1) | |
| 45. | Perishable food improperly stored – moderate risk | | | | |
| **Water** | | | **Exercise and Socialization** | | |
| 46. | Large number of animals without water | | 69. | Animals housed 24 hours/ day and not exercised daily | |
| 47. | Water in danger of contamination | | 70. | Primary enclosure insufficient for daily housing | |
| 48. | Water receptacles damaged/incapable of proper disinfection | | 71. | Display of stereotypical cage stress behavior | |
| 49. | No warm water available (grooming parlors) | | 72. | Adequate socialization (H&S §122065(a)) | |
| **Animal Safety** | | | **Presence of Illegal Animals** | | |
| 50. | Ill and/or injured animals without treatment – moderate risk | | 73. | Turtles with a carapace length of less than four (4) inches (CCR §2612.1 | |
| 51. | Isolation facilities inadequate – moderate risk | | | | |
| 52. | Moderately underweight animals | | 74. | Sale or gift of live chicks, rabbits, ducklings or other fowl (PC §599) | |
| 53. | Animals inadequately groomed – causing minor injury or moderate risk of injury | | | | |
| 54. | Animals with zoonotic disease/staff access | | 75. | Dyed live chicks, rabbits, ducklings, other fowl (PC §599) | |
| 55. | Lack of access to veterinarian with species specific training | | 76. | Dogs under 8 weeks old (H&S §122155(b)) | |
| 56. | Hazardous environment/equipment – moderate risk | | 77. | Animals prohibited by F&W, USFWS, USDA, etc. | |
| **Permits and Documentation** | | | 78. | Unweaned birds w/no trained staff – H&S §122321 | |
| 57. | Lack of required permits and documentation | | | | |

## SECTION III

| | POINT VALUE: 4 POINTS FOR VIOLATIONS IN EACH CATEGORY | | Points Deducted 0 | | |
|---|---|---|---|---|---|
| **Housing Facilities** | | | **Medical Care and Health of the Animals** | | |
| 79. | Some disrepair – low risk | | 85. | Ectoparasites/Endoparasites | |
| 80. | Poor ambient temperature – low risk | | 86. | Slightly underweight animals | |
| 81. | Insufficient shelter – low risk | | 87. | Ill animals, minor injuries – low risk | |
| 82. | Lack of resting boards (H&S §122065(d)) | | 88. | Failure to have present or on-call veterinarian – rodeos (PC §596.7b) | |
| **Food and Water** | | | | | |
| 83. | Uncovered food receptacles | | 89. | Failure to have conveyance available for injured animals | |
| 84. | Several animals without water and displaying thirst | | 90. | Cobwebs | |
| | | | 91. | Some vermin infestation - low | |

DACC 14 – Revised 05/26/18 -FS

40

License No.: 716 7CK

## SECTION IV

POINT VALUE: 2 POINTS FOR VIOLATIONS IN EACH CATEGORY

Points Deducted: ___

| Consumer Protection (Retail Pet Sales) | | Consumer Protection (Dog Breeders) | |
|---|---|---|---|
| 92. | Dog/Cat Source, Age and Health Information Statement (H&S §122140) | 102. | Disclosure to Purchaser (H&S §122050) |
| 93. | Written Notice of Purchaser's Rights (H&S §122190) | 103. | Records on Health, Status and Disposition of Dogs (H&S §122055) |
| 94. | Written Records – Dog and Cat (H&S §122145) | 104. | Written Notice of Purchasers Rights (H&S §122100) |
| 95. | Disclosure on Cage (H&S §122215) | **Required Postings and Information** | |
| 96. | Information Available for Prospective Purchaser of Dogs (H&S §122220) | 105. | Posting of emergency contact information (Los Angeles County Code Sec. 10.40.010E) |
| 97. | Posting of Notice – Registration (H&S §122305, 122310) | 106. | Required rabies reporting information (Los Angeles County Code Sec. 10.39.010) |
| 98. | Turtles – posted sign (CCR §2612.1) | **Misc. Violations of Law** | |
| 99. | Turtles – sales slip (CCR §2612.1) | 107. | Misc. violation of law – high risk (2 pts. deducted per violation of each law): |
| **Medical Care and Health of the Animals** | | | |
| 100. | Lack of rabies certificates – 3 or less dogs | | |
| 101. | Lack of distemper vaccination -- 3 or less dogs (guard dogs) | 108. | Misc. violation of law – low risk (2 pts. deducted per law violated): |

Left margin (vertical text): INSPECTED: Y ___ N ___  INSPECTING OFFICER: AD. PHOT  BADGE NO.: 26/7  SUPERVISOR: ___  DATE: 1/26/18  ISOLATION APPROVED?: Y ___ N ___

## SCORE AND GRADING

| Deductions | | Scoring | | Grade Earned | |
|---|---|---|---|---|---|
| Section I | ○ | 100 | Points possible | ☒ A | (90 -100 points) |
| Section II | ○ | − ○ | Deductions | B | (80-89 points) |
| Section III | ○ | 100 | Final Score | C | (70-79 points) |
| Section IV | ○ | | | − | (less than 70 points) |
| Total Deductions: | ○ | | | | |

## ORDERS TO COMPLY AND FOLLOW UP

| OTC Issued | ☐ Y   ☐ N | OTC Number. | | Reinspection Date: |
|---|---|---|---|---|

Comments

DACC 14 - Revised 05/26/16 -PB



# COUNTY OF LOS ANGELES
## DEPARTMENT OF ANIMAL CARE AND CONTROL
# ANIMAL FACILITY INSPECTION REPORT



Date Violations Corrected

See attached pages for documentation as to the exact nature of the violation(s) observed at the time of inspection.

☒ No violations observed at the time of inspection.　　☐ Complaint allegations not observed at the time of inspection.

**Score** 100　**Grade** A

DATE OF INSPECTION: 10-18-18　COMPLIANCE DATE:　INSPECTOR NO: 1 2 3 OTHER: 2167 PL　LICENSE NO: 661-526-1300　EMAIL ADDRESS:　PHONE: 661-526-1300　FAX:　GRADE CARD ISSUED? YES NO　RECEIPT #

FACILITY NAME: Southern Oregon Orphans Cat Rescue　FACILITY ADDRESS: 35762 80th East ST　CITY: Littlerock　FACILITY OWNER(S): Julia Mildenberger　FACILITY VETERINARIAN: Mission Animal Hospital　VETERINARIAN ADDRESS: 845 West Palmdale Blvd　CITY: Palmdale　OWNER PHONE:　LOCATION OF ANIMALS: Four Korner Cats　TYPE OF FACILITY:　FACILITY OWNER/PHONE NUMBER

DACC 14 - Revised 09/29/16 -PB

## SECTION I
### Violations in this category pose an immediate threat to the health and safety of the animals. POINT VALUE: 11 POINTS FOR VIOLATIONS IN EACH CATEGORY　Points Deducted 0

**Housing Facilities**
| | | | | |
|---|---|---|---|---|
| 1. | Incompatible animals housed together or in direct proximity. | 17. | Isolation-sick/injured animals housed with healthy animals |
| 2. | Housing facilities in disrepair- immediate risk | 18. | Animals with immediate/distress/serious suffering |
| 3. | Facility seriously overcrowded – needs immediate correction | 19. | Animals with zoonotic disease/public contact |
| 4. | Ventilation/Air quality – causes breathing difficulties | 20. | Untreated illness/injury |
| 5. | Ambient temperature – excessive heat or cold causing risk | 21. | Seriously underweight animals |
| 6. | Primary enclosures insufficient for normal posture | 22. | Animals inadequately groomed – causing severe injury |
| 7. | Lack of shelter – high risk | 23. | Causing unfit animals to work |
| 8. | Lighting insufficient to properly clean/inspect | | Sanitation |

**Food**
| | | | | |
|---|---|---|---|---|
| 9. | No food available | 24. | Filthy-immediate risk |
| 10. | Food is spoiled | 25. | No cleaning supplies and/or materials |
| 11. | Perishable food improperly stored – high risk | 26. | Waste disposal system absent or broken |
| | Water | 27. | Excessive vermin infestation – immediate risk |
| 12. | No water available | 28. | Excessive clutter – impossible to sanitize |
| 13. | Water is contaminated | | Safety and Security |
| | Animal Safety | 29. | Dangerous animals at risk of escape |
| 14. | Animal injured or died due to act or omission | 30. | Dangerous animals available for public contact |
| 15. | Hazardous environment/equipment – high risk | 31. | Lack of or insufficient fire suppression system |
| | Euthanasia Practices | 32. | Predatory animals can readily gain access to animals |
| 16. | Use of non-approved methods of euthanasia | 33. | Lack of Rabies Certificates- multiple violations |
| | | 34. | Lack of Distemper vaccinations – multiple (guard dogs) |

## SECTION II
### POINT VALUE: 6 POINTS FOR VIOLATIONS IN EACH CATEGORY　Points Deducted 0

**Housing Facilities**
| | | | | |
|---|---|---|---|---|
| 35. | Housing facilities are in disrepair-moderate risk | | Sanitation |
| 36. | Facility is overcrowded – moderate risk | 58. | Animal housing cannot be readily sterilized |
| 37. | Ventilation is stagnant – moderate risk | 59. | Greater than 24-hour accumulation of feces/waste |
| 38. | Ambient temperature – moderate risk | 60. | Dirty- moderate risk |
| 39. | Insufficient shelter – moderate risk | 61. | Bowls/tools/equipment/materials and supplies not sanitized |
| 40. | Crates stacked in violation of Los Angeles County Code Section 10.40.010M | 62. | Waste disposal system insufficient |
| | | 63. | Moderate vermin infestation |
| 41. | Lighting poor – difficult to properly clean/inspect | 64. | Moderate clutter – impeding sanitation |
| 42. | Housed primarily on wire floor (H&S §122065.5) | | Safety and Security |
| 43. | Kennel runs – inappropriate surfacing | 65. | Non-dangerous animals at risk of escape |
| | Food | 66. | Lack of emergency evacuation plan |
| 44. | Not nutritionally sufficient for age, species or other condition | 67. | Predatory animals can gain access to animals – moderate risk |
| 45. | Perishable food improperly stored – moderate risk | 68. | Failure to provide proper notification by traveling circus/animal (H&S §25989.1) |
| | Water | | |
| 46. | Large number of animals without water | | Exercise and Socialization |
| 47. | Water in danger of contamination | 69. | Animals housed 24 hours/ day and not exercised daily |
| 48. | Water receptacles damaged/incapable of proper disinfection | 70. | Primary enclosure insufficient for daily housing |
| 49. | No warm water available (grooming parlors) | 71. | Display of stereotypical cage stress behavior |
| | Animal Safety | 72. | Adequate socialization (H&S §122065(d)) |
| 50. | Ill and/or injured animals without treatment – moderate risk | | Presence of Illegal Animals |
| 51. | Isolation facilities inadequate – moderate risk | 73. | Turtles with a carapace length of less than four (4) inches (CCR §2612.1 |
| 52. | Moderately underweight animals | | |
| 53. | Animals inadequately groomed – causing minor injury or moderate risk of injury | 74. | Sale or gift of live chicks, rabbits, ducklings or other fowl (PC §599) |
| 54. | Animals with zoonotic disease/staff access | 75. | Dyed live chicks, rabbits, ducklings, other fowl (PC §599) |
| 55. | Lack of access to veterinarian with species specific training | 76. | Dogs under 8 weeks old (H&S §122155(b)) |
| 56. | Hazardous environment/equipment – moderate risk | 77. | Animals prohibited by F&W, USFWS, USDA, etc. |
| | Permits and Documentation | 78. | Unweaned birds w/o trained staff – H&S §122321 |
| 57. | Lack of required permits and documentation | | |

## SECTION III
### POINT VALUE: 4 POINTS FOR VIOLATIONS IN EACH CATEGORY　Points Deducted 0

**Housing Facilities**
| | | | | |
|---|---|---|---|---|
| 79. | Some disrepair – low risk | | Medical Care and Health of the Animals |
| 80. | Poor ambient temperature – low risk | 85. | Ectoparasites/Endoparasites |
| 81. | Insufficient shelter – low risk | 86. | Slightly underweight animals |
| 82. | Lack of roosting boards (H&S §122065(d)) | 87. | Ill animals, minor injuries – low risk |
| | Food and Water | 88. | Failure to have present or on-call veterinarian – rodeos (PC §596.7h) |
| 83. | Uncovered food receptacles | 89. | Failure to have conveyance available for injured animals |
| 84. | Several animals without water and displaying thirst | 90. | Cobwebs |
| | | 91. | Some vermin infestation - low |

License No: _216 7 DK_

## SECTION IV

**POINT VALUE: 2 POINTS FOR VIOLATIONS IN EACH CATEGORY**

Points Deducted: ○

| Consumer Protection (Retail Pet Sales) | | Consumer Protection (Dog Breeders) | |
|---|---|---|---|
| 92. | Dog/Cat Source, Age and Health Information Statement (H&S §122140) | 102. | Disclosure to Purchaser (H&S §122050) |
| 93. | Written Notice of Purchaser's Rights (H&S §122190) | 103. | Records on Health, Status and Disposition of Dogs (H&S §122055) |
| 94. | Written Records – Dog and Cat (H&S §122145) | 104. | Written Notice of Purchasers Rights (H&S §122100) |
| 95. | Disclosure on Cage (H&S §122215) | **Required Postings and Information** | |
| 96 | Information Available for Prospective Purchaser of Dogs (H&S §122220) | 105. | Posting of emergency contact information (Los Angeles County Code Sec. 10.40.010E) |
| 97. | Posting of Notice – Registration (H&S §122305, 122310) | 106. | Required rodeo reporting information (Los Angeles County Code Sec. 10.39.010) |
| 98. | Turtles – posted sign (CCR §2612.1) | **Misc. Violations of Law** | |
| 99. | Turtles – sales slip (CCR §2612.1) | 107. | Misc. violation of law – high risk (2 pts. deducted per violation of each law): |
| **Medical Care and Health of the Animals** | | | |
| 100. | Lack of rabies certificates – 3 or less dogs | | |
| 101. | Lack of distemper vaccination – 3 or less dogs (guard dogs) | 108 | Misc. violation of law – low risk (2 pts. deducted per law violated): |

(left margin, rotated) INSPECTING OFFICER: _S. Reynolds_   LICENSE NO: _267_   SUPERVISOR:   DATE:   REEXAM/OTHER PROVIDED:

## SCORE AND GRADING

| Deductions | | | Scoring | | Grade Earned | | |
|---|---|---|---|---|---|---|---|
| Section I | 10 | | 100 | Points possible | X | A | (90 -100 points) |
| Section II | 0 | – | 0 | Deductions | | B | (80-89 points) |
| Section III | 0 | | 100 | Final Score | | C | (70-79 points) |
| Section IV | 0 | | | | | - | (less than 70 points) |
| Total Deductions: | 0 | | | | | | |

## ORDERS TO COMPLY AND FOLLOW UP

| OTC Issued.  ☐ Y   ☐ N | OTC Number. | Reinspection Date: |
|---|---|---|

Comments:



**COUNTY OF LOS ANGELES**
**DEPARTMENT OF ANIMAL CARE AND CONTROL**

# ANIMAL FACILITY INSPECTION REPORT



Date Violations Corrected

**See attached pages for documentation as to the exact nature of the violation(s) observed at the time of inspection.**

☑ No violations observed at the time of inspection.   ☐ Complaint allegations not observed at the time of inspection.

Score **100**   Grade **A**

Left margin fields:
DATE OF INSPECTION: 12/20/8
COMPLIANCE DATE:
INSPECTOR NO: 3 2 OINC.
LICENSE NO: 216792
EMAIL ADDRESS:
PHONE: 661 5- 0 120
FAX:
ZIP: 93351
GRADE CARD ISSUED? YES NO
RECEIPT:

FACILITY NAME: SOUTHERN CALIFORNIA CAT REPORT
FACILITY ADDRESS: 3 762 8 of TEST
FACILITY OWNER(S): JUDITH MILDENBERGER
VETERINARIAN ADDRESS: 845 W. PALMDALE
TYPE OF FACILITY: PB BD BG CP MG AM AE AD WA
CITY: PALMDALE
OWNER PHONE:
CITY: PALMDALE
LOCATION OF GRADE CARD: FRONT ENTRANCE
FACILITY PHONE/WORK NUMBER:

## SECTION I

Violations in this category pose an immediate threat to the health and safety of the animals.
**POINT VALUE: 11 POINTS FOR VIOLATIONS IN EACH CATEGORY**   Points Deducted: 0

| | Housing Facilities | | | Medical Care and Health of the Animals |
|---|---|---|---|---|
| 1. | Incompatible animals housed together or in direct proximity. | | 17. | Isolation-sick/injured animals housed with healthy animals |
| 2. | Housing facilities in disrepair- immediate risk | | 18. | Animals with immediate/serious suffering |
| 3. | Facility seriously overcrowded – needs immediate correction | | 19. | Animals with zoonotic diseases/public contact |
| 4. | Ventilation/Air quality – causes breathing difficulties | | 20. | Untreated illness/injury |
| 5. | Ambient temperature – excessive heat or cold causing risk | | 21. | Seriously underweight animals |
| 6. | Primary enclosure insufficient for normal posture | | 22. | Animals inadequately groomed – causing severe injury |
| 7. | Lack of shelter – high risk | | 23. | Causing unfit animals to work |
| 8. | Lighting insufficient to properly clean/inspect | | | **Sanitation** |
| | **Food** | | 24. | Filthy-immediate risk |
| 9. | No food available | | 25. | No cleaning supplies and/or materials |
| 10. | Food is spoiled | | 26. | Waste disposal system absent or broken |
| 11. | Perishable food improperly stored – high risk | | 27. | Excessive vermin infestation – immediate risk |
| | **Water** | | 28. | Excessive clutter – impossible to sanitize |
| 12. | No water available | | | **Safety and Security** |
| 13. | Water is contaminated | | 29. | Dangerous animals at risk of escape |
| | **Animal Safety** | | 30. | Dangerous animals available for public contact |
| 14. | Animal injured or died due to act or omission | | 31. | Lack of or insufficient fire suppression system |
| 15. | Hazardous environment/equipment – high risk | | 32. | Predatory animals can readily gain access to animals |
| | **Euthanasia Practices** | | 33. | Lack of Rabies Certificates- multiple violations |
| 16. | Use of non-approved methods of euthanasia | | 34. | Lack of Distemper vaccinations – multiple (guard dogs) |

## SECTION II

**POINT VALUE: 8 POINTS FOR VIOLATIONS IN EACH CATEGORY**   Points Deducted: 0

| | Housing Facilities | | | Sanitation |
|---|---|---|---|---|
| 35. | Housing facilities are in disrepair–moderate risk | | 58. | Animal housing cannot be readily sterilized |
| 36. | Facility is overcrowded – moderate risk | | 59. | Greater than 24-hour accumulation of feces/waste |
| 37. | Ventilation is stagnant – moderate risk | | 60. | Dirty- moderate risk |
| 38. | Ambient temperature – moderate risk | | 61. | Bowls/tools/equipment/materials and supplies not sanitized |
| 39. | Insufficient shelter – moderate risk | | 62. | Waste disposal system insufficient |
| 40. | Crates stacked in violation of Los Angeles County Code Section 10.40.010M | | 63. | Moderate vermin infestation |
| | | | 64. | Moderate clutter – impeding sanitation |
| 41. | Lighting poor – difficult to properly clean/inspect | | | **Safety and Security** |
| 42. | Housed primarily on wire floor (H&S §122065.5) | | 65. | Non-dangerous animals at risk of escape |
| 43. | Kennel runs – inappropriate surfacing | | 66. | Lack of emergency evacuation plan |
| | **Food** | | 67. | Predatory animals can gain access to animals – moderate risk |
| 44. | Not nutritionally sufficient for age, species or other condition | | | |
| 45. | Perishable food improperly stored – moderate risk | | 68. | Failure to provide proper notification by traveling circus/carnival (H&S §25989.1) |
| | **Water** | | | **Exercise and Socialization** |
| 46. | Large number of animals without water | | 69. | Animals housed 24 hours/ day and not exercised daily |
| 47. | Water in danger of contamination | | 70. | Primary enclosure insufficient for daily housing |
| 48. | Water receptacles damaged/incapable of proper disinfection | | 71. | Display of stereotypical cage stress behavior |
| 49. | No warm water available (grooming parlors) | | 72. | Adequate socialization (H&S §122065(e)) |
| | **Animal Safety** | | | **Presence of Illegal Animals** |
| 50. | Ill and/or injured animals without treatment – moderate risk | | 73. | Turtles with a carapace length of less than four (4) inches (OCR §2612.1 |
| 51. | Isolation facilities inadequate – moderate risk | | | |
| 52. | Moderately underweight animals | | 74. | Sale or gift of live chicks, rabbits, ducklings or other fowl (PC §599) |
| 53. | Animals inadequately groomed – causing minor injury or moderate risk of injury | | | |
| | | | 75. | Dyed live chicks, rabbits, ducklings, other fowl (PC §599) |
| 54. | Animals with zoonotic disease/staff access | | 76. | Dogs under 8 weeks old (H&S §122155(b)) |
| 55. | Lack of access to veterinarian with species specific training | | 77. | Animals prohibited by F&W, USFWS, USDA, etc. |
| 56. | Hazardous environment/equipment – moderate risk | | 78. | Unweaned birds w/o trained staff – H&S §122321 |
| | **Permits and Documentation** | | | |
| 57. | Lack of required permits and documentation | | | |

## SECTION III

**POINT VALUE: 4 POINTS FOR VIOLATIONS IN EACH CATEGORY**   Points Deducted: 0

| | Housing Facilities | | | Medical Care and Health of the Animals |
|---|---|---|---|---|
| 79. | Some disrepair – low risk | | 85. | Ectoparasites/Endoparasites |
| 80. | Poor ambient temperature – low risk | | 86. | Slightly underweight animals |
| 81. | Insufficient shelter – low risk | | 87. | Ill animals, minor injuries – low risk |
| 82. | Lack of resting boards (H&S §122065(d)) | | 88. | Failure to have present or on-call veterinarian – rodeos (PC §596.7b) |
| | **Food and Water** | | | |
| 83. | Uncovered food receptacles | | 89. | Failure to have conveyance available for injured animals |
| 84. | Several animals without water and displaying thirst | | 90. | Cobwebs |
| | | | 91. | Some vermin infestation - low |

DACC 14 – Revised 09/29/16 -PB

License No. ZK7CK

**SECTION IV**

POINT VALUE: 2 POINTS FOR VIOLATIONS IN EACH CATEGORY

Points Deducted: ○

| | Consumer Protection (Retail Pet Sales) | | Consumer Protection (Dog Breeders) |
|---|---|---|---|
| 92. | Dog/Cat Source, Age and Health Information Statement (H&S §122140) | 102. | Disclosure to Purchaser (H&S §122050) |
| 93. | Written Notice of Purchaser's Rights (H&S §122190) | 103. | Records on Health, Status and Disposition of Dogs (H&S §122055) |
| 94. | Written Records – Dog and Cat (H&S §122145) | 104. | Written Notice of Purchasers Rights (H&S §122100) |
| 95. | Disclosure on Cage (H&S §122215) | | Required Postings and Information |
| 96. | Information Available for Prospective Purchaser of Dogs (H&S §122220) | 105. | Posting of emergency contact information (Los Angeles County Code Sec. 10.40.010E) |
| 97. | Posting of Notice – Registration (H&S §122305, 122310) | 106. | Required rodeo reporting information (Los Angeles County Code Sec. 10.39.010) |
| 98. | Turtles – posted sign (CCR §2612.1) | | Misc. Violations of Law |
| 99. | Turtles – sales slip (CCR §2612.1) | 107. | Misc. violation of law – high risk (2 pts. deducted per violation of each law): |
| | Medical Care and Health of the Animals | | |
| 100. | Lack of rabies certificates – 3 or less dogs | | |
| 101. | Lack of distemper vaccination – 3 or less dogs (guard dogs) | 108. | Misc. violation of law – low risk (2 pts. deducted per law violated): |

Approved: ○  N
Inspecting Officer: T. ENOUGH 287  N
Badge No: 267
Supervisor:
Date:
Regulations Provided? N

**SCORE AND GRADING**

| Deductions | | Scoring | | | Grade Earned | |
|---|---|---|---|---|---|---|
| Section I: | 0 | 100 | Points possible | ✗ | A | (90 -100 points) |
| Section II: | 2 | – 0 | Deductions | | B | (80-89 points) |
| Section III: | 0 | 100 | Final Score | | C | (70-79 points) |
| Section IV: | 0 | | | | - | (less than 70 points) |
| Total Deductions: | 0 | | | | | |

**ORDERS TO COMPLY AND FOLLOW UP**

OTC Issued: ☐ Y   ☒ N   OTC Number:   Reinspection Date:

Comments:

DACC 14 – Revised 04/2018 -FB

| Data Violations Corrected |  | COUNTY OF LOS ANGELES<br>DEPARTMENT OF ANIMAL CARE AND CONTROL<br>**ANIMAL FACILITY INSPECTION REPORT** |  |
|---|---|---|---|

See attached pages for documentation as to the exact nature of the violation(s) observed at the time of inspection.

☒ No violations observed at the time of inspection     ☐ Complaint allegations not observed at the time of inspection.

| Score | Grade |
|---|---|
| 100 | A |

**SECTION I**

Violations in this category pose an immediate threat to the health and safety of the animals.

**POINT VALUE: 11 POINTS FOR VIOLATIONS IN EACH CATEGORY**     Points Deducted: 0

| | Housing Facilities | | | Medical Care and Health of the Animals |
|---|---|---|---|---|
| 1. | Incompatible animals housed together or in direct proximity. | 17. | Isolation-sick/injured animals housed with healthy animals |
| 2. | Housing facilities in disrepair- immediate risk | 18. | Animals with immediate/serious suffering |
| 3. | Facility seriously overcrowded – needs immediate correction | 19. | Animals with zoonotic diseases/public contact |
| 4. | Ventilation/Air quality – causes breathing difficulties | 20. | Untreated illness/injury |
| 5. | Ambient temperature – excessive heat or cold causing risk | 21. | Seriously underweight animals |
| 6. | Primary enclosures insufficient for normal posture | 22. | Animals inadequately groomed – causing severe injury |
| 7. | Lack of shelter – high risk | 23. | Causing unfit animals to work |
| 8. | Lighting insufficient to properly clean/inspect | | Sanitation |
| | Food | 24. | Filthy-immediate risk |
| 9. | No food available | 25. | No cleaning supplies and/or materials |
| 10. | Food is spoiled | 26. | Waste disposal system absent or broken |
| 11. | Perishable food improperly stored – high risk | 27. | Excessive vermin infestation – immediate risk |
| | Water | 28. | Excessive clutter – impossible to sanitize |
| 12. | No water available | | Safety and Security |
| 13. | Water is contaminated | 29. | Dangerous animals at risk of escape |
| | Animal Safety | 30. | Dangerous animals available for public contact |
| 14. | Animal injured or died due to act or omission | 31. | Lack of or insufficient fire suppression system |
| 15. | Hazardous environment/equipment – high risk | 32. | Predatory animals can readily gain access to animals |
| | Euthanasia Practices | 33. | Lack of Rabies Certificates- multiple violations |
| 16. | Use of non-approved methods of euthanasia | 34. | Lack of Distemper vaccinations – multiple (guard dogs) |

**SECTION II**

**POINT VALUE: 8 POINTS FOR VIOLATIONS IN EACH CATEGORY**     Points Deducted: 0

| | Housing Facilities | | | Sanitation |
|---|---|---|---|---|
| 35. | Housing facilities are in disrepair-moderate risk | 58. | Animal housing cannot be readily sterilized |
| 36. | Facility is overcrowded – moderate risk | 59. | Greater than 24-hour accumulation of feces/waste |
| 37. | Ventilation is stagnant – moderate risk | 60. | Dirty- moderate risk |
| 38. | Ambient temperature – moderate risk | 61. | Bowls/tools/equipment/materials and supplies not sanitized |
| 39. | Insufficient shelter – moderate risk | 62. | Waste disposal system insufficient |
| 40. | Crates stacked in violation of Los Angeles County Code Section 10.40.010M | 63. | Moderate vermin infestation |
| | | 64. | Moderate clutter – impeding sanitation |
| 41. | Lighting poor – difficult to properly clean/inspect | | Safety and Security |
| 42. | Housed primarily on wire floor (H&S §122065.5) | 65. | Non-dangerous animals at risk of escape |
| 43. | Kennel runs – inappropriate surfacing | 66. | Lack of emergency evacuation plan |
| | Food | 67. | Predatory animals can gain access to animals – moderate risk |
| 44. | Not nutritionally sufficient for age, species or other condition | 68. | Failure to provide proper notification by traveling circus/carnival (H&S §25989.1) |
| 45. | Perishable food improperly stored – moderate risk | | |
| | Water | | Exercise and Socialization |
| 46. | Large number of animals without water | 69. | Animals housed 24 hours/ day and not exercised daily |
| 47. | Water in danger of contamination | 70. | Primary enclosure insufficient for daily housing |
| 48. | Water receptacles damaged/incapable of proper disinfection | 71. | Display of stereotypical cage stress behavior |
| 49. | No warm water available (grooming parlors) | 72. | Adequate socialization (H&S §122065(e)) |
| | Animal Safety | | Presence of Illegal Animals |
| 50. | Ill and/or injured animals without treatment – moderate risk | 73. | Turtles with a carapace length of less than four (4) inches (CCR §2612.) |
| 51. | Isolation facilities inadequate – moderate risk | | |
| 52. | Moderately underweight animals | 74. | Sale or gift of live chicks, rabbits, ducklings or other fowl (PC §599) |
| 53. | Animals inadequately groomed – causing minor injury or moderate risk of injury | | |
| 54. | Animals with zoonotic disease/staff access | 75. | Dyed live chicks, rabbits, ducklings, other fowl (PC §599) |
| 55. | Lack of access to veterinarian with species specific training | 76. | Dogs under 8 weeks old (H&S §122155(b)) |
| 56. | Hazardous environment/equipment – moderate risk | 77. | Animals prohibited by F&W, USFWS, USDA, etc. |
| | Permits and Documentation | 78. | Unweaned birds w/o trained staff – H&S §122321 |
| 57. | Lack of required permits and documentation | | |

**SECTION III**

**POINT VALUE: 4 POINTS FOR VIOLATIONS IN EACH CATEGORY**     Points Deducted: 0

| | Housing Facilities | | | Medical Care and Health of the Animals |
|---|---|---|---|---|
| 79. | Some disrepair – low risk | 85. | Ectoparasites/lice/Endoparasites |
| 80. | Poor ambient temperature – low risk | 86. | Slightly underweight animals |
| 81. | Insufficient shelter – low risk | 87. | Ill animals, minor injuries – low risk |
| 82. | Lack of resting boards (H&S §122065(d)) | 88. | Failure to have present or on-call veterinarian – rodeos (PC §596.7b) |
| | Food and Water | | |
| 83. | Uncovered food receptacles | 89. | Failure to have conveyance available for injured animals |
| 84. | Several animals without water and displaying thirst | 90. | Cobwebs |
| | | 91. | Some vermin infestation - low |

FACILITY NAME: Southern Calirotne Cat map / FACILITY/PET/PHONE NUMBER:

FACILITY ADDRESS: 845L ROYAL OAST

FACILITY OWNER(S): Julie Mildenbrant

FACILITY VETERINARIAN: Mission Animal Hospital

VETERINARIAN ADDRESS: 845 W. Premoale

TYPE OF FACILITY: (NO)  BD  BO  PS  GF  MO  AE  AD  WA

LOCATION OF GRADE CARD: Fort Entrance

DATE OF INSPECTION: 12/20/18

COMPLIANCE DATE: _____

INSPECTION No: 1  3  Other:

LICENSE No: 2/67 DK

E-MAIL ADDRESS: _____

PHONE: 661-526-1300

FAX: _____

ZIP: 9355

GRADE CARD ISSUED: YES  No

OWNER PHONE: _____

CITY: Littlerock

CITY: Premoale

DACC 14 – Revised 06/29/16 -PS

License No.: *916 7 DL*

## SECTION IV

**POINT VALUE: 2 POINTS FOR VIOLATIONS IN EACH CATEGORY**

Points Deducted: *O*

| Consumer Protection (Retail Pet Sales) | | Consumer Protection (Dog Breeders) | |
|---|---|---|---|
| 92. | Dog/Cat Source, Age and Health Information Statement (H&S §122140) | 102. | Disclosure to Purchaser (H&S §122050) |
| 93. | Written Notice of Purchaser's Rights (H&S §122190) | 103. | Records on Health, Status and Disposition of Dogs (H&S §122055) |
| 94. | Written Records – Dog and Cat (H&S §122145) | 104. | Written Notice of Purchasers Rights (H&S §122100) |
| 95. | Disclosure on Cage (H&S §122215) | | Required Postings and Information |
| 96. | Information Available for Prospective Purchaser of Dogs (H&S §122220) | 105. | Posting of emergency contact information (Los Angeles County Code Sec. 10.40.010E) |
| 97. | Posting of Notice – Registration (H&S §122305, 122310) | 106. | Required rodeo reporting information (Los Angeles County Code Sec. 10.39.010) |
| 98. | Turtles – posted sign (CCR §2612.1) | | Misc. Violations of Law |
| 99. | Turtles – sales slip (CCR §2612.1) | 107. | Misc. violation of law – high risk (2 pts. deducted per violation of each law): |
| | Medical Care and Health of the Animals | | |
| 100. | Lack of rabies certificates – 3 or less dogs | | |
| 101. | Lack of distemper vaccination – 3 or less dogs (guard dogs) | 108. | Misc. violation of law – low risk (2 pts. deducted per law violated): |

(vertical left column) APPROVED? N  IN SPECTING OFFICER *T. APPLLL*  BADGE NO. *287*  SUPERVISOR:  DATE:  REGULATIONS PROVIDED? N

## SCORE AND GRADING

| Deductions | | | Scoring | | | Grade Earned | | |
|---|---|---|---|---|---|---|---|---|
| Section I: | *O* | | 100 | Points possible | | A | (90 -100 points) | |
| Section II: | *O* | | - *O* | Deductions | | B | (80-89 points) | |
| Section III: | *O* | | *100* | Final Score | | C | (70-79 points) | |
| Section IV: | *O* | | | | | - | (less than 70 points) | |
| Total Deductions: | *O* | | | | | | | |

## ORDERS TO COMPLY AND FOLLOW UP

| OTC Issued: | ☐ Y   ☒ N | OTC Number: | Reinspection Date: |
|---|---|---|---|

Comments:

DACC 14 – Revised 08/29/18 -PB

Date Violations Corrected
9-17-20



**COUNTY OF LOS ANGELES**
**DEPARTMENT OF ANIMAL CARE AND CONTROL**
# ANIMAL FACILITY INSPECTION REPORT



See attached pages for documentation as to the exact nature of the violation(s) observed at the time of inspection.

☐ No violations observed at the time of inspection   ☐ Complaint allegations not observed at the time of inspection.

| Score | Grade |
|-------|-------|
| 96 | A |

Sidebar (vertical text):
DATE OF INSPECTOR: 9-17-20 | INSPECTOR: 3 ONE | LICENSE NO: 2167 CK/Ho | GRADE CARD ISSUED: Yes ☒ No
COMPLIANCE DATE: 9-17-20 | EMAIL ADDRESS: Cityagentofehec@Aol.com | FAX:
PHONE: 661-526-1300 | ZIP: 93510
CITY: Littlerock | OWNER PHONE:
CITY: Palmdale | RECEIPT: Front Entrance | LOCATION OF POSTED SIGN:
FACILITY NAME: Suppressed / Unofficial Cat Shelter | FACILITY PHONE NUMBER: 33712 80th East St | VETERINARIAN: Julia Wildenberger | VETERINARIAN ADDRESS: 845 W. Palmdale | TYPE OF FACILITY: (16) BO ED PS GP MO AM AE AD WA

## SECTION I

| | Violations in this category pose an immediate threat to the health and safety of the animals. **POINT VALUE: 11 POINTS FOR VIOLATIONS IN EACH CATEGORY** | Points Deducted O | | | | |
|---|---|---|---|---|---|---|
| **Housing Facilities** | | | | **Medical Care and Health of the Animals** | | |
| 1. | Incompatible animals housed together or in direct proximity. | | | 17. | Isolation-sick/injured animals housed with healthy animals | |
| 2. | Housing facilities in disrepair- immediate risk | | | 18. | Animals with immediate/serious suffering | |
| 3. | Facility seriously overcrowded – needs immediate correction | | | 19. | Animals with zoonotic diseases/public contact | |
| 4. | Ventilation/Air quality – causes breathing difficulties | | | 20. | Untreated illness/injury | |
| 5. | Ambient temperature – excessive heat or cold causing risk | | | 21. | Seriously underweight animals | |
| 6. | Primary enclosures insufficient for normal posture | | | 22. | Animals inadequately groomed – causing severe injury | |
| 7. | Lack of shelter – high risk | | | 23. | Causing unfit animals to work | |
| 8. | Lighting insufficient to properly clean/inspect | | | **Sanitation** | | |
| **Food** | | | | 24. | Filthy-immediate risk | |
| 9. | No food available | | | 25. | No cleaning supplies and/or materials | |
| 10. | Food is spoiled | | | 26. | Waste disposal system absent or broken | |
| 11. | Perishable food improperly stored – high risk | | | 27. | Excessive vermin infestation – immediate risk | |
| **Water** | | | | 28. | Excessive clutter – impossible to sanitize | |
| 12. | No water available | | | **Safety and Security** | | |
| 13. | Water is contaminated | | | 29. | Dangerous animals at risk of escape | |
| **Animal Safety** | | | | 30. | Dangerous animals available for public contact | |
| 14. | Animal injured or died due to act or omission | | | 31. | Lack of or insufficient fire suppression system | |
| 15. | Hazardous environment/equipment – high risk | | | 32. | Predatory animals can readily gain access to animals | |
| **Euthanasia Practices** | | | | 33. | Lack of Rabies Certificates- multiple violations | |
| 16. | Use of non-approved methods of euthanasia | | | 34. | Lack of Distemper vaccinations – multiple (guard dogs) | |

## SECTION II

| | **POINT VALUE: 6 POINTS FOR VIOLATIONS IN EACH CATEGORY** | Points Deducted O | | | | |
|---|---|---|---|---|---|---|
| **Housing Facilities** | | | | **Sanitation** | | |
| 35. | Housing facilities are in disrepair-moderate risk | | | 58. | Animal housing cannot be readily sanitized | |
| 36. | Facility is overcrowded – moderate risk | | | 59. | Greater than 24-hour accumulation of feces/waste | |
| 37. | Ventilation is stagnant – moderate risk | | | 60. | Dirty- moderate risk | |
| 38. | Ambient temperature – moderate risk | | | 61. | Bowls/tools/equipment/materials and supplies not sanitized | |
| 39. | Insufficient shelter – moderate risk | | | 62. | Waste disposal system insufficient | |
| 40. | Crates stacked in violation of Los Angeles County Code Section 10.40.010M | | | 63. | Moderate vermin infestation | |
| | | | | 64. | Moderate clutter – impeding sanitation | |
| 41. | Lighting poor – difficult to properly clean/inspect | | | **Safety and Security** | | |
| 42. | Housed primarily on wire floor (H&S §122065.5) | | | 65. | Non-dangerous animals at risk of escape | |
| 43. | Kennel runs – inappropriate surfacing | | | 66. | Lack of emergency evacuation plan | |
| **Food** | | | | 67. | Predatory animals can gain access to animals – moderate risk | |
| 44. | Not nutritionally sufficient for age, species or other cause | | | | | |
| 45. | Perishable food improperly stored – moderate risk | | | 68. | Failure to provide proper notification by traveling circus/carnival (H&S §26989.1) | |
| **Water** | | | | | | |
| 46. | Large number of animals without water | | | **Exercise and Socialization** | | |
| 47. | Water in danger of contamination | | | 69. | Animals housed 24 hours/ day and not exercised daily | |
| 48. | Water receptacles damaged/incapable of proper disinfection | | | 70. | Primary enclosure insufficient for daily housing | |
| 49. | No warm water available (grooming parlors) | | | 71. | Display of stereotypical cage stress behavior | |
| **Animal Safety** | | | | 72. | Adequate socialization (H&S §122065(e)) | |
| 50. | Ill and/or injured animals without treatment – moderate risk | | | **Presence of Illegal Animals** | | |
| 51. | Isolation facilities inadequate – moderate risk | | | 73. | Turtles with a carapace length of less than four (4) inches (CCR §2612.1 | |
| 52. | Moderately underweight animals | | | | | |
| 53. | Animals inadequately groomed – causing minor injury or moderate risk of injury | | | 74. | Sale or gift of live chicks, rabbits, ducklings or other fowl (PC §599) | |
| 54. | Animals with zoonotic disease/staff access | | | 75. | Dyed live chicks, rabbits, ducklings, other fowl (PC §599) | |
| 55. | Lack of access to veterinarian with species specific training | | | 76. | Dogs under 8 weeks old (H&S §122155(b)) | |
| 56. | Hazardous environment/equipment – moderate risk | | | 77. | Animals prohibited by F&W, USFWS, USDA, etc. | |
| **Permits and Documentation** | | | | 78. | Unweaned birds w/o trained staff – H&S §122321 | |
| 57. | Lack of required permits and documentation | | | | | |

## SECTION III

| | **POINT VALUE: 4 POINTS FOR VIOLATIONS IN EACH CATEGORY** | Points Deducted 4 | | | | |
|---|---|---|---|---|---|---|
| **Housing Facilities** | | | | **Medical Care and Health of the Animals** | | |
| 79. | Some disrepair – low risk | | | 85. | Ectoparasites/Endoparasites | |
| 80. | Poor ambient temperature – low risk | | | 86. | Slightly underweight animals | |
| 81. | Insufficient shelter – low risk | | | 87. | Ill animals, minor injuries – low risk | |
| 82. | Lack of resting boards (H&S §122065(d)) | | | 88. | Failure to have present or on-call veterinarian – rodeos (PC §596.7b) | |
| **Food and Water** | | | | 89. | Failure to have conveyance available for injured animals | |
| 83. | Uncovered food receptacles | | | 90. ☒ | Cobwebs | |
| 84. | Several animals without water and displaying thirst | | | 91. | Some vermin infestation - low | |

DACO 14 - Revised 05/29/16 -PB

48

License No.: 2167CK

| | SECTION IV | | Points Deducted: ◯ |
|---|---|---|---|
| | POINT VALUE: 2 POINTS FOR VIOLATIONS IN EACH CATEGORY | | |

| **Consumer Protection (Retail Pet Sales)** | | **Consumer Protection (Dog Breeders)** | |
|---|---|---|---|
| 92. | Dog/Cat Source, Age and Health Information Statement (H&S §122140) | 102. | Disclosure to Purchaser (H&S §122050) |
| 93. | Written Notice of Purchaser's Rights (H&S §122190) | 103. | Records on Health, Status and Disposition of Dogs (H&S §122055) |
| 94. | Written Records – Dog and Cat (H&S §122145) | 104. | Written Notice of Purchasers Rights (H&S §122100) |
| 95. | Disclosure on Cage (H&S §122215) | **Required Postings and Information** | |
| 96. | Information Available for Prospective Purchaser of Dogs (H&S §122220) | 105. | Posting of emergency contact information (Los Angeles County Code Sec. 10.40.010E) |
| 97. | Posting of Notice – Registration (H&S §122305, 122310) | 106. | Required rodeo reporting information (Los Angeles County Code Sec. 10.39.010) |
| 98. | Turtles – posted sign (CCR §2612.1) | **Misc. Violations of Law** | |
| 99. | Turtles – sales slip (CCR §2612.1) | 107. | Misc. violation of law – high risk (2 pts. deducted per violation of each law): |
| **Medical Care and Health of the Animals** | | | |
| 100. | Lack of rabies certificates – 3 or less dogs | | |
| 101. | Lack of distemper vaccination – 3 or less dogs (guard dogs) | 108. | Misc. violation of law – low risk (2 pts. deducted per law violated): |

Sideways left column: APPROVED: ◯ N | INSPECTING OFFICER: T. ARDAGA | BADGE NO. 287 | SUPERVISOR: J. Palafox | DATE 6-21-23 | REGULATIONS PROVIDED? ◯ N

## SCORE AND GRADING

| Deductions | | Scoring | | Grade Earned | |
|---|---|---|---|---|---|
| Section I: | 0 | 100 | Points possible | X̶  A | (90 -100 points) |
| Section II: | 0 | - 4 | Deductions | B | (80-89 points) |
| Section III: | 4 | 96 | Final Score | C | (70-79 points) |
| Section IV: | 0 | | | - | (less than 70 points) |
| Total Deductions: | 4 | | | | |

## ORDERS TO COMPLY AND FOLLOW UP

OTC Issued: ☐ Y  ☒ N   OTC Number: _____   Reinspection Date: _____

Comments:
COBWEBS OBSERVED IN SOME CAT ENCLOSURES, COBWEBS REMOVED
DURING MY INSPECTION.

DACC 14 – Revised 06/28/18 -PB

Date Violations Corrected



COUNTY OF LOS ANGELES
DEPARTMENT OF ANIMAL CARE AND CONTROL
# ANIMAL FACILITY INSPECTION REPORT



See attached pages for documentation as to the exact nature of the violation(s) observed at the time of inspection.

☒ No violations observed at the time of inspection.     ☐ Complaint allegations not observed at the time of inspection.

| Score | Grade |
|-------|-------|
| 100 | A |

DATE OF INSPECTOR: 9-17-20
COMPLIANCE DATE:
LICENSE NO: 2167DK/A0
PHONE: (6) 526-1300
ZIP: 91355
RECEIPT #:
INSPECTION: ☒ 1 ☐ 2 ☐ OTHER
EMAIL: SOUTHERNOBLIC@AOLL.COM
CRIME CARD ISSUED? ☐ YES ☐ NO
FAX:

FACILITY NAME: Southern Continue Cat Apsthy
FACILITY ADDRESS: 25762 20TH EAST ST
FACILITY OWNER/S: Judith Mildenberger
FACILITY VETERINARIAN: Mission Animal Hospital
VETERINARIAN ADDRESS: 845 W. Oakdale
TYPE OF FACILITY: (☒) BD ☐ BS ☐ GP ☐ NG ☐ AM ☐ AE ☐ AD ☐ WA
FACILITY PHONE/NUMBER:
OWNER NUMBER:
CITY: Littlerock
CITY: Palmdale
LOCATION OF CRIME CARD: FRONT ENTRANCE

## SECTION I

| | Violations in this category pose an immediate threat to the health and safety of the animals.<br>POINT VALUE: 11 POINTS FOR VIOLATIONS IN EACH CATEGORY | Points Deducted: 0 | | | |
|---|---|---|---|---|---|
| **Housing Facilities** | | | **Medical Care and Health of the Animals** | | |
| 1. | Incompatible animals housed together or in direct proximity. | | 17. | Isolation-sick/injured animals housed with healthy animals | |
| 2. | Housing facilities in disrepair- immediate risk | | 18. | Animals with immediate/serious suffering | |
| 3. | Facility seriously overcrowded – needs immediate correction | | 19. | Animals with zoonotic diseases/public contact | |
| 4. | Ventilation/Air quality – causes breathing difficulties | | 20. | Untreated illness/injury | |
| 5. | Ambient temperature – excessive heat or cold causing risk | | 21. | Seriously underweight animals | |
| 6. | Primary enclosures insufficient for normal posture | | 22. | Animals inadequately groomed – causing severe injury | |
| 7. | Lack of shelter – high risk | | 23. | Causing unfit animals to work | |
| 8. | Lighting insufficient to properly clean/inspect | | **Sanitation** | | |
| **Food** | | | 24. | Filthy-immediate risk | |
| 9. | No food available | | 25. | No cleaning supplies and/or materials | |
| 10. | Food is spoiled | | 26. | Waste disposal system absent or broken | |
| 11. | Perishable food improperly stored – high risk | | 27. | Excessive vermin infestation – immediate risk | |
| **Water** | | | 28. | Excessive clutter – impossible to sanitize | |
| 12. | No water available | | **Safety and Security** | | |
| 13. | Water is contaminated | | 29. | Dangerous animals at risk of escape | |
| **Animal Safety** | | | 30. | Dangerous animals available for public contact | |
| 14. | Animal injured or died due to act or omission | | 31. | Lack of or insufficient fire suppression system | |
| 15. | Hazardous environment/equipment – high risk | | 32. | Predatory animals can readily gain access to animals | |
| **Euthanasia Practices** | | | 33. | Lack of Rabies Certificates- multiple violations | |
| 16. | Use of non-approved methods of euthanasia | | 34. | Lack of Distemper vaccinations – multiple (guard dogs) | |

## SECTION II

| | POINT VALUE: 6 POINTS FOR VIOLATIONS IN EACH CATEGORY | Points Deducted: 0 | | | |
|---|---|---|---|---|---|
| **Housing Facilities** | | | **Sanitation** | | |
| 35. | Housing facilities are in disrepair-moderate risk | | 58. | Animal housing cannot be readily sterilized | |
| 36. | Facility is overcrowded – moderate risk | | 59. | Greater than 24-hour accumulation of feces/waste | |
| 37. | Ventilation is stagnant – moderate risk | | 60. | Dirty- moderate risk | |
| 38. | Ambient temperature – moderate risk | | 61. | Bowls/tools/equipment/materials and supplies not sanitized | |
| 39. | Insufficient shelter – moderate risk | | 62. | Waste disposal system insufficient | |
| 40. | Crates stacked in violation of Los Angeles County Code Section 10.40.010M | | 63. | Moderate vermin infestation | |
| 41. | Lighting poor – difficult to properly clean/inspect | | 64. | Moderate clutter – impeding sanitation | |
| 42. | Housed primarily on wire floor (H&S §122065.5) | | **Safety and Security** | | |
| 43. | Kennel runs – inappropriate surfacing | | 65. | Non-dangerous animals at risk of escape | |
| **Food** | | | 66. | Lack of emergency evacuation plan | |
| 44. | Not nutritionally sufficient for age, species or other condition | | 67. | Predatory animals can gain access to animals – moderate risk | |
| 45. | Perishable food improperly stored – moderate risk | | 68. | Failure to provide proper notification by traveling circus/carnival (H&S §25989.1) | |
| **Water** | | | **Exercise and Socialization** | | |
| 46. | Large number of animals without water | | 69. | Animals housed 24 hours/ day and not exercised daily | |
| 47. | Water in danger of contamination | | 70. | Primary enclosure insufficient for daily housing | |
| 48. | Water receptacles damaged/incapable of proper disinfection | | 71. | Display of stereotypical cage stress behavior | |
| 49. | No warm water available (grooming parlors) | | 72. | Adequate socialization (H&S §122065(e)) | |
| **Animal Safety** | | | **Presence of Illegal Animals** | | |
| 50. | Ill and/or injured animals without treatment – moderate risk | | 73. | Turtles with a carapace length of less than four (4) inches (CCR §2612.1) | |
| 51. | Isolation facilities inadequate – moderate risk | | 74. | Sale or gift of live chicks, rabbits, ducklings or other fowl (PC §599) | |
| 52. | Moderately underweight animals | | | | |
| 53. | Animals inadequately groomed – causing minor injury or moderate risk of injury | | 75. | Dyed live chicks, rabbits, ducklings, other fowl (PC §599) | |
| 54. | Animals with zoonotic disease/staff safety | | 76. | Dogs under 8 weeks old (H&S §122155(b)) | |
| 55. | Lack of access to veterinarian with species specific training | | 77. | Animals prohibited by F&W, USFWS, USDA, etc. | |
| 56. | Hazardous environment/equipment – moderate risk | | 78. | Unweaned birds w/o trained staff – H&S §122321 | |
| **Permits and Documentation** | | | | | |
| 57. | Lack of required permits and documentation | | | | |

## SECTION III

| | POINT VALUE: 4 POINTS FOR VIOLATIONS IN EACH CATEGORY | Points Deducted: 0 | | | |
|---|---|---|---|---|---|
| **Housing Facilities** | | | **Medical Care and Health of the Animals** | | |
| 79. | Some disrepair – low risk | | 85. | Ectoparasites/Endoparasites | |
| 80. | Poor ambient temperature – low risk | | 86. | Slightly underweight animals | |
| 81. | Insufficient shelter – low risk | | 87. | Ill animals, minor injuries – low risk | |
| 82. | Lack of resting boards (H&S §122065(d)) | | 88. | Failure to have present or on-call veterinarian – rodeos (PC §596.7b) | |
| **Food and Water** | | | 89. | Failure to have conveyance available for injured animals | |
| 83. | Uncovered food receptacles | | 90. | Cobwebs | |
| 84. | Several animals without water and displaying thirst | | 91. | Some vermin infestation - low | |

DACC 14 – Revised 06/24/18 -PB

50

License No.: 2167 DK

## SECTION IV

POINT VALUE: 2 POINTS FOR VIOLATIONS IN EACH CATEGORY

Points Deducted: 2

| Consumer Protection (Retail Pet Sales) | | | Consumer Protection (Dog Breeders) | |
|---|---|---|---|---|
| 92. | Dog/Cat Source, Age and Health Information Statement (H&S §122140) | 102. | Disclosure to Purchaser (H&S §122050) | |
| 93. | Written Notice of Purchaser's Rights (H&S §122100) | 103. | Records on Health, Status and Disposition of Dogs (H&S §122055) | |
| 94. | Written Records – Dog and Cat (H&S §122145) | 104. | Written Notice of Purchasers Rights (H&S §122100) | |
| 95. | Disclosure on Cage (H&S §122215) | Required Postings and Information | | |
| 96. | Information Available for Prospective Purchaser of Dogs (H&S §122220) | 105. | Posting of emergency contact information (Los Angeles County Code Sec. 10.40.010E) | |
| 97. | Posting of Notice – Registration (H&S §122305, 122310) | 106. | Required rabies reporting information (Los Angeles County Code Sec. 10.39.010) | |
| 98. | Turtles – posted sign (CCR §2612.1) | Misc. Violations of Law | | |
| 99. | Turtles – sales slip (CCR §2612.1) | 107. | Misc. violation of law – high risk (2 pts. deducted per violation of each law): | |
| Medical Care and Health of the Animals | | | | |
| 100. | Lack of rabies certificate – 3 or less dogs | | | |
| 101. | Lack of distemper vaccination – 3 or less dogs (guard dogs) | 108. | Misc. violation of law – low risk (2 pts. deducted per law violated): | |

APPROVED: (Y)

INSPECTING OFFICER: T. Aparacio

BADGE NO.: 367

SUPERVISOR: J. Palafox

DATE: 9-21-20

REGULATIONS PROVIDED? (Y) N

## SCORE AND GRADING

| Deductions | | | Scoring | | | Grade Earned | |
|---|---|---|---|---|---|---|---|
| Section I: | 0 | | 100 | Points possible | X | A | (90 -100 points) |
| Section II: | 0 | – | 0 | Deductions | | B | (80-89 points) |
| Section III: | 0 | | 100 | Final Score | | C | (70-79 points) |
| Section IV: | 0 | | | | | - | (less than 70 points) |
| Total Deductions: | 0 | | | | | | |

## ORDERS TO COMPLY AND FOLLOW UP

| OTC Issued: | ☐ Y | ☒ N | OTC Number: | | Reinspection Date: |
|---|---|---|---|---|---|

Comments:

Date Violations Corrected



**COUNTY OF LOS ANGELES**
**DEPARTMENT OF ANIMAL CARE AND CONTROL**

# ANIMAL FACILITY INSPECTION REPORT



See attached pages for documentation as to the exact nature of the violation(s) observed at the time of inspection.

☐ No violations observed at the time of inspection          ☐ Complaint allegations not observed at the time of inspection.

| Score | Grade |
|-------|-------|
| 96 | A |

DATE OF INSPECTOR: 6/15/21   □ □ 1 Other:
INSPECTION No. □ 2.167 CK
LICENSE NO:
COMPLIANCE DATE:
E-MAIL ADDRESS:
PHONE (661) 526 - 1300   FAX:
ID: 9355 |
RECORD CHECK   Dog ☑   Cat ☐   DID CARD PRESENT   Dog ☑   CN ☐
RECEIPT #:

FACILITY FROM NUMBER:
FACILITY NAME: So Cal Cat Adoption
FACILITY ADDRESS: 35762 80th Est St.
FACILITY/VETERINARIAN: Julie Mildenberger   Mission Animal Hospital   CITY: Palmdale
OWNER PHONE: (little one)
VETERINARIAN ADDRESS: 845 West Palmdale Bl.
LOCATION OF GRADE CARD: Kennel entrance
TYPE OF FACILITY:
☑ BD ☐ PS ☐ GP ☐ MG ☐ AM ☐ AE ☐ AD ☐ WA

| | **SECTION I** | | | |
|---|---|---|---|---|
| | **Violations in this category pose an immediate threat to the health and safety of the animals.** POINT VALUE: 11 POINTS FOR VIOLATIONS IN EACH CATEGORY | | **Points Deducted** | 0 |
| **Housing Facilities** | | **Medical Care and Health of the Animals** | | |
| 1. | Incompatible animals housed together or in direct proximity. | 17. | Isolation-sick/injured animals housed with healthy animals | |
| 2. | Housing facilities in disrepair- immediate risk | 18. | Animals with immediate/serious suffering | |
| 3. | Facility seriously overcrowded – needs immediate correction | 19. | Animals with zoonotic disease/public contact | |
| 4. | Ventilation/Air quality – causes breathing difficulties | 20. | Untreated illness/injury | |
| 5. | Ambient temperature – excessive heat or cold causing risk | 21. | Seriously underweight animals | |
| 6. | Primary enclosures insufficient for normal posture | 22. | Animals inadequately groomed – causing severe injury | |
| 7. | Lack of shelter – high risk | 23. | Causing unfit animals to work | |
| 8. | Lighting insufficient to properly clean/inspect | **Sanitation** | | |
| **Food** | | 24. | Filthy-immediate risk | |
| 9. | No food available | 25. | No cleaning supplies and/or materials | |
| 10. | Food is spoiled | 26. | Waste disposal system absent or broken | |
| 11. | Perishable food improperly stored – high risk | 27. | Excessive vermin infestation – immediate risk | |
| **Water** | | 28. | Excessive clutter – impossible to sanitize | |
| 12. | No water available | **Safety and Security** | | |
| 13. | Water is contaminated | 29. | Dangerous animals at risk of escape | |
| **Animal Safety** | | 30. | Dangerous animals available for public contact | |
| 14. | Animal injured or died due to act or omission | 31. | Lack of or insufficient fire suppression system | |
| 15. | Hazardous environment/equipment – high risk | 32. | Predatory animals can readily gain access to animals | |
| **Euthanasia Practices** | | 33. | Lack of Rabies Certificates- multiple violations | |
| 16. | Use of non-approved methods of euthanasia | 34. | Lack of Distemper vaccinations – multiple (guard dogs) | |

| | **SECTION II** | | | |
|---|---|---|---|---|
| | POINT VALUE: 6 POINTS FOR VIOLATIONS IN EACH CATEGORY | | **Points Deducted** | 0 |
| **Housing Facilities** | | **Sanitation** | | |
| 35. | Housing facilities are in disrepair-moderate risk | 58. | Animal housing cannot be readily sanitized | |
| 36. | Facility is overcrowded – moderate risk | 59. | Greater than 24-hour accumulation of feces/waste | |
| 37. | Ventilation is stagnant – moderate risk | 60. | Dirty- moderate risk | |
| 38. | Ambient temperature – moderate risk | 61. | Bowls/food/equipment/materials and supplies not sanitized | |
| 39. | Insufficient shelter – moderate risk | 62. | Waste disposal system insufficient | |
| 40. | Crates stacked in violation of Los Angeles County Code Section 10.40.010M | 63. | Moderate vermin infestation | |
| | | 64. | Moderate clutter – impeding sanitation | |
| 41. | Lighting poor – difficult to properly clean/inspect | **Safety and Security** | | |
| 42. | Housed primarily on wire floor (H&S §122065.6) | 65. | Non-dangerous animals at risk of escape | |
| 43. | Kennel runs – inappropriate surfacing | 66. | Lack of emergency evacuation plan | |
| **Food** | | 67. | Predatory animals can gain access to animals – moderate risk | |
| 44. | Not nutritionally sufficient for age, species or other condition | 68. | Failure to provide proper notification by traveling circus/carnival (H&S §25689.1) | |
| 45. | Perishable food improperly stored – moderate risk | | | |
| **Water** | | **Exercise and Socialization** | | |
| 46. | Large number of animals without water | 69. | Animals housed 24 hours/ day and not exercised daily | |
| 47. | Water in danger of contamination | 70. | Primary enclosure insufficient for daily housing | |
| 48. | Water receptacles damaged/incapable of proper disinfection | 71. | Display of stereotypical cage stress behavior | |
| 49. | No warm water available (grooming parlors) | 72. | Adequate socialization (H&S §122065(e)) | |
| **Animal Safety** | | **Presence of Illegal Animals** | | |
| 50. | Ill and/or injured animals without treatment – moderate risk | 73. | Turtles with a carapace length of less than four (4) inches (CCR §2012.1 | |
| 51. | Isolation facilities inadequate – moderate risk | | | |
| 52. | Moderately underweight animals | 74. | Sale or gift of live chicks, rabbits, ducklings or other fowl (PC §599) | |
| 53. | Animals inadequately groomed – causing minor injury or moderate risk of injury | 75. | Dyed live chicks, rabbits, ducklings, other fowl (PC §599) | |
| 54. | Animals with zoonotic disease/staff access | 76. | Dogs under 8 weeks old (H&S §122155(b)) | |
| 55. | Lack of access to veterinarian with species specific training | 77. | Animals prohibited by F&W, USFWS, USDA, etc. | |
| 56. | Hazardous environment/equipment – moderate risk | 78. | Unweaned birds w/o trained staff – H&S §122321 | |
| **Permits and Documentation** | | | | |
| 57. | Lack of required permits and documentation | | | |

| | **SECTION III** | | | |
|---|---|---|---|---|
| | POINT VALUE: 4 POINTS FOR VIOLATIONS IN EACH CATEGORY | | **Points Deducted** | – 4 |
| **Housing Facilities** | | **Medical Care and Health of the Animals** | | |
| 79. | Some disrepair – low risk | 85. | Ectoparasites/Endoparasites | |
| 80. | Poor ambient temperature – low risk | 86. | Slightly underweight animals | |
| 81. | Insufficient shelter – low risk | 87. | Ill animals, minor injuries – low risk | |
| 82. | Lack of nesting boards (H&S §122065(d)) | 88. | Failure to have present or on-call veterinarian – nodece (PC §596.7b) | |
| **Food and Water** | | | | |
| 83. | Uncovered food receptacles | 89. | Failure to have conveyance available for injured animals | |
| 84. | Several animals without water and displaying thirst | 90. ☑ | Cobwebs | |
| | | 91. | Some vermin infestation - low | |

DACC 14 – Revised 06/29/16 -PG

License No.: **2167 CK**

| | SECTION IV | | |
|---|---|---|---|
| | **POINT VALUE: 2 POINTS FOR VIOLATIONS IN EACH CATEGORY** | | Points Deducted: _0_ |

| **Consumer Protection (Retail Pet Sales)** | | **Consumer Protection (Dog Breeders)** | |
|---|---|---|---|
| 92. | Dog/Cat Source, Age and Health Information Statement (H&S §122140) | 102. | Disclosure to Purchaser (H&S §122050) |
| 93. | Written Notice of Purchaser's Rights (H&S §122180) | 103. | Records on Health, Status and Disposition of Dogs (H&S §122055) |
| 94. | Written Records -- Dog and Cat (H&S §122145) | 104. | Written Notice of Purchasers Rights (H&S §122100) |
| 95. | Disclosure on Cage (H&S §122215) | **Required Postings and Information** | |
| 96. | Information Available for Prospective Purchaser of Dogs (H&S §122220) | 105. | Posting of emergency contact information (Los Angeles County Code Sec. 10.40.010E) |
| 97. | Posting of Notice -- Registration (H&S §122305, 122310) | 106. | Required rodeo reporting information (Los Angeles County Code Sec. 10.39.010) |
| 98. | Turtles -- posted sign (CCR §2612.1) | **Misc. Violations of Law** | |
| 99. | Turtles -- sales slip (CCR §2612.1) | 107. | Misc. violation of law -- high risk (2 pts. deducted per violation of each law): |
| **Medical Care and Health of the Animals** | | | |
| 100. | Lack of rabies certificates -- 3 or less dogs | | |
| 101. | Lack of distemper vaccination -- 3 or less dogs (guard dogs) | 108. | Misc. violation of law -- low risk (2 pts. deducted per law violated): |

APPROVED: Y  N
INSPECTING OFFICER: G. Hinojosa
BADGE#: 351
SUPERVISOR: J. Palafox
DATE: 4/21/17
REGULATIONS PROVIDED? Y  N

| **SCORE AND GRADING** | | | | | |
|---|---|---|---|---|---|
| **Deductions** | | **Scoring** | | **Grade Earned** | |
| Section I: | _0_ | 100 | Points possible | A | (90-100 points) |
| Section II: | _0_ | - _4_ | Deductions | B | (80-89 points) |
| Section III: | _-4_ | _96_ | Final Score | C | (70-79 points) |
| Section IV: | _0_ | | | - | (less than 70 points) |
| **Total Deductions:** | _4_ | | | | |

(Grade A marked with X)

| **ORDERS TO COMPLY AND FOLLOW UP** | | | | |
|---|---|---|---|---|
| OTC Issued: ☐ Y  ☒ N | OTC Number: | | Reinspection Date: | |
| Comments: | | | | |

DACC 16 -- Revised 06/29/16 J-8

53

Date Violations Corrected



**COUNTY OF LOS ANGELES**
**DEPARTMENT OF ANIMAL CARE AND CONTROL**
# ANIMAL FACILITY INSPECTION REPORT



See attached pages for documentation as to the exact nature of the violation(s) observed at the time of inspection.

☑ No violations observed at the time of inspection.   ☐ Complaint allegations not observed at the time of inspection.

| Score | Grade |
|---|---|
| 100 | A |

DATE OF INSPECTION: 9/15/2021
COMPLIANCE DATE:
INSPECTION NO: 2161 DK
LICENSE NO: 2161 DK
EMAIL ADDRESS:
PHONE: (661) 526-1300   FAX:
ZIP: 93551
GRADE/LIC REQUEST?: YES ☑ NO
RECEIPT:
BD ☐ PS ☐ GP ☐ NO ☐ AM ☐ AE ☐ AD ☐ WA ☐

FACILITY NAME: SO. CAL. CAT ADOPTION   FACILITY PHONE/NUMBER:
FACILITY ADDRESS: 35762 80TH EAST ST.
FACILITY OWNER: Julia Mildenberger
FACILITY VETERINARIAN: Mission Animal Hospital
VETERINARIAN ADDRESS: 8US WEST PALMDALE BL
TYPE OF FACILITY:
CITY: LITTLEROCK
OWNER PHONE:
CITY: PALMDALE
LOCATION OF GRADE/LICENSE: KENNEL ENTRANCE

### SECTION I

Violations in this category pose an immediate threat to the health and safety of the animals.
**POINT VALUE: 11 POINTS FOR VIOLATIONS IN EACH CATEGORY**

Points Deducted: 0

| | Housing Facilities | | | Medical Care and Health of the Animals | |
|---|---|---|---|---|---|
| 1. | Incompatible animals housed together or in direct proximity. | | 17. | Isolation-sick/injured animals housed with healthy animals | |
| 2. | Housing facilities in disrepair- immediate risk | | 18. | Animals with immediate/serious suffering | |
| 3. | Facility seriously overcrowded – needs immediate correction | | 19. | Animals with zoonotic diseases/public contact | |
| 4. | Ventilation/Air quality – causes breathing difficulties | | 20. | Untreated illness/injury | |
| 5. | Ambient temperature – excessive heat or cold causing risk | | 21. | Seriously underweight animals | |
| 6. | Primary enclosures insufficient for normal posture | | 22. | Animals inadequately groomed – causing severe injury | |
| 7. | Lack of shelter – high risk | | 23. | Causing unfit animals to work | |
| 8. | Lighting insufficient to properly clean/inspect | | | **Sanitation** | |
| | **Food** | | 24. | Filthy-immediate risk | |
| 9. | No food available | | 25. | No cleaning supplies and/or materials | |
| 10. | Food is spoiled | | 26. | Waste disposal system absent or broken | |
| 11. | Perishable food improperly stored – high risk | | 27. | Excessive vermin infestation – immediate risk | |
| | **Water** | | 28. | Excessive clutter – impossible to sanitize | |
| 12. | No water available | | | **Safety and Security** | |
| 13. | Water is contaminated | | 29. | Dangerous animals at risk of escape | |
| | **Animal Safety** | | 30. | Dangerous animals available for public contact | |
| 14. | Animal injured or died due to act or omission | | 31. | Lack of or insufficient fire suppression system | |
| 15. | Hazardous environment/equipment – high risk | | 32. | Predatory animals can readily gain access to animals | |
| | **Euthanasia Practices** | | 33. | Lack of Rabies Certificates- multiple violations | |
| 16. | Use of non-approved methods of euthanasia | | 34. | Lack of Distemper vaccinations – multiple (guard dogs) | |

### SECTION II

**POINT VALUE: 6 POINTS FOR VIOLATIONS IN EACH CATEGORY**

Points Deducted: 0

| | Housing Facilities | | | Sanitation | |
|---|---|---|---|---|---|
| 35. | Housing facilities are in disrepair-moderate risk | | 58. | Animal housing cannot be readily sterilized | |
| 36. | Facility is overcrowded – moderate risk | | 59. | Greater than 24-hour accumulation of feces/waste | |
| 37. | Ventilation is stagnant – moderate risk | | 60. | Dirty- moderate risk | |
| 38. | Ambient temperature – moderate risk | | 61. | Bowls/tools/equipment/materials and supplies not sanitized | |
| 39. | Insufficient shelter – moderate risk | | 62. | Waste disposal system insufficient | |
| 40. | Crates stacked in violation of Los Angeles County Code Section 10.40.010M | | 63. | Moderate vermin infestation | |
| | | | 64. | Moderate clutter – impeding sanitation | |
| 41. | Lighting poor – difficult to properly clean/inspect | | | **Safety and Security** | |
| 42. | Housed animals on wire floor (H&S §122065.5) | | 65. | Non-dangerous animals at risk of escape | |
| 43. | Kennel runs – inappropriate surfacing | | 66. | Lack of emergency evacuation plan | |
| | **Food** | | 67. | Predatory animals can gain access to animals – moderate risk | |
| 44. | Not nutritionally sufficient for age, species or other condition | | | | |
| 45. | Perishable food improperly stored – moderate risk | | 68. | Failure to provide proper notification by traveling circus/carnival (H&S §25989.1) | |
| | **Water** | | | | |
| 46. | Large number of animals without water | | | **Exercise and Socialization** | |
| 47. | Water in danger of contamination | | 69. | Animals housed 24 hours/ day and not exercised daily | |
| 48. | Water receptacles damaged/incapable of proper disinfection | | 70. | Primary enclosures insufficient for daily housing | |
| 49. | No warm water available (grooming parlors) | | 71. | Display of stereotypical cage stress behavior | |
| | **Animal Safety** | | 72. | Adequate socialization (H&S §122065(e)) | |
| 50. | Ill and/or injured animals without treatment – moderate risk | | | **Presence of Illegal Animals** | |
| 51. | Isolation facilities inadequate – moderate risk | | 73. | Turtles with a carapace length of less than four (4) inches (CCR §2612.1 | |
| 52. | Moderately underweight animals | | | | |
| 53. | Animals inadequately groomed – causing minor injury or moderate risk of injury | | 74. | Sale or gift of live chicks, rabbits, ducklings or other fowl (PC §599) | |
| 54. | Animals with zoonotic disease/staff access | | 75. | Dyed live chicks, rabbits, ducklings, other fowl (PC §599) | |
| 55. | Lack of access to veterinarian with species specific training | | 76. | Dogs under 8 weeks old (H&S §122155(b)) | |
| 56. | Hazardous environment/equipment – moderate risk | | 77. | Animals prohibited by F&W, USFWS, USDA, etc. | |
| | **Permits and Documentation** | | 78. | Unweaned birds w/o trained staff – H&S §122321 | |
| 57. | Lack of required permits and documentation | | | | |

### SECTION III

**POINT VALUE: 4 POINTS FOR VIOLATIONS IN EACH CATEGORY**

Points Deducted: 0

| | Housing Facilities | | | Medical Care and Health of the Animals | |
|---|---|---|---|---|---|
| 79. | Some disrepair – low risk | | 85. | Ectoparasites/Endoparasites | |
| 80. | Poor ambient temperature – low risk | | 86. | Slightly underweight animals | |
| 81. | Insufficient shelter – low risk | | 87. | Ill animals, minor injuries – low risk | |
| 82. | Lack of resting boards (H&S §122065(d)) | | 88. | Failure to have present or on-call veterinarian – rodeos (PC §596.7b) | |
| | **Food and Water** | | | | |
| 83. | Uncovered food receptacles | | 89. | Failure to have conveyance available for injured animals | |
| 84. | Several animals without water and displaying thirst | | 90. | Cobwebs | |
| | | | 91. | Some vermin infestation - low | |

DACC 14 – Revised 05/29/18 -PB

54

License No: Z167 DK

APPROVED: Y N
INSPECTING OFFICER: G. HINOJOSA
BADGE NO: 351
SUPERVISOR: J. Palafox
DATE: 6/20/21
REGULATIONS PROVIDED: Y N

## SECTION IV

POINT VALUE: 2 POINTS FOR VIOLATIONS IN EACH CATEGORY — Points Deducted: O

| Consumer Protection (Retail Pet Sales) | | Consumer Protection (Dog Breeders) | |
|---|---|---|---|
| 92. | Dog/Cat Source, Age and Health Information Statement (H&S §122140) | 102. | Disclosure to Purchaser (H&S §122050) |
| 93. | Written Notice of Purchaser's Rights (H&S §122100) | 103. | Records on Health, Status and Disposition of Dogs (H&S §122055) |
| 94. | Written Records – Dog and Cat (H&S §122145) | 104. | Written Notice of Purchasers Rights (H&S §122100) |
| 95. | Disclosure on Cage (H&S §122215) | Required Postings and Information | |
| 96. | Information Available for Prospective Purchaser of Dogs (H&S §122220) | 105. | Posting of emergency contact information (Los Angeles County Code Sec. 10.40.010E) |
| 97. | Posting of Notice – Registration (H&S §122305, 122310) | 106. | Required rodeo reporting information (Los Angeles County Code Sec. 10.39.010) |
| 98. | Turtles – posted sign (CCR §2612.1) | Misc. Violations of Law | |
| 99. | Turtles – sales slip (CCR §2612.1) | 107. | Misc. violation of law – high risk (2 pts. deducted per violation of each law): |
| Medical Care and Health of the Animals | | | |
| 100. | Lack of rabies certificates – 3 or less dogs | | |
| 101. | Lack of distemper vaccination – 3 or less dogs (guard dogs) | 108. | Misc. violation of law – low risk (2 pts. deducted per law violated): |

## SCORE AND GRADING

| Deductions | | | Scoring | | | Grade Earned | |
|---|---|---|---|---|---|---|---|
| Section I: | O | | 100 | Points possible | | X A | (90 -100 points) |
| Section II: | O | → | - O | Deductions | | B | (80-89 points) |
| Section III: | O | | 100 | Final Score | | C | (70-79 points) |
| Section IV: | O | | | | | - | (less than 70 points) |
| Total Deductions: | O | | | | | | |

## ORDERS TO COMPLY AND FOLLOW UP

OTC Issued:  ☐ Y   ☒ N    OTC Number: _____    Reinspection Date: _____

Comments:



**COUNTY OF LOS ANGELES**
**DEPARTMENT OF ANIMAL CARE AND CONTROL**
**ANIMAL FACILITY INSPECTION REPORT**



| Data Violations Corrected | | |
|---|---|---|

See attached pages for documentation as to the exact nature of the violation(s) observed at the time of inspection.

☒ No violations observed at the time of inspection          ☐ Complaint allegations not observed at the time of inspection.

| Score | Grade |
|---|---|
| 100 | A |

**SECTION I**

Violations in this category pose an immediate threat to the health and safety of the animals.
POINT VALUE: 11 POINTS FOR VIOLATIONS IN EACH CATEGORY

Points Deducted: 0

| **Housing Facilities** | | **Medical Care and Health of the Animals** | |
|---|---|---|---|
| 1. | Incompatible animals housed together or in direct proximity. | 17. | Isolation-sick/injured animals housed with healthy animals |
| 2. | Housing facilities in disrepair – immediate risk | 18. | Animals with irremediable/serious suffering |
| 3. | Facility seriously overcrowded – needs immediate correction | 19. | Animals with zoonotic diseases/public contact |
| 4. | Ventilation/Air quality – causes breathing difficulties | 20. | Untreated illness/injury |
| 5. | Ambient temperature – excessive heat or cold causing risk | 21. | Seriously underweight animals |
| 6. | Primary enclosure insufficient for normal posture | 22. | Animals inadequately groomed – causing severe injury |
| 7. | Lack of shelter – high risk | 23. | Causing unfit animals to work |
| 8. | Lighting insufficient to properly clean/inspect | | **Sanitation** |
| **Food** | | 24. | Filthy-immediate risk |
| 9. | No food available | 25. | No cleaning supplies and/or materials |
| 10. | Food is spoiled | 26. | Waste disposal system absent or broken |
| 11. | Perishable food improperly stored – high risk | 27. | Excessive vermin infestation – immediate risk |
| **Water** | | 28. | Excessive clutter – impossible to sanitize |
| 12. | No water available | | **Safety and Security** |
| 13. | Water is contaminated | 29. | Dangerous animals at risk of escape |
| **Animal Safety** | | 30. | Dangerous animals available for public contact |
| 14. | Animal injured or died due to act or omission | 31. | Lack of or insufficient fire suppression system |
| 15. | Hazardous environment/equipment – high risk | 32. | Predatory animals can readily gain access to animals |
| **Euthanasia Practices** | | 33. | Lack of Rabies Certificate- multiple violations |
| 16. | Use of non-approved methods of euthanasia | 34. | Lack of Distemper vaccinations – multiple (guard dogs) |

**SECTION II**

POINT VALUE: 6 POINTS FOR VIOLATIONS IN EACH CATEGORY

Points Deducted: 0

| **Housing Facilities** | | **Sanitation** | |
|---|---|---|---|
| 35. | Housing facilities are in disrepair–moderate risk | 58. | Animal housing cannot be readily sterilized |
| 36. | Facility is overcrowded – moderate risk | 59. | Greater than 24-hour accumulation of feces/waste |
| 37. | Ventilation is stagnant – moderate risk | 60. | Dirty- moderate risk |
| 38. | Ambient temperature – moderate risk | 61. | Bowls/tools/equipment/materials and supplies not sanitized |
| 39. | Insufficient shelter – moderate risk | 62. | Waste disposal system insufficient |
| 40. | Crates stacked in violation of Los Angeles County Code Section 10.40.010M | 63. | Moderate vermin infestation |
| | | 64. | Moderate clutter – impeding sanitation |
| 41. | Lighting poor – difficult to properly clean/inspect | | **Safety and Security** |
| 42. | Housed primarily on wire floor (H&S §122065.5) | 65. | Non-dangerous animals at risk of escape |
| 43. | Kennel runs – inappropriate surfacing | 66. | Lack of emergency evacuation plan |
| **Food** | | 67. | Predatory animals can gain access to animals – moderate risk |
| 44. | Not nutritionally sufficient for age, species or other condition | 68. | Failure to provide proper notification by traveling circus/carnival (H&S §25989.1) |
| 45. | Perishable food improperly stored – moderate risk | | |
| **Water** | | | |
| 46. | Large number of animals without water | | **Exercise and Socialization** |
| 47. | Water in danger of contamination | 69. | Animals housed 24 hours/ day and not exercised daily |
| 48. | Water receptacles damaged/incapable of proper disinfection | 70. | Primary enclosure insufficient for daily housing |
| 49. | No warm water available (grooming parlors) | 71. | Display of stereotypical cage stress behavior |
| **Animal Safety** | | 72. | Adequate socialization (H&S §122065(e)) |
| 50. | Ill and/or injured animals without treatment – moderate risk | | **Presence of Illegal Animals** |
| 51. | Isolation facilities inadequate – moderate risk | 73. | Turtles with a carapace length of less than four (4) inches (CCR §2612.1) |
| 52. | Moderately underweight animals | | |
| 53. | Animals inadequately groomed – causing minor injury or moderate risk of injury | 74. | Sale or gift of live chicks, rabbits, ducklings or other fowl (PC §599) |
| 54. | Animals with zoonotic disease/staff access | 75. | Dyed live chicks, rabbits, ducklings, other fowl (PC §599) |
| 55. | Lack of access to veterinarian with species specific training | 76. | Dogs under 8 weeks old (H&S §122155(b)) |
| 56. | Hazardous environment/equipment – moderate risk | 77. | Animals prohibited by F&W, USFWS, USDA, etc. |
| **Permits and Documentation** | | 78. | Unweaned birds w/o trained staff – H&S §122321 |
| 57. | Lack of required permits and documentation | | |

**SECTION III**

POINT VALUE: 4 POINTS FOR VIOLATIONS IN EACH CATEGORY

Points Deducted: 0

| **Housing Facilities** | | **Medical Care and Health of the Animals** | |
|---|---|---|---|
| 79. | Some disrepair – low risk | 85. | Ectoparasites/Endoparasites |
| 80. | Poor ambient temperature – low risk | 86. | Slightly underweight animals |
| 81. | Insufficient shelter – low risk | 87. | Ill animals, minor injuries – low risk |
| 82. | Lack of resting boards (H&S §122065(d)) | 88. | Failure to have present or on-call veterinarian – rodeos (PC §596.7b) |
| **Food and Water** | | | |
| 83. | Uncovered food receptacles | 89. | Failure to have conveyance available for injured animals |
| 84. | Several animals without water and displaying thirst | 90. | Cobwebs |
| | | 91. | Some vermin infestation – low |

FACILITY NAME: Southeast Area California Cat Assoc
FACILITY ADDRESS: 75762 80th East St.
CITY: Littlerock CA.
FACILITY/OWNER (S): Julia Mildenberger
FACILITY/VETERINARIAN: Mission Animal Hospital
PHONE: (661) 526-1380   FAX:   ZIP: 93551
VETERINARIAN ADDRESS: 845 W. Palmdale BL   CITY: Palmdale   RECEIPT #: N/A

DATE OF INSPECTION: 2/4/22   COMPLIANCE DATE:   INSPECTION NO. 0.123 Desc.   LICENSE NO. 2167 OK   E-MAIL ADDRESS:   GRADE CARD ISSUED? ☐ YES ☐ NO

FACILITY PRIMARY NUMBER: (818) 943-1601
OWNER PHONE:
TYPE OF FACILITY: ☒ BO ☐ BD ☐ PS ☐ GP ☐ MG ☐ AM ☐ AE ☐ AD ☐ WA
LOCATION OF GRADE CARD:

DACC 14 – Revised 06/29/16 -PB

56

License No.: 2167 DH

| | |
|---|---|
| APPROVED: Y  N | |
| INSPECTION OFFICER: G. Hinojosa / T. Arroyo | |
| BADGE No: 351 / 287 | |
| SUPERVISOR: | |
| DATE: | |
| REGULATIONS PROVIDED? Y  N | (2) |

## SECTION IV

POINT VALUE: 2 POINTS FOR VIOLATIONS IN EACH CATEGORY — Points Deducted: 0

| | Consumer Protection (Retail Pet Sales) | | Consumer Protection (Dog Breeders) |
|---|---|---|---|
| 92. | Dog/Cat Source, Age and Health Information Statement (H&S §122140) | 102. | Disclosure to Purchaser (H&S §122050) |
| 93. | Written Notice of Purchaser's Rights (H&S §122190) | 103. | Records on Health, Status and Disposition of Dogs (H&S §122055) |
| 94. | Written Records – Dog and Cat (H&S §122145) | 104. | Written Notice of Purchasers Rights (H&S §122100) |
| 95. | Disclosure on Cage (H&S §122215) | | **Required Postings and Information** |
| 96. | Information Available for Prospective Purchaser of Dogs (H&S §122220) | 105. | Posting of emergency contact information (Los Angeles County Code Sec. 10.40.010E) |
| 97. | Posting of Notice – Registration (H&S §122305, 122310) | 106. | Required rodeo reporting information (Los Angeles County Code Sec. 10.39.010) |
| 98. | Turtles – posted sign (CCR §2612.1) | | **Misc. Violations of Law** |
| 99. | Turtles – sales slip (CCR §2612.1) | 107. | Misc. violation of law – high risk (2 pts. deducted per violation of each law): |
| | **Medical Care and Health of the Animals** | | |
| 100. | Lack of rabies certificate – 3 or less dogs | 108. | Misc. violation of law – low risk (2 pts. deducted per law violated): |
| 101. | Lack of distemper vaccination – 3 or less dogs (guard dogs) | | |

## SCORE AND GRADING

| Deductions | | Scoring | | Grade Earned | |
|---|---|---|---|---|---|
| Section I: | 0 | 100 | Points possible | ☒ A | (90 -100 points) |
| Section II: | 0 | - 0 | Deductions | B | (80-89 points) |
| Section III: | 0 | 100 | Final Score | C | (70-79 points) |
| Section IV: | 0 | | | - | (less than 70 points) |
| Total Deductions: | 0 | | | | |

## ORDERS TO COMPLY AND FOLLOW UP

OTC Issued:  ☐ Y  ☒ N    OTC Number:    Reinspection Date:

Comments:

# EXHIBIT 3

**Marla Tauscher**

| | |
|---|---|
| **From:** | Lisa Eldridge <LEldridge@animalcare.lacounty.gov> |
| **Sent:** | Tuesday, October 18, 2022 12:55 PM |
| **To:** | Marla Tauscher |
| **Cc:** | Harold Holmes |
| **Subject:** | Re: SCCA Permit |

Hello Marla,

I apologize for the delay, our business license inspectors are backlogged and we don't anticipate being out for several weeks. I apologize for the inconvenience.

Lisa Eldridge
County of Los Angeles
DACC - Public Safety Division Manager
31044 Charlie Canyon Road
Castaic, Ca 91384
661-257-3191
Sent from Outlook Mobile

**From:** Harold Holmes <HHolmes@animalcare.lacounty.gov>
**Sent:** Tuesday, October 18, 2022 12:49 PM
**To:** Marla Tauscher <marla@attymat.com>
**Cc:** Lisa Eldridge <LEldridge@animalcare.lacounty.gov>
**Subject:** RE: SCCA Permit

Good afternoon Ms. Tauscher,

I am copying Lisa Eldridge on this response because she will better be able to answer your question and make arrangements to move things along.  Thank you for your understanding.

Sincerely,

Harold W. Holmes
*He, him, his*
Executive Assistant
County of Los Angeles
Department of Animal Care and Control
5898 Cherry Avenue
Long Beach, CA 90805
Tel (562)256-1362/Fax(562)422-3408
hholmes@animalcare.lacounty.gov

  



LOS ANGELES COUNTY
**ANIMAL CARE** | redefining
**& CONTROL** | CARE

Confidentiality Notice: This e-mail message, including any attachments, is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure, or distribution is prohibited. If you are not the intended recipient(s), or designated agent, please contact the sender by reply e-mail and destroy all copies of the original e-mail.

**From:** Marla Tauscher <marla@attymat.com>
**Sent:** Tuesday, October 18, 2022 11:44 AM
**To:** Harold Holmes <HHolmes@animalcare.lacounty.gov>
**Subject:** SCCA Permit

CAUTION: External Email. Proceed Responsibly.

Hi Harold,

My client, Julia Mildenberger, had a hearing with you and Lisa Eldridge and me on April 26, 2022. We agreed that LADACC would conduct their inspections on Wednesdays or Fridays so that Ms. Mildenberger could make sure she is there when officers arrive. She has paid the annual renewal fee for her kennel permit as of September 2, 2022, but there has been no permit issued, because no one has come to conduct an inspection or contacted her about it.

She is available on Wednesdays and Fridays and would like to have the inspection done so she doesn't have to wait around on those days indefinitely. Is there a way to get the inspection done and the permit reissued?

Thanks,

Marla

*Marla Tauscher*
*Attorney at Law*
*225 S. Lake Ave., Ste. 300*
*Pasadena, CA 91101*

*Phone: (626) 345-5777*
*Cell: (760) 534-3143*
*e-Fax: (760) 444-2742*
*www.attymat.com*

****************************************************************************************************
*****************************************************************************
This message and any files transmitted with it are confidential and may contain attorney-client privileged information. These materials are for the sole use of the intended recipient. If you are not the intended recipient, any use, distribution, or disclosure of this transmission or any information contained therein is prohibited. If you have received this message in error, please notify the sender immediately.

# EXHIBIT 4

SW No.

## STATE OF CALIFORNIA – COUNTY OF LOS ANGELES
# SEARCH WARRANT AND AFFIDAVIT
# (AFFIDAVIT)

**Animal Control Officer II, Bethany Estes,** swears under oath that the facts expressed by her in this Search Warrant and Affidavit and the attached and incorporated **Statement of Probable Cause,** are true and that based thereon she has probable cause to believe and does believe that the property described below is lawfully property to be seized  pursuant to Penal Code Section 1524, as indicated below, and is now located at the locations set forth below.  Wherefore, affiant requests that this Search Warrant be issued.

(Signature of Affiant)

**NIGHT SEARCH REQUESTED:** Yes ( ) No (X)
**HOBBS SEALING REQUESTED:** (X)Yes ( )No

# (SEARCH WARRANT)

**THE PEOPLE OF THE STATE OF CALIFORNIA TO ANY LOS ANGELES COUNTY SHERIFF DEPARTMENT, POLICE OFFICER, PEACE OFFICER, HUMANE OFFICER, ANIMAL CONTROL OFFICER OR REPRESENTATIVE/EMPLOYEE IN THE COUNTY OF LOS ANGELES:** proof by affidavit having been made before me by **Animal Control Officer II, Bethany Estes,** that there is probable cause to believe that the property described herein may be found at the locations set forth herein and that is lawfully property to be seized  pursuant to Penal Code Section 1524 as indicated below by "X" (s) in that it:

|   |   |
|---|---|
|  | was stolen or embezzled |
|  | was used as the means of committing a felony |
| X | is possessed by a person with the intent to use it as a means of committing a public offense or is possessed by another to whom he or she may have delivered it for the purpose of concealing it or preventing its discovery |
| X | tends to show that a felony has been committed or that a particular person has committed a felony |
|  | it tends to show that a sexual exploitation of a child in violation of Section 311.3, or depiction of sexual conduct of a person under the age of 18 years, in violation of Section 311.11, has occurred or is occurring; |
|  | there is a warrant for the person's arrest; |

## YOU ARE THEREFORE COMMANDED TO SEARCH:

**35762 80ᵗʰ Street East located in the unincorporated area of Los Angeles County in Littlerock, California 93543.** The location is further described as a one-story and single-family residence, with dark wooden panels with a dark trim, facing West, with an approximate 6-foot light-colored wood fence surrounding the house and property, and address (35762) numbers mounted on a wood plaque on

the front of the light colored wooden gate with a black latch seen through a hole in the middle. At least three signs are posted on the wooden gate at the front of the property. One is a white with red font stating, "In Case of Emergency, please call…", the other is a white warning sign with black font and the third is a smaller yellow sign with black font. All signs are depicted in photos below.

This search is to include all rooms, attics, basements, briefcases, closets, safes, desks, refrigerators, freezers, and other parts therein, any attached or unattached garages, outbuildings, sheds, mailboxes, trash containers, cages and kennels, the surrounding grounds, file cabinets, or any storage area in or about the premises in which the property sought may be reasonably found. All parts therein and the surrounding grounds including any areas where animals may be housed and/or kept to conceal its discovery. Additionally, it is requested that all vehicles and trailers, RVs, and modular units on the properties associated with the location are to be searched. Forced entry onto the property and into all sheds, buildings, vehicles, trailers, and motorhomes and modular units is requested. It is also requested that digital photographs and video be taken of the premises.

**Your affiant is requesting personnel from Los Angeles County Sheriff's Department for the purpose of making entry onto the property and rendering it safe for Los Angeles County Animal Care and Control to conduct an investigation; and personnel from Los Angeles County District Attorney's office for investigative purposes.**

**Forced entry onto the property/ location and into the main residence, other buildings, vehicles and/ or trailers is requested and will be handled by the Los Angeles County Sheriff's Department personnel.**

## FOR THE FOLLOWING PROPERTY:

35762 80th street East Littlerock, CA 93543





**PROPERTY TO BE SEIZED:**

All animals will be seized pursuant to this warrant. The animals seized will remain in the temporary care, custody and control of the Department, pending disposition. However, if the animal owner chooses to relinquish ownership to the Department, the animal(s) will be disposed of by DACC accordingly. Additionally, all sick and injured animals will be seized, evaluated by a licensed veterinarian and if necessary, euthanized for humane reasons. The Department of Animal Care and Control (DACC) may utilize and seize any animal carriers, crates or any other item to aid in the impoundment of animals.

All papers, documents and effects tending to show dominion and control over said premises, including keys, lease, rental, or mortgage agreements, utility bills, canceled mail, prescription bottles, fingerprints, clothing, photographs, photographic negatives, image disks, memory sticks, undeveloped film, homemade videotapes, handwritings, documents and effects bearing a form of identification such as a person's name, photograph, Social Security number or driver's license number; and to view any video seized pursuant to the warrant.

Additionally, any animal medical records or other documents, such as receipts for food, veterinary care, or purchase of animal toys or paraphernalia that tend to show possession, purchase, adoption, transfer, ownership, disposal, sale, illness, injury, medical condition, vaccination, licensing, medication, treatment, birth, or death of any animal, all documents related to application or issuance of an animal facility permit, and all documents related to breeding.

All medication, including both prescription medication and non-prescription medications that are used to treat disease that afflict cats or other species of animals found during the execution of this warrant, including medications designed for use on humans if there is an indication that it/they have been used on an animal.

All computers and electronic communications devices seizure only subject to CalECPA warrant.

Any and all computer hardware which consists of all equipment which can collect, analyze, create, display, convert, store, conceal, or transmit electronic, magnetic, optical, or similar computer impulse or data. Hardware includes (but is not limited to), any motherboards, any data-processing devices (such as chips, memory typewriters, and self-contained "laptops" or "notebook" computers), any memory storage devices (such as fixed disks, external hard disks, floppy disk drives and diskettes, tape drives and tapes, optical storage devices and other memory storage devices); peripheral input/output devices (such as keyboards, printers, scanners, plotters, video display monitors, and optical readers); and related communication devices (such as modems, cables, and connections), recording equipment, RAM or ROM units, automatic dialers, speed dialers, programmable mechanisms, or parts that can be used to restrict access to computer hardware (such as physical keys and locks). Any and all computer software which consists of any digital information which can be executed by a computer and any of its related components to direct the way they work, including programs to run operating systems, applications (like word-processing, graphics, or spreadsheet programs), utilities, compilers, interpreters and communication programs. Software can be stored in electronic, magnetic, optical or other digital form.

Any and all computer-related documentation described as written, recorded, printed, or electronically stored material, which explains or illustrates how to configure or use computer hardware, software, or other related items.

Any and all computer passwords and other data security devices designed to restrict access to or hide computer software, documentation, or data, consisting of hardware, software, or other programming codes. Data security hardware may include encryption device, chips, and circuit boards. Date security software or digital code may include programming code that creates "test" keys or "hot" keys, which perform certain pre-set security functions when touched. Data security software or code may also encrypt, compress, hide, or "booby-trap" protected data to make it inaccessible or unusable, as well as reverse the process to restore it.

Your affiant also requests a 60 day "return to search warrant" for the purpose of making evidence images of any electronic media seized pursuant to this warrant. All electronic media will be transported to the Southern California High Technology Task Force and/or the Los Angeles County Sheriff's Department's Computer Forensics Unit where it will be handled, imaged and examined within currently accepted computer forensic practices to retain the integrity of the information as evidence. Due to the demand of the SCHTTF/LASD services within the law enforcement community, there may be backlog of cases precipitating a delay of up to 60 days before the electronic evidence may be imaged and examination commence.

**AND TO SEIZE IT IF FOUND** and bring it forth before me, or this court, at the courthouse of this court. This Search Warrant and incorporated Affidavit was sworn to as true and subscribed before me **this** 25th **day of** October, **2022** 9:15 a.m. **p.m. Wherefore, I find probable cause for the issuance of this Search Warrant and do issue it.**

(Signature of Magistrate)

**NIGHT SEARCH APPROVED: Yes ( ) No ( ✓ )**
**HOBBS SEALING APPROVED: Yes ( ✓ ) No ( )**
RC

Given under my hand and dated
This 25th day of Oct., 2022 9:15 a.m. p.m.

ROBERT G. CHU
(Signature of Magistrate)

Judge of the Superior Court North District
(Judicial District)

1 BOX MISC PAPERWORK
Approx 199 LIVE CATS
Approx 7 DEAD ANIMALS
A 2 TORTOISES
1 CHINCHILLA
Approx. 35 DOGS

# EXHIBIT 5



R IMMEDIATE RELEASE
ctober 31, 2022
ntact: Don Belton, Public Information Officer
dia Line: (562) 728-4644, PIO@animalcare.lacounty.gov

**ANIMAL SEIZURE AT 501C3 ANIMAL FACILITY IN LITTLEROCK, CA**

On Wednesday, October 26, 2022, the Los Angeles County Department of Animal Care and Control (DACC) served a search warrant at an animal rescue facility in Littlerock, CA resulting to the confiscation of 195 cats and 43 dogs, including six dead animals. The warrant was issued due to the animal rescue organization's non-compliance with State and County animal care laws; exceeding animal limitation requirements, and failure to provide proper medical care for animals.

DACC's Major Case Unit (MCU) partnered with the Los Angeles Sheriff's Department (LASD) Community Partnership Bureau and the District Attorney's (DA) Office for this investigation. DACC had a team of 25 responders, including animal cruelty investigators and a forensics veterinarian. Findings in the facility included animals in inhumane living conditions and evidence of the practice of medical care without a veterinary license. All animals seized were distributed among DACC's seven animal care centers, where they are undergoing evaluation and treatment while the investigative reports are prepared for the DA. These animals will not be made available at this time.

"Providing safe and humane care to animals is required by local and State law," said Marcia Mayeda, Director. "Our department stands committed to protecting animals and ensuring they receive the care they need."

Animal rescue organizations are responsible for providing the basic needs for housing, nutrition, and health of all animals in their care. The quality of life of the animals must be a priority. Los Angeles County residents are asked to report suspected cases of animal neglect by calling DACC at (310) 523-9566.






# EXHIBIT 6

765.4

# ENROLLED BILL REPORT

| DEPARTMENT OF FOOD AND AGRICULTURE | BILL NUMBER |
|---|---|
| | AB 35 |
| | AUTHOR |
| | Filante |

## SUMMARY

Assembly Bill 35, sponsored by Assemblyman Filante, is identical to Assembly Bill 685 as amended August 27, 1990 during the previous session, with the exception of an urgency clause and the implementation date of January 1, 1991.

Existing law establishes misdemeanor penalties for certain animal keepers, drivers, or owners who do not properly care or provide for the needs of their animals. Existing law specifies various powers and duties of certain local officers relating to care and disposition of neglected, abused, or disabled animals.

This bill would recast certain provisions for the care and disposition of these animals and specifically provides for hearings in which the owner or keeper of the animal may challenge seizure or impoundment and the resulting costs of these services.

A. Impact Assessment

The bill imposes a state-mandated local program by requiring local officers to comply with notification requirements and hearing procedures.

B. Arguments Pro and Con

Pro

1. The provisions for notification and hearing supports due process and is desirable to prevent unfair seizure.

Con

1. The interpretation of "proper care and attention" can vary so widely that unreasonable and unfair seizure can easily occur.

C. Recommendation

It is recommended that AB 35 be signed by the Governor.

*HP Sanchi*

| Vote: | Ayes | 70 | | Ayes | 38 | |
|---|---|---|---|---|---|---|
| Assembly | Noes | 2 | Senate | Noes | 0 | |

RECOMMENDATION:

[X] SIGN    [ ] VETO    DEFER TO

DEPARTMENT DIRECTOR

*Robert C Foo*

DATE: 11/6/90

Contact:   L. C. Vanderwagen   (916) 445-4191

GCBF ch 4
AB 35, 1991

SECRETARY OF STATE, DEBRA BOWEN
The Original of This Document is in
CALIFORNIA STATE ARCHIVES
1020 "O" STREET
SACRAMENTO, CA 95814

# EXHIBIT 7

## Marla Tauscher

| | |
|---|---|
| **From:** | Lisa Eldridge <LEldridge@animalcare.lacounty.gov> |
| **Sent:** | Tuesday, May 3, 2022 11:57 AM |
| **To:** | Marla Tauscher |
| **Cc:** | Harold Holmes; Raul Rodriguez; Jaime Palafox; Tony Apodaca; Esequiel Morales |
| **Subject:** | FW: Follow up to Meeting last Tuesday |

Hello Marla,

Harold has shared your communication with me and requested I respond. The DNA on SCCAT has been removed and the OTC issued to reduce the number of cats can be disregarded.

Lisa E.

---------- Forwarded message ----------
From: **Marla Tauscher** <marla@attymat.com>
Date: Mon, May 2, 2022 at 12:01 PM
Subject: Follow up to Meeting last Tuesday
To: Harold Holmes <haroldwholmes@gmail.com>

Hi Harold,

I wanted to follow up with you about a few things from the meeting last Tuesday with So Cal Cat Adoption Tails:

1. You mentioned that the department would vacate the *Order to Comply* requiring my client to reduce the number of cats from 115 to 75. Can we get that in writing?
2. When will the DNA be removed from my client? I cant remember the name of the officer who unilaterally decided to put her on the DNA list preemptively, but that's not the way it's done.
3. My client would like the necropsy results from the cat that was found at her facility. I believe it was in February 2022.

Thanks,

Marla

*Marla Tauscher*

1

*Attorney at Law*

*225 S. Lake Ave., Ste. 300*

*Pasadena, CA 91101*


*Phone: (626) 345-5777*

*Cell: (760) 534-3143*

*e-Fax: (760) 444-2742*

*www.attymat.com*


*******************************************************************************************
*************************************************************************

This message and any files transmitted with it are confidential and may contain attorney-client privileged information.  These materials are for the sole use of the intended recipient.  If you are not the intended recipient, any use, distribution, or disclosure of this transmission or any information contained therein is prohibited.  If you have received this message in error, please notify the sender immediately.

## DECLARATION OF JULIA MILDENBERGER

I, Julia Mildenberger, declare under oath:

1.      I am the founder of Southern California Cat Adoption Tails (hereinafter "SCCAT"), a non-profit animal rescue organization that I started in 2006.

2.      I have first-hand, personal knowledge of the facts set forth in this declaration, and if called and sworn as a witness, I would testify competently to them.

3.      The documents in Exhibit 1 to the Petition and Complaint, kennel permits, are true and correct copies of the documents issued to me by LADAC in September 2021 and valid to September 2, 2022.

4.      The documents in Exhibit 2 to the Petition and Complaint, inspection reports, are true and correct copies of inspection reports from 2016 to 2022, issued to me following each annual inspection of my animal facilities by LADAC personnel.  Annual inspections by LADAC personnel are a condition of issuance and renewal of my kennel permits.

5.      The document in Exhibit 4 to the Petition and Complaint, the search warrant, is a true and correct copy of the search warrant that I photographed after it was handed to me by someone who did not identify themself, as LADAC personnel were leaving my property late in the afternoon on October 26, 2022.  Prior to that, I had no knowledge of the existence of a search warrant.

6.      The document in Exhibit 5 to the Petition and Complaint, the press release, is a true and correct copy of the press release issued by LADAC on October 31, 2022.  I obtained a copy of the press from a volunteer for SCCAT who received it as part of a mass emailing to the public by LADAC.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed this 3rd of November, 2022 at Littlerock, California.

Julia Mildenberger

---

DECLARATION OF JULIA MILDENBERGER ISO VERIFIED PETITION FOR WRIT OF MANDATE
AND COMPLAINT FOR DAMAGES PURSUANT TO 42 U.S.C. §1983

## DECLARATION OF MARLA TAUSCHER

I, Marla Tauscher, declare under oath:

1.      I am an attorney duly licensed and admitted to practice law in the State of California.

2.      I am the attorney of record for Petitioner/Plaintiff Julia Mildenberger in the present case.

3.      I have first-hand, personal knowledge of the facts set forth in this declaration, and if called and sworn as a witness, I would testify competently to them.

4.      The document in Exhibit 3 to the Petition and Complaint, emails, is a true and correct copy of an October 18, 2022 email exchange between myself and Lisa Eldridge (hereinafter "Eldridge") of Los Angeles County Department of Animal Control (hereinafter "LADAC") regarding the annual inspection of Petitioner/Plantiff's animal facility.

5.      The document in Exhibit 6 to the Petition and Complaint, an enrolled bill report from a 1990 California State Assembly Bill (AB35), is a true and correct copy of a certified copy of a portion of the legislative history of *California Penal Code §597.1* that I obtained in January 2014 by requesting the legislative history from the California State Archives.

6.      The document in Exhibit 7 to the Petition and Complaint, emails, is a true and correct copy of a May 3, 2022 email exchange between myself and Eldridge regarding LADAC vacation of a previously issued order to comply to Petitioner/Plaintiff.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed this 3rd of November at Pasadena, California.

_____
Marla Tauscher

---

**Exhibit B**

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*
Electronically FILED by Superior Court of California, County of Los Angeles on 12/01/2022 02:58 PM Sherri R. Carter, Executive Officer/Clerk of Court, by R. Clifton, Deputy Clerk
MARLA TAUSCHER (SBN 259630)
225 S. Lake Ave., Ste. 300, Pasadena, CA 91101

TELEPHONE NO.: (626) 345-5777   FAX NO. *(Optional):* (760) 444-2742
E-MAIL ADDRESS: marla@attymat.com
ATTORNEY FOR *(Name):* JULIA MILDENBERGER

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF  LOS ANGELES |
|---|
| STREET ADDRESS: 111 N. Hill Street |
| MAILING ADDRESS: 111 N. Hill Street |
| CITY AND ZIP CODE: Los Angeles 90012 |
| BRANCH NAME: Stanley Mosk Courthouse |

CASE NAME:   JULIA MILDENBERGER v. COUNTY OF LOS ANGELES

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: 22STCP04242 |
|---|---|---|
| [x] Unlimited (Amount demanded exceeds $25,000) [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE:<br>DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[x] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [ ] is  [x] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision
3. Remedies sought *(check all that apply):* a. [x] monetary  b. [x] nonmonetary; declaratory or injunctive relief  c. [ ] punitive
4. Number of causes of action *(specify):* Writ of mandate; violation of CA Constitution; 42 USC 1983; Injunctive Relief CCP 526
5. This case [ ] is  [x] is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*
Date: 11/4/2022
MARLA TAUSCHER
_____
(TYPE OR PRINT NAME)          ▶ (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)—Personal Injury/Property
Damage/Wrongful Death
Uninsured Motorist (46) *(if the
case involves an uninsured
motorist claim subject to
arbitration, check this item
instead of Auto)*
**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
Asbestos Property Damage
Asbestos Personal Injury/
Wrongful Death
Product Liability *(not asbestos or
toxic/environmental)* (24)
Medical Malpractice (45)
Medical Malpractice–
Physicians & Surgeons
Other Professional Health Care
Malpractice
Other PI/PD/WD (23)
Premises Liability (e.g., slip
and fall)
Intentional Bodily Injury/PD/WD
(e.g., assault, vandalism)
Intentional Infliction of
Emotional Distress
Negligent Infliction of
Emotional Distress
Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
Practice (07)
Civil Rights (e.g., discrimination,
false arrest) *(not civil
harassment)* (08)
Defamation (e.g., slander, libel)
(13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
Legal Malpractice
Other Professional Malpractice
*(not medical or legal)*
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
Breach of Rental/Lease
Contract *(not unlawful detainer
or wrongful eviction)*
Contract/Warranty Breach–Seller
Plaintiff *(not fraud or negligence)*
Negligent Breach of Contract/
Warranty
Other Breach of Contract/Warranty
Collections (e.g., money owed, open
book accounts) (09)
Collection Case–Seller Plaintiff
Other Promissory Note/Collections
Case
Insurance Coverage *(not provisionally
complex)* (18)
Auto Subrogation
Other Coverage
Other Contract (37)
Contractual Fraud
Other Contract Dispute
**Real Property**
Eminent Domain/Inverse
Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
Writ of Possession of Real Property
Mortgage Foreclosure
Quiet Title
Other Real Property *(not eminent
domain, landlord/tenant, or
foreclosure)*
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal
drugs, check this item; otherwise,
report as Commercial or Residential)*
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
Writ–Administrative Mandamus
Writ–Mandamus on Limited Court
Case Matter
Writ–Other Limited Court Case
Review
Other Judicial Review (39)
Review of Health Officer Order
Notice of Appeal–Labor
Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
*(arising from provisionally complex
case type listed above)* (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
Abstract of Judgment (Out of
County)
Confession of Judgment *(non-
domestic relations)*
Sister State Judgment
Administrative Agency Award
*(not unpaid taxes)*
Petition/Certification of Entry of
Judgment on Unpaid Taxes
Other Enforcement of Judgment
Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified
above)* (42)
Declaratory Relief Only
Injunctive Relief Only *(non-
harassment)*
Mechanics Lien
Other Commercial Complaint
Case *(non-tort/non-complex)*
Other Civil Complaint
*(non-tort/non-complex)*
**Miscellaneous Civil Petition**
Partnership and Corporate
Governance (21)
Other Petition *(not specified
above)* (43)
Civil Harassment
Workplace Violence
Elder/Dependent Adult
Abuse
Election Contest
Petition for Name Change
Petition for Relief From Late
Claim
Other Civil Petition

CM-010 [Rev. September 1, 2021]

**CIVIL CASE COVER SHEET**

**Exhibit C**

Electronically FILED by Superior Court of California, County of Los Angeles on 12/01/2022 02:58 PM Sherri R. Carter, Executive Officer/Clerk of Court, by R. Perez,Deputy Clerk
22STCP04242

| SHORT TITLE | CASE NUMBER |
|---|---|
| JULIA MILDENBERGER v. COUNTY OF LOS ANGELES | 22STCP04242 |

## CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION

### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

| This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court |
|---|

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

| Applicable Reasons for Choosing Courthouse Location (Column C) | |
|---|---|
| 1. Class Actions must be filed in the Stanley Mosk Courthouse, Central District. | 7. Location where petitioner resides. |
| 2. Permissive filing in Central District. | 8. Location wherein defendant/respondent functions wholly. |
| 3. Location where cause of action arose. | 9. Location where one or more of the parties reside. |
| 4. Location where bodily injury, death or damage occurred. | 10. Location of Labor Commissioner Office. |
| 5. Location where performance required, or defendant resides. | 11. Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection). |
| 6. Location of property or permanently garaged vehicle. | |

| | A<br>Civil Case Cover Sheet Case Type | B<br>Type of Action<br>(check only one) | C<br>Applicable Reasons (see Step 3 above) |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ 2201 Motor Vehicle – Personal Injury/Property Damage/Wrongful Death | 1, 4 |
| | Uninsured Motorist (46) | ☐ 4601 Uninsured Motorist – Personal Injury/Property Damage/Wrongful Death | 1, 4 |
| **Other Personal Injury/ Property Damage/ Wrongful Death** | Other Personal Injury/ Property Damage/ Wrongful Death (23) | ☐ 2301 Premise Liability (e.g., dangerous conditions of property, slip/trip and fall, dog attack, etc.) | 1, 4 |
| | | ☐ 2302 Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, battery, vandalism, etc.) | 1, 4 |
| | | ☐ 2303 Intentional Infliction of Emotional Distress | 1, 4 |
| | | ☐ 2304 Other Personal Injury/Property Damage/Wrongful Death | 1, 4 |
| | | ☐ 2305 Elder/Dependent Adult Abuse/Claims Against Skilled Nursing Facility | 1, 4 |
| | | ☐ 2306 Intentional Conduct – Sexual Abuse Case (in any form) | 1, 4 |

LASC CIV 109 Rev. 10/22
For Mandatory Use

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

LASC Local Rule 2.3

| SHORT TITLE | | CASE NUMBER |
|---|---|---|
| JULIA MILDENBERGER v. COUNTY OF LOS ANGELES | | |

| | A<br>Civil Case Cover Sheet Case Type | B<br>Type of Action<br>(check only one) | C<br>Applicable Reasons (see Step 3 above) |
|---|---|---|---|
| **Other Personal Injury/ Property Damage/ Wrongful Death** | | ☐ 2307 Construction Accidents | 1, 4 |
| | | ☐ 2308 Landlord – Tenant Habitability (e.g., bed bugs, mold, etc.) | 1, 4 |
| | Product Liability (24) | ☐ 2401 Product Liability (not asbestos or toxic/ environmental) | 1, 4 |
| | | ☐ 2402 Product Liability – Song-Beverly Consumer Warranty Act (CA Civil Code §§1790-1795.8) (Lemon Law) | 1, 3, 5 |
| | Medical Malpractice (45) | ☐ 4501 Medical Malpractice – Physicians & Surgeons | 1, 4 |
| | | ☐ 4502 Other Professional Health Care Malpractice | 1, 4 |
| **Non-Personal Injury/Property Damage/Wrongful Death Tort** | Business Tort (07) | ☐ 0701 Other Commercial/Business Tort (not fraud or breach of contract) | 1, 2, 3 |
| | Civil Rights (08) | ☐ 0801 Civil Rights/Discrimination | 1, 2, 3 |
| | Defamation (13) | ☐ 1301 Defamation (slander/libel) | 1, 2, 3 |
| | Fraud (16) | ☐ 1601 Fraud (no contract) | 1, 2, 3 |
| | Professional Negligence (25) | ☐ 2501 Legal Malpractice | 1, 2, 3 |
| | | ☐ 2502 Other Professional Malpractice (not medical or legal) | 1, 2, 3 |
| | Other (35) | ☐ 3501 Other Non-Personal Injury/Property Damage Tort | 1, 2, 3 |
| **Employment** | Wrongful Termination (36) | ☐ 3601 Wrongful Termination | 1, 2, 3 |
| | Other Employment (15) | ☐ 1501 Other Employment Complaint Case | 1, 2, 3 |
| | | ☐ 1502 Labor Commissioner Appeals | 10 |
| **Contract** | Breach of Contract / Warranty (06) (not insurance) | ☐ 0601 Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2, 5 |
| | | ☐ 0602 Contract/Warranty Breach – Seller Plaintiff (no fraud/negligence) | 2, 5 |
| | | ☐ 0603 Negligent Breach of Contract/Warranty (no fraud) | 1, 2, 5 |
| | | ☐ 0604 Other Breach of Contract/Warranty (no fraud/ negligence) | 1, 2, 5 |
| | | ☐ 0605 Breach of Rental/Lease Contract (COVID-19 Rental Debt) | 2, 5 |
| | Collections (09) | ☐ 0901 Collections Case – Seller Plaintiff | 5, 6, 11 |
| | | ☐ 0902 Other Promissory Note/Collections Case | 5, 11 |
| | | ☐ 0903 Collections Case – Purchased Debt (charged off consumer debt purchased on or after January 1, 2014) | 5, 6, 11 |
| | | ☐ 0904 Collections Case – COVID-19 Rental Debt | 5, 11 |
| | Insurance Coverage (18) | ☐ 1801 Insurance Coverage (not complex) | 1, 2, 5, 8 |

LASC CIV 109 Rev. 10/22
For Mandatory Use

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

LASC Local Rule 2.3

84

| SHORT TITLE | CASE NUMBER |
|---|---|
| JULIA MILDENBERGER v. COUNTY OF LOS ANGELES | |

| | A<br>Civil Case Cover Sheet Case Type | B<br>Type of Action<br>(check only one) | C<br>Applicable Reasons (see Step 3 above) |
|---|---|---|---|
| **Contract** (Continued) | Other Contract (37) | ☐ 3701 Contractual Fraud | 1, 2, 3, 5 |
| | | ☐ 3702 Tortious Interference | 1, 2, 3, 5 |
| | | ☐ 3703 Other Contract Dispute (not breach/insurance/fraud/ negligence) | 1, 2, 3, 8, 9 |
| **Real Property** | Eminent Domain/ Inverse Condemnation (14) | ☐ 1401 Eminent Domain/Condemnation<br>                    Number of Parcels _____ | 2, 6 |
| | Wrongful Eviction (33) | ☐ 3301 Wrongful Eviction Case | 2, 6 |
| | Other Real Property (26) | ☐ 2601 Mortgage Foreclosure | 2, 6 |
| | | ☐ 2602 Quiet Title | 2, 6 |
| | | ☐ 2603 Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6 |
| **Unlawful Detainer** | Unlawful Detainer – Commercial (31) | ☐ 3101 Unlawful Detainer – Commercial (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer – Residential (32) | ☐ 3201 Unlawful Detainer – Residential (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer – Post Foreclosure (34) | ☐ 3401 Unlawful Detainer – Post Foreclosure | 2, 6, 11 |
| | Unlawful Detainer – Drugs (38) | ☐ 3801 Unlawful Detainer – Drugs | 2, 6, 11 |
| **Judicial Review** | Asset Forfeiture (05) | ☐ 0501 Asset Forfeiture Case | 2, 3, 6 |
| | Petition re Arbitration (11) | ☐ 1101 Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| | Writ of Mandate (02) | ☐ 0201 Writ – Administrative Mandamus | 2, 8 |
| | | ☐ 0202 Writ – Mandamus on Limited Court Case Matter | 2 |
| | | ☐ 0203 Writ – Other Limited Court Case Review | 2 |
| | Other Judicial Review (39) | ☑ 3901 Other Writ/Judicial Review | 2, 8 |
| | | ☐ 3902 Administrative Hearing | 2, 8 |
| | | ☐ 3903 Parking Appeal | 2, 8 |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ 0301 Antitrust/Trade Regulation | 1, 2, 8 |
| | Asbestos (04) | ☐ 0401 Asbestos Property Damage | 1, 11 |
| | | ☐ 0402 Asbestos Personal Injury/Wrongful Death | 1, 11 |

| SHORT TITLE | CASE NUMBER |
|---|---|
| JULIA MILDENBERGER v. COUNTY OF LOS ANGELES | |

| | A<br>Civil Case Cover Sheet Case Type | B<br>Type of Action<br>(check only one) | C<br>Applicable Reasons (see Step 3 above) |
|---|---|---|---|
| **Provisionally Complex Litigation** (Continued) | Construction Defect (10) | ☐ 1001 Construction Defect | 1, 2, 3 |
| | Claims Involving Mass Tort (40) | ☐ 4001 Claims Involving Mass Tort | 1, 2, 8 |
| | Securities Litigation (28) | ☐ 2801 Securities Litigation Case | 1, 2, 8 |
| | Toxic Tort Environmental (30) | ☐ 3001 Toxic Tort/Environmental | 1, 2, 3, 8 |
| | Insurance Coverage Claims from Complex Case (41) | ☐ 4101 Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ 2001 Sister State Judgment | 2, 5, 11 |
| | | ☐ 2002 Abstract of Judgment | 2, 6 |
| | | ☐ 2003 Confession of Judgment (non-domestic relations) | 2, 9 |
| | | ☐ 2004 Administrative Agency Award (not unpaid taxes) | 2, 8 |
| | | ☐ 2005 Petition/Certificate for Entry of Judgment Unpaid Tax | 2, 8 |
| | | ☐ 2006 Other Enforcement of Judgment Case | 2, 8, 9 |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ 2701 Racketeering (RICO) Case | 1, 2, 8 |
| | Other Complaints (not specified above) (42) | ☐ 4201 Declaratory Relief Only | 1, 2, 8 |
| | | ☐ 4202 Injunctive Relief Only (not domestic/harassment) | 2, 8 |
| | | ☐ 4203 Other Commercial Complaint Case (non-tort/noncomplex) | 1, 2, 8 |
| | | ☐ 4304 Other Civil Complaint (non-tort/non-complex) | 1, 2, 8 |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ 2101 Partnership and Corporation Governance Case | 2, 8 |
| | Other Petitions (not specified above) (43) | ☐ 4301 Civil Harassment with Damages | 2, 3, 9 |
| | | ☐ 4302 Workplace Harassment with Damages | 2, 3, 9 |
| | | ☐ 4303 Elder/Dependent Adult Abuse Case with Damages | 2, 3, 9 |
| | | ☐ 4304 Election Contest | 2 |
| | | ☐ 4305 Petition for Change of Name/Change of Gender | 2, 7 |
| | | ☐ 4306 Petition for Relief from Late Claim Law | 2, 3, 8 |
| | | ☐ 4307 Other Civil Petition | 2, 9 |

| SHORT TITLE<br>JULIA MILDENBERGER v. COUNTY OF LOS ANGELES | CASE NUMBER |
|---|---|

**Step 4: Statement of Reason and Address:** Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected. Enter the address, which is the basis for the filing location including zip code. (No address required for class action cases.)

| REASON:<br>☐ 1. ☑ 2. ☐ 3. ☐ 4. ☐ 5. ☐ 6. ☐ 7. ☑ 8. ☐ 9. ☐ 10. ☐ 11 | ADDRESS:<br>35762 80th Street East |
|---|---|
| CITY:<br>Littlerock | STATE:<br>CA | ZIP CODE:<br>93534 |

**Step 5: Certification of Assignment:** I certify that this case is properly filed in the ___Central___ District of the Superior Court of California, County of Los Angeles [Code of Civ. Proc., 392 et seq., and LASC Local Rule 2.3(a)(1)(E)]

Dated: 11/04/2022

_(signature)_

(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.
2. If filing a Complaint, a completed Summons form for issuance by the Clerk.
3. Civil Case Cover Sheet Judicial Council form CM-010.
4. Civil Case Cover Sheet Addendum and Statement of Location form LASC CIV 109 (10/22).
5. Payment in full of the filing fee, unless there is a court order for waiver, partial or schedule payments.
6. A signed order appointing a Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court to issue a Summons.
7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the Summons and Complaint, or other initiating pleading in the case.

# Exhibit D

Electronically FILED by Superior Court of California, County of Los Angeles on 12/01/2022 02:58 PM Sherri R. Carter, Executive Officer/Clerk of Court, by R. Perez,Deputy Clerk
22STCP04242

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

| | FOR COURT USE ONLY<br>*(SOLO PARA USO DE LA CORTE)* |
|---|---|

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
COUNTY OF LOS ANGELES; and DOES 1 through 50, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
JULIA MILDENBERGER, in her individual capacity and in her capacity as CEO of SOUTHERN
CALIFORNIA CAT ADOPTION TAILS; a California nonprofit corporation

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is: Stanley Mosk Courthouse<br>*(El nombre y dirección de la corte es):*<br><br>111 N. Hill Street, Los Angeles, CA 90012 | CASE NUMBER:<br>*(Número del Caso):*<br>**22STCP04242** |

Sherri R. Carter Executive Officer / Clerk of Court

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Marla Tauscher, 225 S. Lake Ave., Ste. 300, Pasadena, CA 91101 Telephone: (626) 345-5777

| DATE: 12/01/2022<br>*(Fecha)* | Clerk, by<br>*(Secretario)* | R. Perez | , Deputy<br>*(Adjunto)* |
|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

| [SEAL] | **NOTICE TO THE PERSON SERVED:** You are served |
|---|---|

1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify):*

3. [x] on behalf of *(specify):* County of Los Angeles

under: [ ] CCP 416.10 (corporation)     [ ] CCP 416.60 (minor)
        [ ] CCP 416.20 (defunct corporation)     [ ] CCP 416.70 (conservatee)
        [ ] CCP 416.40 (association or partnership)     [ ] CCP 416.90 (authorized person)
        [x] other *(specify):* CCP 416.50
4. [ ] by personal delivery on *(date):*

Page 1 of 1

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>*www.courts.ca.gov* |
|---|---|---|

# Exhibit E

Electronically FILED by Superior Court of California, County of Los Angeles on 12/01/2022 02:58 PM Sherri R. Carter, Executive Officer/Clerk of Court, by R. Perez, Deputy Clerk

MARLA TAUSCHER, SBN 259630
225 S. Lake Ave., Ste. 300
Pasadena, California 91101
Phone: (626) 345-5777
Fax: (760) 444-2742
e-mail: marla@attymat.com

Attorney for Petitioner/Plaintiff
JULIA MILDENBERGER

## SUPERIOR COURT OF THE STATE OF CALIFORNIA
## COUNTY OF LOS ANGELES
## STANLEY MOSK  COURTHOUSE

| | |
|---|---|
| JULIA MILDENBERGER, in her individual capacity and in her capacity as CEO of SOUTHERN CALIFORNIA CAT ADOPTION TAILS; a California nonprofit corporation,<br><br>      Petitioner/Plaintiff<br><br>      vs.<br><br>COUNTY OF LOS ANGELES; and DOES 1 through 50, inclusive,<br><br>      Respondents/Defendants | Case No.: 22STCP04242<br><br>REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF VERIFIED PETITION FOR WRIT OF MANDATE AND COMPLAINT FOR DAMAGES PURSUANT TO 42 U.S.C. §1983<br><br>[Verified Petition for Writ of Mandate and Complaint for Damages pursuant to 42 U.S.C. §1983; Declaration of Marla Tauscher; Declaration of Julia Mildenberger; and *Ex Parte* Application for Temporary Restraining Order filed concurrently]<br><br>Dept.:<br>Judge:<br>Hearing Date:<br>Hearing Time: |

REQUEST FOR JUDICIAL NOTICE ISO VERIFIED PETITION FOR WRIT OF MANDATE
AND COMPLAINT FOR DAMAGES PURSUANT TO 42 U.S.C. §1983

1

**TO THE COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE THAT pursuant to California Rules of Court, Rules 3.1113(l) and 3.1306(c), and California Evidence Code Sections 450, *et seq.*, Petitioner/Plaintiff Julia Mildenberger ("Petitioner/Plaintiff"), by and through her attorney of record, requests that the Court take judicial notice of the following documents in support of her *Ex Parte* Non-Statutory Motion for Return of Property:

    1.  California Penal Code §597.1;

    2.  California Business and Professions Code §4827.

Dated:       November 3, 2022        Respectfully Submitted,

                                    By:                         
                                          Marla Tauscher
                                          *Attorney for Julia Mildenberger*

REQUEST FOR JUDICIAL NOTICE ISO VERIFIED PETITION FOR WRIT OF MANDATE AND COMPLAINT FOR DAMAGES PURSUANT TO 42 U.S.C. §1983

2

92

State of California

PENAL CODE

Section 597.1

---

597.1.  (a)  (1)  Every owner, driver, or keeper of any animal who permits the animal to be in any building, enclosure, lane, street, square, or lot of any city, county, city and county, or judicial district without proper care and attention is guilty of a misdemeanor. Any peace officer, humane society officer, or animal control officer shall take possession of the stray or abandoned animal and shall provide care and treatment for the animal until the animal is deemed to be in suitable condition to be returned to the owner. When the officer has reasonable grounds to believe that very prompt action is required to protect the health or safety of the animal or the health or safety of others, the officer shall immediately seize the animal and comply with subdivision (f). In all other cases, the officer shall comply with the provisions of subdivision (g). The full cost of caring for and treating any animal properly seized under this subdivision or pursuant to a search warrant shall constitute a lien on the animal and the animal shall not be returned to its owner until the charges are paid, if the seizure is upheld pursuant to this section.

(2)  Notwithstanding any other law, if an animal control officer or humane officer, when necessary to protect the health and safety of a wild, stray, or abandoned animal or the health and safety of others, seeks to administer a tranquilizer that contains a controlled substance, as defined in Division 10 (commencing with Section 11000) of the Health and Safety Code, to gain control of that animal, the officer may possess and administer that tranquilizer with direct or indirect supervision as determined by a licensed veterinarian, provided that the officer has met each of the following requirements:

(A)  Has received training in the administration of tranquilizers from a licensed veterinarian. The training shall be approved by the California Veterinary Medical Board.

(B)  Has successfully completed the firearms component of a course relating to the exercise of police powers, as set forth in Section 832.

(C)  Is authorized by the officer's agency or organization to possess and administer the tranquilizer in accordance with a policy established by the agency or organization and approved by the veterinarian who obtained the controlled substance.

(D)  Has successfully completed the euthanasia training set forth in Section 2039 of Title 16 of the California Code of Regulations.

(E)  Has completed a state and federal fingerprinting background check and does not have any drug- or alcohol-related convictions.

(b)  Every sick, disabled, infirm, or crippled animal, except a dog or cat, that is abandoned in any city, county, city and county, or judicial district may be humanely

93

euthanized by the officer if, after a reasonable search, no owner of the animal can be found. It shall be the duty of all peace officers, humane society officers, and animal control officers to cause the animal to be humanely euthanized or rehabilitated and placed in a suitable home on information that the animal is stray or abandoned. The officer may likewise take charge of any animal, including a dog or cat, that by reason of lameness, sickness, feebleness, or neglect, is unfit for the labor it is performing, or that in any other manner is being cruelly treated, and provide care and treatment for the animal until it is deemed to be in a suitable condition to be returned to the owner. When the officer has reasonable grounds to believe that very prompt action is required to protect the health or safety of an animal or the health or safety of others, the officer shall immediately seize the animal and comply with subdivision (f). In all other cases, the officer shall comply with subdivision (g). The full cost of caring for and treating any animal properly seized under this subdivision or pursuant to a search warrant shall constitute a lien on the animal and the animal shall not be returned to its owner until the charges are paid.

(c) (1) Any peace officer, humane society officer, or animal control officer shall convey all injured cats and dogs found without their owners in a public place directly to a veterinarian known by the officer to be a veterinarian who ordinarily treats dogs and cats for a determination of whether the animal shall be immediately and humanely euthanized or shall be hospitalized under proper care and given emergency treatment.

(2) If the owner does not redeem the animal within the locally prescribed waiting period, the veterinarian may personally perform euthanasia on the animal. If the animal is treated and recovers from its injuries, the veterinarian may keep the animal for purposes of adoption, provided the responsible animal control agency has first been contacted and has refused to take possession of the animal.

(3) Whenever any animal is transferred to a veterinarian in a clinic, such as an emergency clinic that is not in continuous operation, the veterinarian may, in turn, transfer the animal to an appropriate facility.

(4) If the veterinarian determines that the animal shall be hospitalized under proper care and given emergency treatment, the costs of any services that are provided pending the owner's inquiry to the responsible agency, department, or society shall be paid from the dog license fees, fines, and fees for impounding dogs in the city, county, or city and county in which the animal was licensed or, if the animal is unlicensed, shall be paid by the jurisdiction in which the animal was found, subject to the provision that this cost be repaid by the animal's owner. The full cost of caring for and treating any animal seized under this subdivision shall constitute a lien on the animal and the animal shall not be returned to the owner until the charges are paid. No veterinarian shall be criminally or civilly liable for any decision that the veterinarian makes or for services that the veterinarian provides pursuant to this subdivision.

(d) An animal control agency that takes possession of an animal pursuant to subdivision (c) shall keep records of the whereabouts of the animal from the time of possession to the end of the animal's impoundment, and those records shall be available for inspection by the public upon request for three years after the date the animal's impoundment ended.

(e)  Notwithstanding any other provision of this section, any peace officer, humane society officer, or any animal control officer may, with the approval of the officer's immediate superior, humanely euthanize any stray or abandoned animal in the field in any case where the animal is too severely injured to move or where a veterinarian is not available and it would be more humane to euthanize the animal.

(f)  Whenever an officer authorized under this section seizes or impounds an animal based on a reasonable belief that prompt action is required to protect the health or safety of the animal or the health or safety of others, the officer shall, before the commencement of any criminal proceedings authorized by this section, provide the owner or keeper of the animal, if known or ascertainable after reasonable investigation, with the opportunity for a postseizure hearing to determine the validity of the seizure or impoundment, or both.

(1)  The agency shall cause a notice to be affixed to a conspicuous place where the animal was situated or personally deliver a notice of the seizure or impoundment, or both, to the owner or keeper within 48 hours, excluding weekends and holidays. The notice shall include all of the following:

(A)  The name, business address, and telephone number of the officer providing the notice.

(B)  A description of the animal seized, including any identification upon the animal.

(C)  The authority and purpose for the seizure or impoundment, including the time, place, and circumstances under which the animal was seized.

(D)  A statement that, in order to receive a postseizure hearing, the owner or person authorized to keep the animal, or their agent, shall request the hearing by signing and returning an enclosed declaration of ownership or right to keep the animal to the agency providing the notice within 10 days, including weekends and holidays, of the date of the notice. The declaration may be returned by personal delivery or mail.

(E)  A statement that the full cost of caring for and treating any animal properly seized under this section is a lien on the animal and that the animal shall not be returned to the owner until the charges are paid, and that failure to request or to attend a scheduled hearing shall result in liability for this cost.

(2)  The postseizure hearing shall be conducted within 48 hours of the request, excluding weekends and holidays. The seizing agency may authorize its own officer or employee to conduct the hearing if the hearing officer is not the same person who directed the seizure or impoundment of the animal and is not junior in rank to that person. The agency may use the services of a hearing officer from outside the agency for the purposes of complying with this section.

(3)  Failure of the owner or keeper, or of their agent, to request or to attend a scheduled hearing shall result in a forfeiture of any right to a postseizure hearing or right to challenge their liability for costs incurred.

(4)  The agency, department, or society employing the person who directed the seizure shall be responsible for the costs incurred for caring and treating the animal, if it is determined in the postseizure hearing that the seizing officer did not have reasonable grounds to believe very prompt action, including seizure of the animal, was required to protect the health or safety of the animal or the health or safety of

others. If it is determined the seizure was justified, the owner or keeper shall be personally liable to the seizing agency for the full cost of the seizure and care of the animal. The charges for the seizure and care of the animal shall be a lien on the animal. The animal shall not be returned to its owner until the charges are paid and the owner demonstrates to the satisfaction of the seizing agency or the hearing officer that the owner can and will provide the necessary care for the animal.

(g) Where the need for immediate seizure is not present and before the commencement of any criminal proceedings authorized by this section, the agency shall provide the owner or keeper of the animal, if known or ascertainable after reasonable investigation, with the opportunity for a hearing before any seizure or impoundment of the animal. The owner shall produce the animal at the time of the hearing unless, before the hearing, the owner has made arrangements with the agency to view the animal upon request of the agency, or unless the owner can provide verification that the animal was humanely euthanized. Any person who willfully fails to produce the animal or provide the verification is guilty of an infraction, punishable by a fine of not less than two hundred fifty dollars ($250) nor more than one thousand dollars ($1,000).

(1) The agency shall cause a notice to be affixed to a conspicuous place where the animal was situated or personally deliver a notice stating the grounds for believing the animal should be seized under subdivision (a) or (b). The notice shall include all of the following:

(A) The name, business address, and telephone number of the officer providing the notice.

(B) A description of the animal to be seized, including any identification upon the animal.

(C) The authority and purpose for the possible seizure or impoundment.

(D) A statement that, in order to receive a hearing before any seizure, the owner or person authorized to keep the animal, or their agent, shall request the hearing by signing and returning the enclosed declaration of ownership or right to keep the animal to the officer providing the notice within two days, excluding weekends and holidays, of the date of the notice.

(E) A statement that the cost of caring for and treating any animal properly seized under this section is a lien on the animal, that any animal seized shall not be returned to the owner until the charges are paid, and that failure to request or to attend a scheduled hearing shall result in a conclusive determination that the animal may properly be seized and that the owner shall be liable for the charges.

(2) The preseizure hearing shall be conducted within 48 hours, excluding weekends and holidays, after receipt of the request. The seizing agency may authorize its own officer or employee to conduct the hearing if the hearing officer is not the same person who requests the seizure or impoundment of the animal and is not junior in rank to that person. The agency may use the services of a hearing officer from outside the agency for the purposes of complying with this section.

(3) Failure of the owner or keeper, or their agent, to request or to attend a scheduled hearing shall result in a forfeiture of any right to a preseizure hearing or right to challenge their liability for costs incurred pursuant to this section.

(4) The hearing officer, after the hearing, may affirm or deny the owner's or keeper's right to custody of the animal and, if reasonable grounds are established, may order the seizure or impoundment of the animal for care and treatment.

(h) If any animal is properly seized under this section or pursuant to a search warrant, the owner or keeper shall be personally liable to the seizing agency for the cost of the seizure and care of the animal. Further, if the charges for the seizure or impoundment and any other charges permitted under this section are not paid within 14 days of the seizure, or if the owner, within 14 days of notice of availability of the animal to be returned, fails to pay charges permitted under this section and take possession of the animal, the animal shall be deemed to have been abandoned and may be humanely euthanized or otherwise properly disposed of by the seizing agency.

(i) If the animal requires veterinary care and the humane society or public agency is not assured, within 14 days of the seizure of the animal, that the owner will provide the necessary care, the animal shall not be returned to its owner and shall be deemed to have been abandoned and may be humanely euthanized or otherwise properly disposed of by the seizing agency. A veterinarian may humanely euthanize an impounded animal without regard to the prescribed holding period when it has been determined that the animal has incurred severe injuries or is incurably crippled. A veterinarian also may immediately humanely euthanize an impounded animal afflicted with a serious contagious disease unless the owner or the owner's agent immediately authorizes treatment of the animal by a veterinarian at the expense of the owner or agent.

(j) No animal properly seized under this section or pursuant to a search warrant shall be returned to its owner until the owner can demonstrate to the satisfaction of the seizing agency or hearing officer that the owner can and will provide the necessary care for the animal.

(k) (1) In the case of cats and dogs, before the final disposition of any criminal charges, the seizing agency or prosecuting attorney may file a petition in a criminal action requesting that, before that final disposition, the court issue an order forfeiting the animal to the city, county, or seizing agency. The petitioner shall serve a true copy of the petition upon the defendant and the prosecuting attorney.

(2) Upon receipt of the petition, the court shall set a hearing on the petition. The hearing shall be conducted within 14 days after the filing of the petition, or as soon as practicable.

(3) The petitioner shall have the burden of establishing beyond a reasonable doubt that, even in the event of an acquittal of the criminal charges, the owner will not legally be permitted to retain the animal in question. If the court finds that the petitioner has met its burden, the court shall order the immediate forfeiture of the animal as sought by the petition.

(4) Nothing in this subdivision is intended to authorize a seizing agency or prosecuting attorney to file a petition to determine an owner's ability to legally retain

**97**

an animal pursuant to paragraph (3) of subdivision (*l*) if a petition has previously been filed pursuant to this subdivision.

(*l*) (1) Upon the conviction of a person charged with a violation of this section, or Section 597 or 597a, all animals lawfully seized and impounded with respect to the violation shall be adjudged by the court to be forfeited and shall thereupon be transferred to the impounding officer or appropriate public entity for proper adoption or other disposition. A person convicted of a violation of this section shall be personally liable to the seizing agency for all costs of impoundment from the time of seizure to the time of proper disposition. Upon conviction, the court shall order the convicted person to make payment to the appropriate public entity for the costs incurred in the housing, care, feeding, and treatment of the seized or impounded animals. Each person convicted in connection with a particular animal may be held jointly and severally liable for restitution for that particular animal. The payment shall be in addition to any other fine or sentence ordered by the court.

(2) The court may also order, as a condition of probation, that the convicted person be prohibited from owning, possessing, caring for, or residing with, animals of any kind, and require the convicted person to immediately deliver all animals in the convicted person's possession to a designated public entity for adoption or other lawful disposition or provide proof to the court that the person no longer has possession, care, or control of any animals. In the event of the acquittal or final discharge without conviction of the person charged, if the animal is still impounded, the animal has not been previously deemed abandoned pursuant to subdivision (h), the court has not ordered that the animal be forfeited pursuant to subdivision (k), the court shall, on demand, direct the release of seized or impounded animals to the defendant upon a showing of proof of ownership.

(3) Any questions regarding ownership shall be determined in a separate hearing by the court where the criminal case was finally adjudicated and the court shall hear testimony from any persons who may assist the court in determining ownership of the animal. If the owner is determined to be unknown or the owner is prohibited or unable to retain possession of the animals for any reason, the court shall order the animals to be released to the appropriate public entity for adoption or other lawful disposition. This section is not intended to cause the release of any animal, bird, reptile, amphibian, or fish seized or impounded pursuant to any other statute, ordinance, or municipal regulation. This section shall not prohibit the seizure or impoundment of animals as evidence as provided for under any other provision of law.

(m) It shall be the duty of all peace officers, humane society officers, and animal control officers to use all currently acceptable methods of identification, both electronic and otherwise, to determine the lawful owner or caretaker of any seized or impounded animal. It shall also be their duty to make reasonable efforts to notify the owner or caretaker of the whereabouts of the animal and any procedures available for the lawful recovery of the animal and, upon the owner's and caretaker's initiation of recovery procedures, retain custody of the animal for a reasonable period of time to allow for completion of the recovery process. Efforts to locate or contact the owner or caretaker

and communications with persons claiming to be the owner or caretaker shall be recorded and maintained and be made available for public inspection.

(Amended by Stats. 2019, Ch. 7, Sec. 19.  (AB 1553)  Effective January 1, 2020.)

State of California

**BUSINESS AND PROFESSIONS CODE**

**Section  4827**

---

4827.  (a)  Nothing in this chapter prohibits any person from:

(1)  Practicing veterinary medicine as a bona fide owner of one's own animals. This exemption applies to the following:

(A)  The owner's bona fide employees.

(B)  Any person assisting the owner, provided that the practice is performed gratuitously.

(2)  Lay testing of poultry by the whole blood agglutination test. For purposes of this section, "poultry" means flocks of avian species maintained for food production, including, but not limited to, chickens, turkeys, and exotic fowl.

(3)  Making any determination as to the status of pregnancy, sterility, or infertility upon livestock, equine, or food animals at the time an animal is being inseminated, providing no charge is made for this determination.

(4)  Administering sodium pentobarbital for euthanasia of sick, injured, homeless, or surrendered domestic pets or animals without the presence of a veterinarian when the person is an employee of an animal control shelter and its agencies or humane society and has received proper training in the administration of sodium pentobarbital for these purposes.

(5)  Providing the following care to animals lawfully deposited with or impounded by a shelter not registered with the board pursuant to Section 4853:

(A)  Administering preventative or prophylactic nonprescription vaccinations to the animal pursuant to protocols written by a veterinarian licensed in this state for the purposes of preventing the spread of communicable diseases, without the presence of a veterinarian when the person has received proper training in the administration of the nonprescription preventative or prophylactic vaccinations.

(B)  Administering nonprescription medications to the animal pursuant to protocols written by a veterinarian licensed in this state, for the control or eradication of apparent or anticipated internal or external parasites, including, but not limited to, fleas, ticks, or worms, without the presence of a veterinarian when the person has received proper training in the administration of the nonprescription medications for the control or eradication of those internal or external parasites. A person's decision to administer these medications shall not be construed to mean the person has made a diagnosis of the animal's medical condition.

(C)  Administering medications prescribed by a veterinarian licensed in the state to the animal without the presence of a veterinarian when the shelter has received a written treatment plan from the licensed veterinarian for that specific animal and has a dispensing protocol in place for the tracking of dispensed prescribed medications

and when the person has received proper training in the administration of prescription medications.

(b)  For the purposes of paragraph (5) of subdivision (a):

(1)  "Proper training" means completing a training curriculum of at least four hours provided by a veterinarian licensed to practice in this state, and includes, but is not limited to, an overview of intake procedures and preventative medicine, recognizing when an animal is required to be seen by a veterinarian, prescription and nonprescription medications, humane animal restraint techniques, vaccination injection methods and procedures, and documentation.

(2)  "Shelter" means a public animal control agency or shelter, society for the prevention of cruelty to animals shelter, or humane society shelter that is not registered with the board pursuant to Section 4853.

(c)  A shelter providing care to an animal pursuant to this section that is not registered with the board pursuant to Section 4853 shall report to the board any adverse event resulting in significant impairment or death from the care provided, on a form prescribed by the board, including severe injuries, infections, and unintended reactions caused by the incorrect or inappropriate administration of a vaccine or medications.

(Amended by Stats. 2021, Ch. 631, Sec. 4.  (AB 1535)  Effective January 1, 2022.)

# SUPERIOR COURT OF CALIFORNIA
## COUNTY OF LOS ANGELES

Reserved for Clerk's File Stamp

**FILED**
Superior Court of California
County of Los Angeles

**12/02/2022**

Sherri R. Carter, Executive Officer / Clerk of Court

By: _____ C. Del Rio _____ Deputy

COURTHOUSE ADDRESS:

Stanley Mosk Courthouse

111 North Hill Street, Los Angeles, CA 90012

PLAINTIFF(S):

JULIA MILDENBERGER, in her individual capacity and in her capacity

DEFENDANT(S):

County of Los Angeles

## NOTICE OF TRIAL SETTING CONFERENCE AND ATTACHED ORDERS THEREON

CASE NUMBER:

22STCP04242

You are hereby notified that the above matter has been set for trial setting conference on 03/09/2023 at 9:30 AM in Department 85 of the above-entitled court.

You are ordered to give notice of this hearing and serve a copy of this notice to all parties to the action within 10 days of service of this notice.

Sherri R. Carter, Executive Officer / Clerk of Court

Date: 12/02/2022

By, C. Del Rio

Deputy Clerk

**NOTICE OF TRIAL SETTING CONFERENCE AND ATTACHED ORDERS THEREON**

LACIV XXX
LASC Approved 00/00

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Stanley Mosk Courthouse<br>111 North Hill Street, Los Angeles, CA 90012 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>**12/02/2022**<br>Sherri R. Carter, Executive Officer / Clerk of Court<br>By: _____ C. Del Rio _____ Deputy |
| PLAINTIFF/PETITIONER:<br>JULIA MILDENBERGER, in her individual capacity and in her capacity as CEO of Southern California Cat Adoption Tails,; a California nonprofit corporation | |
| DEFENDANT/RESPONDENT:<br>County of Los Angeles | |
| **CERTIFICATE OF MAILING** | CASE NUMBER:<br>22STCP04242 |

**I, the below-named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Notice of Trial Setting Conference and Attached Orders Thereon upon each party or counsel named below by placing the document for collection and mailing so as to cause it to be deposited in the United States mail at the courthouse in Los Angeles, California, one copy of the original filed/entered herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid, in accordance with standard court practices.**

MARLA A TAUSCHER
Law Office of Marla Tauscher
225 S. LAKE AVE., STE. 300
PASADENA, CA 91101

Sherri R. Carter, Executive Officer / Clerk of Court

Dated: 12/2/2022                  By:  C. Del Rio
                                        Deputy Clerk

**CERTIFICATE OF MAILING**

**103**

**Exhibit F**

| | |
|---|---|
| **SUPERIOR COURT OF CALIFORNIA**<br>**COUNTY OF LOS ANGELES** | Reserved for Clerk's File Stamp |
| COURTHOUSE ADDRESS:<br>Stanley Mosk Courthouse<br>111 North Hill Street, Los Angeles, CA 90012 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>**12/01/2022**<br>Sherri R. Carter, Executive Officer / Clerk of Court<br>By: _____ R. Perez _____ Deputy |
| **NOTICE OF CASE ASSIGNMENT**<br><br>**UNLIMITED CIVIL CASE** | |
| **Your case is assigned for all purposes to the judicial officer indicated below.** | CASE NUMBER:<br>22STCP04242 |

**THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT**

| | ASSIGNED JUDGE | DEPT | ROOM | | | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|---|---|---|
| ✓ | James C. Chalfant | 85 | | | | | | |

Given to the Plaintiff/Cross-Complainant/Attorney of Record

on 12/01/2022
    (Date)

Sherri R. Carter, Executive Officer / Clerk of Court

By R. Perez _____, Deputy Clerk

LACIV 190 (Rev 6/18)
LASC Approved 05/06

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

**105**

## INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the California Rules of Court, Title 3, Division 7, as applicable in the Superior Court, are summarized for your assistance.

### APPLICATION
The Division 7 Rules were effective January 1, 2007.  They apply to all general civil cases.

### PRIORITY OVER OTHER RULES
The Division 7 Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

### CHALLENGE TO ASSIGNED JUDGE
A challenge under Code of Civil Procedure Section 170.6 must be made within **15** days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

### TIME STANDARDS
Cases assigned to the Independent Calendaring Courts will be subject to processing under the following time standards:

### COMPLAINTS
All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days.

### CROSS-COMPLAINTS
Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed.  Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

### STATUS CONFERENCE
A status conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint.  Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

### FINAL STATUS CONFERENCE
The Court will require the parties to attend a final status conference not more than 10 days before the scheduled trial date.  All parties shall have motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested form jury instructions, special jury instructions, and special jury verdicts timely filed and served prior to the conference.  These matters may be heard and resolved at this conference.  At least five days before this conference, counsel must also have exchanged lists of exhibits and witnesses, and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Three of the Los Angeles Superior Court Rules.

### SANCTIONS
The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules.  Such sanctions may be on a party, or if appropriate, on counsel for a party.

**This is not a complete delineation of the Division 7 or Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction.  Careful reading and compliance with the actual Chapter Rules is imperative.**

### Class Actions
Pursuant to Local Rule 2.3, all class actions shall be filed at the Stanley Mosk Courthouse and are randomly assigned to a complex judge at the designated complex courthouse.  If the case is found not to be a class action it will be returned to an Independent Calendar Courtroom for all purposes.

### *Provisionally Complex Cases
Cases filed as provisionally complex are initially assigned to the Supervising Judge of complex litigation for determination of complex status.  If the case is deemed to be complex within the meaning of California Rules of Court 3.400 et seq., it will be randomly assigned to a complex judge at the designated complex courthouse.  If the case is found not to be complex, it will be returned to an Independent Calendar Courtroom for all purposes.

# Exhibit G

# SUPERIOR COURT OF CALIFORNIA
# COUNTY OF LOS ANGELES

| | Reserved for Clerk's File Stamp |
|---|---|
| **COURTHOUSE ADDRESS:**<br>Stanley Mosk Courthouse<br>111 North Hill Street, Los Angeles, CA 90012 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>**12/02/2022**<br>Sherri R. Carter, Executive Officer / Clerk of Court<br>By: _____ C. Del Rio _____ Deputy |
| **PLAINTIFF(S):**<br>JULIA MILDENBERGER, in her individual capacity and in her capacity | |
| **DEFENDANT(S):**<br>County of Los Angeles | |
| **NOTICE OF TRIAL SETTING CONFERENCE AND ATTACHED ORDERS THEREON** | **CASE NUMBER:**<br>22STCP04242 |

You are hereby notified that the above matter has been set for trial setting conference on 03/09/2023 at 9:30 AM in Department 85 of the above-entitled court.

You are ordered to give notice of this hearing and serve a copy of this notice to all parties to the action within 10 days of service of this notice.


Sherri R. Carter, Executive Officer / Clerk of Court

Date: 12/02/2022

By, C. Del Rio

Deputy Clerk


**NOTICE OF TRIAL SETTING CONFERENCE AND ATTACHED ORDERS THEREON**

LACIV XXX
LASC Approved 00/00

# Exhibit H

Electronically FILED by Superior Court of California, County of Los Angeles on 12/07/2022 09:44 AM Sherri R. Carter, Executive Officer/Clerk of Court, by R. Perez,Deputy Clerk

MARLA TAUSCHER, SBN 259630
225 S. Lake Ave., Ste. 300
Pasadena, California 91101
Phone: (626) 345-5777
Fax: (760) 444-2742
e-mail: marla@attymat.com

Attorney for Petitioner/Plaintiff
JULIA MILDENBERGER

## SUPERIOR COURT OF THE STATE OF CALIFORNIA
## COUNTY OF LOS ANGELES
## STANLEY MOSK COURTHOUSE

| | |
|---|---|
| JULIA MILDENBERGER, in her individual capacity and in her capacity as CEO of SOUTHERN CALIFORNIA CAT ADOPTION TAILS; a California nonprofit corporation, <br><br>      Petitioner/Plaintiff <br><br>      vs. <br><br> COUNTY OF LOS ANGELES; and DOES 1 through 50, inclusive, <br><br>      Respondents/Defendants | Case No.: 22STCP04242 <br><br> *EX PARTE* APPLICATION FOR TEMPORARY RESTRAINING ORDER AND OSC <br><br><br> [Declarations of Julia Mildenberger and Marla Tauscher filed concurrently] <br><br> Petition Filed: December 1, 2022 <br> Department: 85 <br> Judge: Hon. James Chalfant <br> Hearing Date: December 8, 2022 <br> Hearing Time: 8:30 a.m. <br> Trial Date: TBD |

---

**TO THE HONORABLE COURT AND ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on Thursday, December 8, 2022, at 8:30 a.m., or as soon thereafter as this matter may be heard in Department 85 of the above-entitled court, located at 111 N. Hill Street, Los Angeles, CA 90012, Petitioner/Plaintiff Julia Mildenberger (hereinafter "Petitioner/Plaintiff") will, and hereby does, apply to the Court *ex parte* pursuant to California Rule of Court 3.1300(b) for a Temporary Restraining Order ("TRO") and Order to Show Cause ("OSC") why a preliminary injunction should not issue. This Application is made to compel Respondent County of Los Angeles to immediately return to Petitioner/Plaintiff animals seized from her property by Respondent/Defendant County of Los Angeles Department of Animal Control (hereinafter "LADAC") on October 26, 2022

Petitioner files this *Ex Parte* Application for a Temporary Restraining Order to compel the return of Petitioner/Plaintiff's animals to her because LADAC has disregarded all applicable laws governing the seizure of animals in cases where animal neglect is alleged.

This motion is based upon this Application, the attached Memorandum of Points and Authorities, Declaration of Marla Tauscher, Declaration of Julia Mildenberger, Order to Show Cause, and the pleadings, files and records herein, and such additional argument as may be presented by Petitioner at or before the hearing on this *Ex Parte* Application.

Petitioner/Plaintiff hereby applies for, and submits that the interests of justice require that, a Temporary Restraining Order issue to compel LADAC to immediately return all of the seized animals to Petitioner/Plaintiff Julia Mildenberger.

---

*EX PARTE* APPLICATION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE

2

1

2

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.      STATEMENT OF THE CASE

3

4

5

6

7

8

Petitioner/Plaintiff runs a non-profit animal rescue called Southern California Cat Adoption Tails (hereinafter "SCCAT") from her property in Littlerock, California. Petitioner/Plaintiff has saved the lives of thousands of cats, kittens, and dogs since the rescue's inception in 2006.  Petitioner/Plaintiff has held animal facility licenses (hereinafter "kennel permits") for both cats and dogs issued by LADAC since 2011 when she moved to Littlerock, California.

9

10

11

12

Every year, Petitioner/Plaintiff has received a grade of "A" based on inspections by LADAC personnel. *See* Exhibit 2 to Writ Petition and Complaint.  The inspection reports from previous years are missing and were likely taken by LADAC in the "box of Misc. documents" that they seized from Petitioner/Plaintiff's property.

13

14

15

16

17

18

Since the beginning of the COVID-19 pandemic, in approximately March 2020, LADAC (and many other Southern California animal control agencies, including Los Angeles Animal Services – City animal control) have refused to take in cats or kittens despite the fact that taking in abandoned and stray animals is quite literally ***their job***.  Since early 2020, LADAC personnel have routinely been telling animal rescue organizations and individuals to just dump stray and abandoned animals where they found them, on the streets, in fields, or somewhere else.

19

20

21

22

23

24

As a result of LADAC's unofficial policy of refusing to take in animals, Petitioner/Plaintiff has had litters of kittens and puppies dumped just outside the gate of her facility for over two years.  In just the six weeks leading up to the raid on her property alone, 5 or 6 litters of kittens (about 30 kittens in total) were dumped outside Petitioner/Plaintiff's property.  Similarly, a litter of 8 puppies was abandoned just outside Petitioner/Plaintiff's gate a week before the raid on October 26, 2022.

25

26

27

In mid-August 2022, Petitioner/Plaintiff submitted the required paperwork and payment for the renewal of her kennel permit which was set to expire on September 2, 2022 and has been waiting for LADAC to conduct its annual inspection.   To that end, on October 18, 2022,

28

---

1   Petitioner/Plaintiff's counsel contacted LADAC personnel in charge of licensing, Lisa Eldridge

2   (hereinafter "Eldridge") to inquire about the status of the inspection.  Eldridge responded to

3   counsel that day by falsely stating, "...our business license inspectors are backlogged and *we*

4   *don't anticipate being out for several weeks*."  At the time she responded, Eldridge had no

5   intention of conducting an inspection and was already well into the planning of her raid on

6   Petitioner/Plaintiff's property a week later.

7          Instead of conducting an inspection, Eldridge showed up at Petitioner/Plaintiff's property

8   early on the morning of October 26, 2022 with approximately 12 LADAC personnel and an

9   additional 12 Los Angeles County Sheriff Department deputies (hereinafter "LASD").

10   Petitioner/Plaintiff had taken several cats to the LADAC Palmdale facility early on the morning

11   of October 26, 2022 to have them spayed and neutered.

12          When she arrived home, after entering the property, Petitioner/Plaintiff went to close the

13   gates to the property and was accosted by a dozen LASD personnel in full riot gear with guns

14   drawn – for a raid on a cat rescue!

15          LASD deputies ordered Petitioner/Plaintiff to exit the property, held her hands behind her

16   back, and locked her in the back seat of a Sheriff car for more than an hour and a half, while

17   refusing to tell Petitioner/Plaintiff why they were there.  Only when Petitioner/Plaintiff was

18   released from the sheriff car, was she told that the reason they were there was to seize all of the

19   animals on the property.

20          Petitioner/Plaintiff was not informed of the existence of a search warrant until LADAC

21   and LASD personnel were leaving her property, at approximately 4:00 p.m., when someone

22   handed Petitioner/Plaintiff a copy of the search warrant – without the statement/affidavit of

23   probable cause – as they were exiting her property.

24          LADAC was not entitled to seek or serve a search warrant under the circumstances.

25   California law, specifically *California Penal Code (hereinafter "PC") §597.1* governs the

26   seizure and impoundment of animals where animal neglect is alleged.  *PC §597.1* is a complex

27

28

---

**113**

statute, with 13 subsections, many of which are intended to safeguard animal owners' Constitutional right to due process.

## II.      ARGUMENT

### A.  LADAC Was Not Entitled to Obtain a Search Warrant Under the Circumstances

Where a person's property is taken by the government, the due process clause of the Fourteenth Amendment requires some form of notice and a hearing. *Beaudreau v. Superior Court (1975) 14 Cal.3d 448, 458*; *Mathews v. Eldridge (1976) 424 U.S. 319*. "Absent extraordinary circumstances justifying resort to summary procedures, the hearing must take place *before* the property is taken." As explained in *Fuentes v. Shevin (1972) 407 U.S. 67, 81-82.* "If the right to notice and a hearing is to serve its full purpose, then, it is clear that it must be granted at a time when the deprivation can still be prevented." In other words, before the deprivation of property. If LADAC claims that it seized the animals pursuant to some other statute or provision, it is still not relieved of the requirement to convene a hearing *promptly after the seizure.*

Indeed, *California Penal Code §597.1, **the only statute that provides for the seizure of the animals in this case**,* sets forth specific procedures for hearings related to the seizure of animals in cases of suspected neglect. *PC §597.1* contains pre- and post-seizure hearing provisions in subsections (f) and (g) that were added to *PC §597.1* in 1990 by AB35, which recognized the need for ***due process*** with respect to the seizure of animals.

*PC §597.1* subsection (g) ***requires a pre-seizure hearing*** where there is no need for an immediate seizure of animals. LADAC made no attempt whatsoever to comply with the pre-seizure hearing requirements of *PC §597.1,* because they were intent on seizing animals regardless of the facts.

*PC §597.1(f)* permits the seizure of animals prior to a hearing only where there is a "reasonable belief that prompt action is required to protect the health or safety of the animal or the health or safety of others." There are no facts cited in the search warrant that could have led

1  to a reasonable belief that an immediate seizure of the animals was necessary or justified.
2  Interestingly, there are no facts alleged in the subsequent press release issued by LADAC that
3  would constitute exigent circumstances.

4      *PC §597.1(f)* sets forth the **requirements** and procedures for a "***post-seizure hearing to***
5  ***determine the validity of the seizure or the impoundment or both***", all of which have been
6  ignored by LADAC.  The seizing agency is **required** to post or personally serve the owner or
7  custodian of the animals with notice that he/she is entitled to a hearing to challenge the validity
8  of the seizure or impoundment.

9      That notice is **required** to be personally served or posted at the property from which the
10 animals were seized ***within 48 hours of the seizure,*** excluding weekends and holidays.  *PC*
11 *§597.1(f)(1)*.  In this case, LADAC was required to post notice of the seizure and
12 Petitioner/Plaintiff's right to a post-seizure hearing by end of day Friday, October 28, 2022.  As
13 of this writing, 42 days after the seizure of the animals, LADAC has failed to post notice of a
14 post-seizure hearing, in violation of State law and Petitioner/Plaintiff's Constitutional right to
15 due process.

16     LADAC has also failed to provide any information about the disposition of the animals
17 and LADAC's fees for holding the animals, among other things, despite written requests from
18 Petitioner/Plaintiff's counsel.  In the absence of exigent circumstances, LADAC was required
19 by *PC 597.1(g)* to conduct a hearing ***prior to the seizure of the animals***, to safeguard
20 Petitioner/Plaintiff's right to due process.  *Broden v. Marin Humane Society* (1999) 70 Cal. App.
21 4th 1212, 1220-1221.  In seizing Petitioner/Plaintiff's animals, LADAC has ignored all of the
22 statutory requirements that govern such endeavors, namely several provisions of *California*
23 *Penal Code (hereinafter "PC") §597.1,* which governs the seizure of animals in cases of
24 suspected neglect/abuse.

25     Petitioner/Plaintiff was not arrested and no charges have been filed against her, so she has
26 no legal recourse at this point, other than filing a lawsuit and this application for a temporary
27 restraining order to redress her ongoing injury; the deprivation of her animals.

28

---

*EX PARTE* APPLICATION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE

6

**B. LADAC Must be Estopped from Refusing to Return the Animals to Petitioner/Plaintiff Based on Kennel Permits LADAC Allowed to Lapse**

As part of the annual renewal of kennel permits, LADAC performs inspections of the permitholders' facilities.  Petitioner/Plaintiff has held kennel permits for cats and dogs since 2011.  Those permits expire on September 2 every year, but LADAC has not performed its annual inspection prior to the expiration date of the permits ever.  In fact, in past years, LADAC has performed its annual inspection of Petitioner/Plaintiff's facility as late in the year as late December.

Petitioner/Plaintiff paid the requisite permit renewal fee on August 15, 2022 and her check was cashed by the County on August 23, 2022.  Attached hereto as Exhibit 1 is a true and correct copy of the check from Petitioner/Plaintiff to LADAC.  When LADAC had not contacted Petitioner/Plaintiff for an inspection by mid-October 2022, Petitioner/Plaintiff contacted LADAC to inquire about the inspection and was told by Eldridge that "…our business license inspectors are backlogged and *we don't anticipate being out for several weeks*."   Attached hereto as Exhibit 2 is a true and correct copy of the email exchange with Eldridge.  Petitioner/Plaintiff had no reason to disbelieve that statement at the time, based on past precedent.

"Equity does not wait upon precedent which exactly squares with the facts in controversy, but will assert itself in those situations where right and justice would be defeated but for its intervention." *Times Mirror Company v. Superior Court of Los Angeles County* (1935) 3 Cal. 2d. 309, 331.  The doctrine of equitable estoppel has roots in conscience and fair dealing.  Equitable estoppel requires four factors: (1) the party to be estopped must be apprised of the facts; (2) he must intend that his conduct shall be acted upon, or must so act that the party asserting the estoppel had a right to believe it was so intended; (3) the other party must be ignorant of the true state of facts; and (4) he must rely upon the conduct to his injury. *Kieffer v. Spencer* (1984) 153 Cal. App. 3d 954, 963.

1      In this case, LADAC personnel were 100% in control of the timing and facts of the

2 inspection of Petitioner/Plaintiff's facility and had all of the information needed to conduct the

3 inspection.  When Eldridge told Petitioner/Plaintiff on October 18, 2022 that LADAC inspectors

4 were backlogged and would conduct the inspection in "several weeks", Eldridge knew she was

5 lying, but Petitioner/Plaintiff had no way of knowing that at the time.  Because the annual

6 inspections were not conducted on time in previous years, Petitioner/Plaintiff had no reason to

7 believe that the inspection would be any different from previous years and she relied on

8 Eldridge's statement that the inspection would take place in several weeks. Petitioner/Plaintiff

9 took no further action to compel an inspection and issuance of the renewed permit because she

10 believed Eldridge.

11      LADAC must be estopped from intentionally allowing a kennel permit to expire through

12 its own conduct – failing to conduct timely facility inspections – to subsequently claim that a

13 permit is expired and refuse to return animals, or to take any other punitive action, based on its

14 own conduct.

15      **C. A TRO Should Be Granted Because LADAC Has No Legal Basis for**

16      **Continuing to Detain Petitioner/Plaintiff's Animals**

17      ***The language of PC §597.1 is <u>unambiguous</u> and <u>unconditional</u>*** and expressly provides

18 for pre-seizure and post-seizure hearings in connection with the seizure of animals.  The express

19 language of *PC §597.1(a)(1)* makes very clear that the seizure and impoundment of animals in

20 cases of suspected neglect was intended only to apply to "stray and abandoned animals".

21      Furthermore, several subsections of *PC §597*.1 make clear that the seizure and

22 impoundment of animals in such cases was not intended to permanently deprive the animal's

23 owner of possession and ownership of the animals and make direct reference to returning the

24 animals to their owner. *PC §597.1(f)(4), (h), (i), and (j).*

25      LADAC disregarded *PC §597.1* in its entirety when it seized Petitioner/Plaintiff's

26 animals alleging animal neglect.  As such, LADAC had no basis for the seizure of the animals

27 and, likewise, has no legal basis for the continued impoundment of Petitioner/Plaintiff's animals,

28

especially where LADAC will demand payment for daily "boarding" and other fees at rates they refuse to disclose and that will likely have no relationship to the actual cost of care of the animals they unlawfully seized.

**D. An Injunction Should Issue Where (1) the Applicant is Likely to Prevail on the Merits; and (2) the Applicant Will Suffer Irreparable Harm if Injunctive Relief is Denied**

A superior court must evaluate two interrelated factors when determining whether injunctive relief is appropriate: (1) the likelihood that the plaintiff will prevail on the merits at trial and (2) the harm that a plaintiff will likely sustain if an injunction is denied balanced against the possible harm the defendant would be likely to suffer if the preliminary injunction were issued. *Cohen v. Board of Supervisors* (2010) 40 Cal. 3d 277, 286. Weighing these factors lies within the broad discretion of the superior court. *Butt v. State of California* (1992) 4 Cal. 4th 668, 678.

**1. Petitioner is Likely to Prevail on the Merits at Trial Where the Law Clearly Requires LADAC to Comply with the Law Governing the Seizure of Animals in Cases Where Animal Neglect is Alleged**

As discussed above, and in more detail in the Petition for Writ of Mandate and Complaint for Damages pursuant to *42 U.S.S. §1983*, the continued impoundment of Petitioner/Plaintiff's animals where LADAC has ignored all of the hearing requirements of *PC §597.1* is unlawful and must be invalidated. The return of her animals to Petitioner/Plaintiff under the circumstances is a matter of black letter law, not subject to discretion.

**2. Petitioner Will Suffer Irreparable Harm If LADAC Does Not Return Her Animals Immediately as Required by Law**

Animals are unlike other types of property, in that they each have distinct characteristics. They cannot be replaced like a car or a sofa because each is unique and cherished for its individual qualities. Petitioner/Plaintiff has devoted decades of her life to rescuing discarded animals and has spent thousands of dollars to incorporate her rescue organization, and to construct buildings and other structures for housing the animals. She has spent countless hours

---

1  providing quality care for the animals at her facility.  So much so, that LADAC has rated her
2  facility "A" for years, even as recently as February 2022.

3      The disposition of the seized animals is unknown because LADAC refuses to disclose
4  the information.  LADAC has likely already killed some of the seized animals and will likely
5  begin transferring the animals to third parties, if it has not done so already.  Killing the animals
6  and/or transferring them to others would permanently deprive Petitioner/Plaintiff of her animals,
7  without affording her even a pretense of due process; no notice, no opportunity to be heard prior
8  to, or after the seizure.

9      "If denial of an injunction would result in great harm to the plaintiff, and the defendants
10  would suffer little harm if it were granted, then it is an *abuse of discretion* to *fail to grant* the
11  preliminary injunction." *Robbins v. Sup.Ct. (County of Sacramento)* (1985) 38 Cal. 3d 199, 205.
12  The County would not suffer any harm if injunctive relief is granted, because (1) LADAC would
13  have approximately 200 fewer animals to house and feed, freeing up space for other animals who
14  have the misfortune of ending up at an animal control facility; (2) LADAC would have to kill
15  fewer animals for lack of space; (3) LADAC would actually save money and resources by having
16  200 fewer animals to house and feed.

17      By contrast, if LADAC is not compelled to return her animals, Petitioner/Plaintiff will
18  be devastated.  Her rescue organization will cease to exist and she will have spent untold dollars
19  with no future in rescue.  There is nothing that can compensate her for the loss of her life's
20  passion if Petitioner/Plaintiff's animals are permanently taken from her.

21      It is clear that LADAC has no intention of providing a post-seizure hearing to determine
22  whether its seizure of the animals was valid, depriving Petitioner/Plaintiff of her only avenue to
23  due process at this point.  In any event, it is too late to convene a post-seizure hearing.  LADAC
24  has forfeited its only opportunity to deem its seizure valid, and has no legal grounds for continued
25  impoundment of the animals or to charge fees for said impoundment and seizure.

26      There is no remedy other than an injunction to prevent LADAC from unlawfully
27  continuing to withhold Petitioner/Plaintiff's animals that would redress the injury to

28

Petitioner/Plaintiff. "The court must exercise its discretion 'in favor of the party most likely to be injured'." *Robbins, supra,* at 205.

A TRO may issue when it appears from the facts shown by a verified complaint that great or irreparable injury will result to the applicant before the matter can be heard on notice. *Cal. Code of Civ. Proc. §527(c)(1).* An injunction may also issue when it appears the commission or continuance of some act during the litigation would produce waste, or great or irreparable injury, to a party to the action. *Cal. Code of Civ. Proc. §526(a)(2).*

The injury to Petitioner/Plaintiff began when LADAC seized and impounded her animals on October 26, 2022 and continues unabated as LADAC has failed to provide even minimal due process in the form of a hearing. The deprivation of her animals for so long has been hard enough for Petitioner/Plaintiff, but continued impoundment and permanent deprivation would be unbearable for Petitioner/Plaintiff and her rescue organization.

Nothing can bring back the time lost with her animals, but a temporary restraining order compelling the return of the animals would go a long way toward righting this wrong. An injunction compelling the return of Petitioner/Plaintiff's animals would further serve the public interest by discouraging LADAC from seizing and impounding people's animals in contravention of applicable law.

**E. A Temporary Restraining Order May Issue to Prevent Violation of the Rights of a Party in Litigation**

An injunction may be granted where it appears, during the litigation, that a party to the action is doing, or threatens, or is about to do, or is procuring or suffering to be done, some act in violation of the rights of another party to the action respecting the subject of the action and tending to render the judgment ineffectual. *Cal. Code of Civ. Proc. §526(a)(3).* The County and LADAC have already violated Petitioner/Plaintiff's rights by unlawfully continuing to withhold her animals from her and giving no indication that they intend to return them. In fact, LADAC has not provided any information about the animals at all.

At LADAC's facilities, Petitioner/Plaintiff's animals are being neglected, in violation of California animal cruelty statutes. California law, specifically, Penal Code §597t requires *every person* who keeps any animal in confinement, to provide an adequate exercise area for the animal. LADAC does not provide any exercise for what it calls "evidence" animals. They are confined in small cells, in isolation, 24 hours a day without any human or animal interaction or stimulation. The animals are deprived of any comfort and forced to live in concrete or metal enclosures in solitary confinement without any bedding, blankets or other creature comforts. The conditions in which they are maintained by LADAC would constitute animal cruelty in any other context and are detrimental to the animals' physical and mental well-being.

For the above reasons, a Temporary Restraining Order should be immediately issued to prevent further harm to Petitioner/Plaintiff and her animals and to compel the County to return the animals to Petitioner/Plaintiff immediately.

WHEREFORE Petitioner/Plaintiff prays for judgment against Respondents/Defendants as follows:

1. For an order requiring defendant to show cause, if any, why it should not be enjoined as set forth in this complaint during the pendency of this action;

2. For an order to LADAC to immediately return Petitioner/Plaintiff's animals to her unconditionally, without fees for impound/storage of the animals;

3. Issuance of an order prohibiting LADAC (or its agents) from making any disposition of the seized animals adverse to the interests of Petitioner/Plaintiff pending the resolution of this matter in its entirety; and

4. Issuance of an order prohibiting LADAC from demanding any payment as a condition or prerequisite for retaining ownership of the seized animals pending the resolution of this matter in its entirety.

Dated: December 6, 2022                    Respectfully Submitted,

                                By:    \s\ Marla Tauscher
                                       *Attorney for Petitioner/Plaintiff*
                                       *Julia Mildenberger*

# EXHIBIT 1

IMAGE DETAILS                                    Front | Back



**S.C. CAT ADOPTION TAILS, INC.**
P.O.BOX 922754
SYLMAR, CA 91392
PH. 818-943-1601

90-7182/3222                    R22-017430                    1629

DATE 8/15/22

PAY
TO THE
ORDER OF   LA County Animal Care + Control              $ 350⁰⁰

Three Hundred & Fifty                                    DOLLARS

CHASE BANK
SYLMAR FINANCIAL CENTER 3322
13750 FOOTHILL BLVD.
SYLMAR, CA 91342

B21-2167 CK
B21-2167 DK

MEMO _____                        AUTHORIZED SIGNATURE

⑈⑉0001629⑈⑉  ⑆



IMAGE DETAILS

Front | Back

ENDORSE HERE

**PAY TO THE ORDER OF**
**BANK OF AMERICA**
**122000661**
**FOR DEPOSIT ONLY**
**ANIMAL CARE AND CONTROL**
**ADMINISTRATION 01**
**1459480306**

Seq: 191
Batch: 065995
Date: 08/23/22

Seq:001191 08/23/22
BAI:065995 CC:3160000015
WI:01 LTPS:Callas PT
BC:Carmenita-Telegraph BC CA2-145

Red鍵 design is a certification mark of the Check
Payment Systems Association
Warning
Absence of the following Security Features may indicate alteration

*FEDERAL RESERVE BOARD OF GOVERNORS REG CC

# EXHIBIT 2

**Marla Tauscher**

| | |
|---|---|
| **From:** | Lisa Eldridge <LEldridge@animalcare.lacounty.gov> |
| **Sent:** | Tuesday, October 18, 2022 12:55 PM |
| **To:** | Marla Tauscher |
| **Cc:** | Harold Holmes |
| **Subject:** | Re: SCCA Permit |

Hello Marla,

I apologize for the delay, our business license inspectors are backlogged and we don't anticipate being out for several weeks. I apologize for the inconvenience.

Lisa Eldridge
County of Los Angeles
DACC - Public Safety Division Manager
31044 Charlie Canyon Road
Castaic, Ca 91384
661-257-3191
Sent from Outlook Mobile

**From:** Harold Holmes <HHolmes@animalcare.lacounty.gov>
**Sent:** Tuesday, October 18, 2022 12:49 PM
**To:** Marla Tauscher <marla@attymat.com>
**Cc:** Lisa Eldridge <LEldridge@animalcare.lacounty.gov>
**Subject:** RE: SCCA Permit

Good afternoon Ms. Tauscher,

I am copying Lisa Eldridge on this response because she will better be able to answer your question and make arrangements to move things along.  Thank you for your understanding.

Sincerely,

Harold W. Holmes
*He, him, his*
Executive Assistant
County of Los Angeles
Department of Animal Care and Control
5898 Cherry Avenue
Long Beach, CA 90805
Tel (562)256-1362/Fax(562)422-3408
hholmes@animalcare.lacounty.gov

  

1

**126**



Confidentiality Notice: This e-mail message, including any attachments, is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure, or distribution is prohibited. If you are not the intended recipient(s), or designated agent, please contact the sender by reply e-mail and destroy all copies of the original e-mail.

**From:** Marla Tauscher <marla@attymat.com>
**Sent:** Tuesday, October 18, 2022 11:44 AM
**To:** Harold Holmes <HHolmes@animalcare.lacounty.gov>
**Subject:** SCCA Permit

CAUTION: External Email. Proceed Responsibly.

Hi Harold,

My client, Julia Mildenberger, had a hearing with you and Lisa Eldridge and me on April 26, 2022. We agreed that LADACC would conduct their inspections on Wednesdays or Fridays so that Ms. Mildenberger could make sure she is there when officers arrive. She has paid the annual renewal fee for her kennel permit as of September 2, 2022, but there has been no permit issued, because no one has come to conduct an inspection or contacted her about it.

She is available on Wednesdays and Fridays and would like to have the inspection done so she doesn't have to wait around on those days indefinitely. Is there a way to get the inspection done and the permit reissued?

Thanks,

Marla

*Marla Tauscher*
*Attorney at Law*
*225 S. Lake Ave., Ste. 300*
*Pasadena, CA 91101*

*Phone: (626) 345-5777*
*Cell: (760) 534-3143*
*e-Fax: (760) 444-2742*
*www.attymat.com*

*****************************************************************************************
*******************************************************************
This message and any files transmitted with it are confidential and may contain attorney-client privileged information. These materials are for the sole use of the intended recipient. If you are not the intended recipient, any use, distribution, or disclosure of this transmission or any information contained therein is prohibited. If you have received this message in error, please notify the sender immediately.

## DECLARATION OF JULIA MILDENBERGER

I, Julia Mildenberger, declare under oath:

1.     I am the founder of Southern California Cat Adoption Tails (hereinafter "SCCAT"), a non-profit animal rescue organization that I started in 2006.

2.     I am the Petitioner/Plaintiff in the present case, No. STCP04242, and the custodian of the animals that are the subject of this litigation in my individual capacity and owner of the animals as CEO of the rescue organization.

3.     I have first-hand, personal knowledge of the facts set forth in this declaration, and if called and sworn as a witness, I would testify competently to them.

4.     SCCAT has saved the lives of thousands of animals in the sixteen years it has been in operation.

5.     SCCAT and myself have held animal facility permits, aka "kennel permits" issued for cats and dogs by the Los Angeles County Department of Animal Control (hereinafter "LADAC") since I moved SCCAT to my current location in Littlerock, California, in 2011. Attached hereto as Exhibit 1 is a true and correct copy of the kennel permits for September 2021-2022.

6.     The kennel permits are renewed annually, subject to inspection by LADAC personnel.

7.     Every year since the permits were issued in 2011, LADAC has given SCCAT facilities a grade of "A" following inspections *by their own personnel*. *See* Exhibit 2 to Petition and Complaint.

8.     In mid-August 2022 I paid LADAC the annual fees for the kennel permits and LADAC cashed my check on August 23, 2022. *See* Exhibit 1 to *Ex Parte* Application for a Temporary Restraining Order.

9.     Every year, LADAC personnel conduct a physical inspection of the animal facilities on my property as a condition of renewal of the kennel permits they issue in both my name and the name of the rescue, SCCAT.

10.     The kennel permits are valid through September 2 every year, but LADAC has never conducted an inspection *prior to the permits' expiration date*, citing personnel shortages.

11.     In fact, LADAC personnel have conducted annual renewal inspections as late as December in some years.

12.     Because there had been no attempt by LADAC to contact me or to perform their annual inspection by mid-October 2022, I asked my attorney, Marla Tauscher, to inquire about the inspection so that the renewed kennel permits could be issued.

13.     On October 18, 2022, Ms. Tauscher, forwarded to me a copy of an email she sent that day to Harold Holmes, Executive Assistant for LADAC to try to facilitate the annual inspection. Mr. Holmes forwarded counsel's email to Lisa Eldridge, LADAC Public Safety Division Manager, who falsely stated that the LADAC inspectors were backlogged and that they would not be able to conduct an inspection of my facility for several weeks. *See* Exhibit 2 to *Ex Parte* Application for a Temporary Restraining Order and Exhibit 3 to *Petition for Writ of Mandate and Complaint for Damages pursuant to 42 U.S.C. §1983.*

14.     Early on the morning of October 26, 2022, I went to the LADAC Palmdale facility to drop off some feral cats to be spayed and neutered, as part of a system of caring for feral cats called Trap-Neuter-Return, or TNR. Feral cats can be very resistant to domestication, and are best handled by sterilization and return to the location they were found.

15.     I arrived back at my property at 7:50 a.m.

16.     After I pulled into my driveway, as I was closing the gates, I was accosted by 10-12 Los Angeles County Sheriff deputies in full riot gear, many of whom had their guns unholstered and in their hands.

17.     The sheriff deputies ordered me to step off my property and locked me in the back seat off a patrol car for an hour and a half.

18.     Sheriff deputies refused to tell me why they were at my property and what was happening, despite my asking several times.

19.     After a few hours, a deputy told me the sheriff deputies were there at the request of LADAC who was seizing all the animals on the property.

129

20.     I was not made aware that there was a search warrant until nearly 4:00 p.m., when someone from LADAC handed me a copy of the search warrant, as they were leaving my property.

21.     Since the seizure of the animals from my property, I have had no further contact with LADAC.  There has been no attempt by LADAC to personally serve me, or post notice of my right to a post-seizure hearing pursuant to *California Penal Code §597.1*.

22.     I have devoted decades of my life to rescuing animals.

23.     I have spent thousands of dollars and countless hours caring for unwanted and abandoned animals.

24.     I have spent hundreds of thousands of dollars on improvements to my real property, building kennels and other structures to house animals.

25.     I formed a California nonprofit corporation and obtained tax exempt status pursuant to section 501(c)(3) of the Internal Revenue Code for the sole purpose of operating an animal rescue organization.

26.     I obtained the necessary permits/licenses from LADAC to operate an animal facility at my property in Littlerock, CA.

27.     I will suffer irreparable harm if my animals are not returned to me, particularly if they are killed or transferred to third parties.

28.     Without the animals, my rescue organization will cease to exist, as will my life's mission to provide housing, care, and comfort for defenseless animals.


I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.


Executed this 6th of December, 2022 at Littlerock, California.


Julia Mildenberger

130

# EXHIBIT 1

This license must be clearly visible to the general public and to patrons entering the facility as defined in Los Angeles County Code Title 10 Section 10.28.280.

## COUNTY LICENSE

No. **B21-2167DK**

COUNTY OF LOS ANGELES – STATE OF CALIFORNIA

THE LICENSEE NAMED HEREON HAS PAID TO THE UNDERSIGNED TAX COLLECTOR THE AMOUNT SHOWN AND IS HEREBY LICENSED, UNDER PROVISIONS OF TITLE 10, FOR THE PERIOD EXPIRING ON THE DATE SHOWN TO CARRY ON BUSINESS OR OCCUPATION OR MAINTAIN THE ANIMAL SPECIFIED, AT THE LOCATION SHOWN. THIS LICENSE IS SUBJECT TO ANY SPECIAL CONDITIONS SHOWN AND IS VALID ONLY IN THE UNINCORPORATED TERRITORY OR IN CONTRACTING CITIES OF LOS ANGELES COUNTY.

| LICENSE FEE | $ 175.00 | TOTAL | $ 175.00 | DATE OF ISSUE | 9/2/2021 | DATE OF EXPIRATION | 9/2/2022 |

HUMANE ORGANIZATION
CONDITION/LIMITATION APPLY

SOUTHERN CALIFORNIA CAT ADOPTION
JULIA MILDENBERGER
35762 80TH EAST ST
LITTLEROCK, CA  93543

Facility Inspection grade:  **A**

**COUNTY TAX COLLECTOR**
and Ex-officio County License Collector

**MARCIA MAYEDA**
DIRECTOR OF ANIMAL CONTROL

A4751942

By _____ **JAIME PALAFOX** _____

LICENSEE LOCATION – BUSINESS OR TYPE ANIMAL

**THIS LICENSE IS NOT TRANSFERABLE**

Rev. A – 05/03/10

132

This license must be clearly visible to the general public and to patrons entering the facility
as defined in Los Angeles County Code Title 10 Section 10.28.280

## COUNTY LICENSE

No. B21-2167CK

COUNTY OF LOS ANGELES -- STATE OF CALIFORNIA

THE LICENSEE NAMED HEREON HAS PAID TO THE UNDERSIGNED TAX COLLECTOR THE AMOUNT SHOWN AND IS HEREBY LICENSED, UNDER PROVISIONS OF TITLE 10, FOR THE PERIOD EXPIRING ON THE DATE SHOWN TO CARRY ON BUSINESS OR OCCUPATION OR MAINTAIN THE ANIMAL SPECIFIED, AT THE LOCATION SHOWN. THIS LICENSE IS SUBJECT TO ANY SPECIAL CONDITIONS SHOWN AND IS VALID ONLY IN THE UNINCORPORATED TERRITORY OR IN CONTRACTING CITIES OF LOS ANGELES COUNTY.

| LICENSE FEE | $ 175.00 | TOTAL | $ 175.00 | DATE OF ISSUE | 9/2/2021 | DATE OF EXPIRATION | 9/2/2022 |

HUMANE ORGANIZATION
CONDITION/LIMITATION APPLY

SOUTHERN CALIFORNIA CAT ADOPTION
JULIA MILDENBERGER
35762 80TH EAST ST
LITTLEROCK, CA 93543

COUNTY TAX COLLECTOR
and Ex-officio County License Collector

MARCIA MAYEDA
DIRECTOR OF ANIMAL CONTROL

Facility Inspection grade: A

A4751940

By        JAIME PALAFOX

LICENSEE LOCATION -- BUSINESS OR TYPE ANIMAL

Rev. A -- 05/03/10

THIS LICENSE IS NOT TRANSFERABLE

## DECLARATION OF MARLA TAUSCHER

I, Marla Tauscher, declare under oath:

1.      I am an attorney duly licensed and admitted to practice law in the State of California.

2.      I am the attorney of record for Petitioner/Plaintiff Julia Mildenberger in the present case, No. 22STCP04242.

3.      I have first-hand, personal knowledge of the facts set forth in this declaration, and if called and sworn as a witness, I would testify competently to them.

4.      On December 2, 2022, I filed a Verified Petition for Writ of Mandate and Complaint for damages pursuant to 42 U.S.C. §1983 seeking the immediate return of animals seized from Petitioner/Plaintiff by Los Angeles County Department of Animal Control (hereinafter "LADAC") on October 26, 2022 from Petitioner/Plaintiff's residence.

5.      On November 2, 2022, I went to the Michael Antonovich Antelope Valley Courthouse (hereinafter "Lancaster Courthouse") to file a *Nonstatutory Motion for Return of Property* in the Criminal Division, but the clerks refused to file the motion because there was no case number because Petitioner/Plaintiff has not been charged with any crimes.

6.      I filed such a motion in the criminal division of the Central Courthouse in San Bernardino County, under similar circumstances, on April 26, 2022 which was assigned a temporary case number and set for a hearing.

7.      On November 4, 2022, Petitioner/Plaintiff filed a *Petition for Writ of Mandate and Complaint pursuant to 42 U.S.C. §1983.*

8.      When I realized that there was an error in the filing, I contacted Lancaster Court on November 7, 2022 to request the filing be rejected.

9.      I re-submitted the *Petition and Complaint* with the Lancaster Court on November 7, 2022. The Lancaster Court waited three (3) weeks to reject the filing, on the basis that

10. **Three weeks later,** on November 28, 2022, I received notice from Lancaster Courthouse that the filing was rejected because 2 of the documents were not text searchable. Attached hereto as Exhibit 1 is a true and correct copy of the notice from Lancaster Courthouse.

11. I converted the documents to text searchable documents and re-submitted them on the same day, November 28, 2022.

12. On December 1, 2022, I again was notified by clerks at Lancaster Courthouse that the filing was rejected, that time citing incorrect court district/location, among other things. Attached hereto as Exhibit 2 is a true and correct copy of the notice from Lancaster Courthouse.

13. On December 1, 2022, I corrected the filings and re-submitted them to the Stanley Mosk Courthouse which accepted the filings within approximately two (2) hours of submission.

14. On December 6, 2022, the Petitioner/Plaintiff served Respondent/Defendant County of Los Angeles by personal service on the clerk of the board of supervisors with a Summons, Verified Petition for Writ of Mandate and Complaint, Request for Judicial Notice, Civil Case Cover Sheet, and other case commencement documents.

15. On December 7, 2022, at 8:36 a.m., I telephoned David Beaudet, deputy county counsel for the County of Los Angeles at his office number: (213) 974-1929, the telephone number on his outgoing emails to notify him of my intent to appear *ex parte* in Dept. 85 of Stanley Mosk Courthouse on December 8, 2022 at 8:30 a.m. seeking the return of animals to Julia Mildenberger.

16. On December 7, 2022, at 9:03 a.m. I transmitted to Mr. Beaudet an email notice of my intent to appear ex parte for an application for a temporary restraining order with copies of the *Ex Parte* Application for a Temporary Restraining Order and Proposed Order.

17. In both my voicemail and email messages, I requested that Mr. Beaudet inform me as to whether someone intends to appear on Thursday, December 8, 2022 at 8:30 a.m. in Department 85 of the Stanley Mosk Courthouse to oppose the Ex Parte Application for TRO.

---

DECLARATION OF MARLA TAUSCHER ISO
*EX PARTE* APPLICATION FOR TRO

18.     I received an email from Mr. Beaudet at 9:20 a.m. informing me that he had forwarded the notice of ex parte hearing to his colleagues, Armita Radjabian and Jill Williams. but did not indicate whether he, or anyone else, intends to appear on December 8, 2022 to oppose Petitioner's ex parte application for a TRO.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed this 7th day of December, 2022 at Pasadena, California.

Marla Tauscher

# EXHIBIT 1

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**
**Branch Name:** Michael Antonovich Antelope Valley Courthouse
**Mailing Address:**
**City, State and Zip Code:**

| | |
|---|---|
| **SHORT TITLE:** JULIA MILDENBERGER vs COUNTY OF LOS ANGELES | **CASE NUMBER:** |
| **NOTICE OF COURT REJECTION OF ELECTRONIC FILING** | |

The electronic filing described by the summary data below was reviewed and rejected by the Superior Court of California, County of LOS ANGELES.

**E-Filing Summary Data**
Electronically Submitted By:   Green Filing
Transaction Number: 22LA01408918
Court received Date: 11/07/2022
Court received Time: 2:50 pm
Notice Generated Date: 11/28/2022
Notice Generated Time: 8:31 am

**Documents Electronically Rejected**

Petition (name extension)
Civil Case Cover Sheet
Civil Case Cover Sheet
Request (name extension)
Ex Parte Application (name extension)

**This electronic filing was rejected based on the following reason(s)**
Reject Reason Other: The Petition PDF is non searchable.  Please resubmit in a searchable PDF. Thanks

# EXHIBIT 2

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**
**Branch Name:** Michael Antonovich Antelope Valley Courthouse
**Mailing Address:**
**City, State and Zip Code:**

| SHORT TITLE: JULIA MILDENBERGER vs COUNTY OF LOS ANGELES | CASE NUMBER: |
|---|---|
| **NOTICE OF COURT REJECTION OF ELECTRONIC FILING** | |

The electronic filing described by the summary data below was reviewed and rejected by the Superior Court of California, County of LOS ANGELES.

**E-Filing Summary Data**
Electronically Submitted By:  Green Filing
Transaction Number: 22LA01498310
Court received Date: 11/28/2022
Court received Time: 12:56 pm
Notice Generated Date: 12/01/2022
Notice Generated Time: 9:04 am

**Documents Electronically Rejected**

Petition (name extension)
Civil Case Cover Sheet
Civil Case Cover Sheet
Request (name extension)
Ex Parte Application (name extension)
Summons

**This electronic filing was rejected based on the following reason(s)**
Reject Reason: Incorrect case category and/or case type selected.
Reject Reason: Incorrect Court District/Court Location.
Reject Reason: Incorrect filing code selected.
Reject Reason Other: CM-010 and LASC CIV 109 must be submitted together.  Ex Parte document must be submitted after case number is obtained. Make sure that case type conforms to case information screen, CM-010, & LASC CIV 109.